**Paul D. Polidoro (admitted pro hac vice)**
**Watch Tower Bible and Tract Society**
**of Pennsylvania, Legal Department**
**100 Watchtower Drive**
**Patterson, NY 12563**
**ppolidor@jw.org**
**Tel.: (845) 306-1000**
**Fax: (845) 306-0709**
**Anthony V. Smith (SBN 124840)**
**Law Office of Anthony V. Smith**
**204 East Second Avenue, #331**
**San Mateo, CA 94401-3904**
**Telephone: 650-548-0100**
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| In Re DMCA Subpoena to Reddit, Inc. | : | CASE NO.  3:19-mc-80005-SK |
|  | : |  |
|  | : | Watch Tower Bible and Tract Society of Pennsylvania's Opposition to Darkspilver's Motion to Quash Subpoena to Reddit, Inc. Pursuant to 17 U.S.C. § 512(h) to Identify Alleged Infringer |
|  | : |  |
|  | : | APPEARANCE DATE: 5/6/2019 |
|  |  | TIME: 11:00 AM |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................... 2

III. STATEMENT OF RELEVANT FACTS ............................................................ 2

IV. ARGUMENT .......................................................................................................... 5

    A. There Is No Right to Anonymously Infringe Copyrighted Works. ............................. 5

    B. Advocates who are Not Citizens or Residents of the United States and Who are Not Physically Present in the United States Do Not Have First Amendment Rights. ..................................................................................................................... 6

    C. Darkspilver's Motion to Quash is Time-Barred. ........................................................ 8

    D. Darkspilver Has Not Satisfied His Burden of Proof on His Motion to Quash. ........... 9

    E. Watch Tower Is Entitled to Compliance With the DMCA Subpoena. ...................... 12

    F. An Evaluation of Fair Use At This Stage Would Be Premature. .............................. 15

V. CONCLUSION ....................................................................................................... 18

ii

# TABLE OF AUTHORITIES

## Cases

*AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No. 2:16-mc-0145 KJM AC, 2016 WL 5469257, 2016 U.S.Dist. Lexis 134879 (E.D.Cal. Sept. 28, 2016) ............................................ 8

*Arista Records LLC* v. *Doe*, 604 F.3d 110 (2d. Cir. 2010) .................................... 5, 6

*Ass'n of Am. Med. Colleges* v. *Cuomo*, 928 F.2d 519 (2d Cir. 1991) ......................................... 18

*Authors Guild* v. *Google,* 804 F.3d 202 (2d Cir. 2015) ........................................................... 16

*Campbell* v. *Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ........................................... 16

*Cont'l Cas. Co.* v. *Beardsley*, 253 F.2d 702 (2d Cir. 1957) ........................................... 17

*Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) ........................................... 16, 18

*Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 WL 5443036, 2013 U.S. Dist. LEXIS 142335 (N.D.Cal. Sept. 30, 2013) ........................................... 8

*Edwin K. Williams & Co.* v. *Edwin K. Williams & Co. – East,* 542 F.2d 1053 (9th Cir. 1976) ........................................... 17

*Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607 (S.D.N.Y 2006) ........................... 8

*Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ........................................... 17

*Fourth Estate Pub. Ben. Corp.* v. *Wall-Street.com, LLC,* 139 S.Ct. 881 (2019) ........................ 14

*Freed* v. *Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, U.S. Dist. Lexis 23736 (S.D.Cal. Feb. 13, 2019) ........................................... 9

*Harper & Row* v. *Nation Enterprises*, 471 U.S. 539 (1985) .................................... 5, 6

*Highfields Capital Mgmt. L.P.* v. *Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004) .................. 13, 15

*In re Automobile Antitrust Cases I&II,* 135 Cal. App. 4th 100 (Ct. of Appeal of Cal., 1st App. Dist., Div. 4, Dec. 22, 2005) ........................................... 9

*Johnson* v. *Eisentrager*, 339 U.S. 763 (1950) ........................................... 6

*Kregos* v. *AP*, 937 F.2d 700 (2d. Cir. 1991) ........................................... 17

*Patrick Collins, Inc.* v. *Doe*, No. C 11-2766 MEJ, 2011 WL 4407172 (N.D. Cal. Sept. 22, 2011) ........................................... 8

*Sam Andrews' Sons* v. *Mitchell*, 457 F. 2d. 745 (9th Cir. 1972) ........................................... 7

*Seltzer* v. *Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013) ........................................... 17

*Signature Mgmt, LLC* v. *Automattic, Inc.,* 941 F. Supp. 2d 1145 (N.D.Cal. 2013) ..... 5, 8, 12, 13

*Sony Music Entm't, Inc.* v. *Doe*, 326 F. Supp. 2d. 556 (S.D.N.Y. 2004) ................................... 12

*U.S.* v. *Verdugo-Urquidez*, 494 U.S. 259 (1990).................................................................. 6, 7

*UMG Recordings, Inc*. v. *Augusto*, 628 F.3d 1175 (9th Cir. 2011)......................................... 13

*United States* v. *18 Packages of Magazines*, 238 F. Supp. 846 (N.D.Cal. 1964)...................... 10

*Universal City Studios, Inc.* v. *Reimerdes,* 82 F.Supp.2d 211 (S.D.N.Y.2000) ......................... 6

*Watchtower Bible & Tract Soc'y of New York, Inc.* v. *Vill. of Stratton*, 536 U.S. 150
    (2002)................................................................................................................................. 1

**Statutes**

17 U.S.C. § 107.......................................................................................................... 16, 17, 18

17 U.S.C. § 501................................................................................................................ 12, 13

17 U.S.C. §512............................................................................................................ 13, 14, 16

**Other Authorities**

Fed. R. Civ. P. 45 Advisory Committee's Note ........................................................................ 8

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 16

Fed. R. Civ. P. 45 ............................................................................................................... 8, 16

**Constitutional Provisions**

Article 1, Section 8 ................................................................................................................... 5

## I. INTRODUCTION

To defeat the clear intent of the law protecting copyright holders, Darkspilver attempts to convert this intellectual property matter into a religious dispute by seeking refuge behind the First Amendment's freedom of speech protections.  This case is not about suppressing Darkspilver's public criticism.  He can say whatever he desires.  However, he cannot infringe Watch Tower's intellectual property in the process.

For years Darkspilver has been discussing and debating "matters related to the Jehovah's Witnesses freely and openly with people who have a wide range of views."  D.E. 8-1 at 2:25-26.  Watch Tower never took any legal action against his years of voicing "disagreement or doubts" about Jehovah's Witnesses' "teachings and practices".  *Id.* at 2:12, 15.  However, when he chose to infringe upon Watch Tower's intellectual property, he triggered legal protections accorded copyright owners.  Darkspilver now seeks the right to anonymously infringe that property.  If he prevails, he will effectively be immunized from all future copyright infringements.  Further, all other users within this Court's jurisdiction could similarly thwart the plain intent of the Copyright Act by contending they too have a fear of reprisal.  Thus, Watch Tower would be stripped of its intellectual property rights in all such cases.

Darkspilver would have this Court believe that Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "Watch Tower")[1] has undertaken a witch hunt targeting the free speech of the entire community of former and current Jehovah's Witnesses who criticize the Jehovah's Witnesses religion using the Reddit service.  Yet, of the 34.1 *thousand* members of the r/exjw subreddit forum to which Darkspilver subscribes, only Darkspilver and one other Reddit subscriber are the subjects of Watch Tower subpoenas to Reddit, Inc.  This is because

---

[1] Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") is simply the corporate copyright holder for the publications at issue. Watch Tower does not supervise or direct the activities of Jehovah's Witnesses or congregations of Jehovah's Witnesses.  Watchtower Bible and Tract Society of New York, the entity involved in *Watchtower Bible & Tract Soc'y of New York, Inc.* v. *Vill. of Stratton*, 536 U.S. 150 (2002),  coordinated the preaching activities of Jehovah's Witnesses in the United States at the time of that litigation.

1

only Darkspilver and one other subscriber are accused of infringing Watch Tower's copyrighted works.  If the Court denies Darkspilver's Motion to Quash, it will send no other message than this: You can criticize Watch Tower as much as you want, as long as you do not infringe their copyrights.

By way of a time-barred Motion to Quash, Darkspilver seeks to shield admitted infringement of Watch Tower's copyrighted works by invoking First Amendment rights to which he is not entitled, in a court that, by his own admission, does not have the requisite personal jurisdiction to adjudicate the copyright infringement claim.  Under the cloak of fair use, Darkspilver's untimely Motion to Quash also invites this Court to foreclose copyright protection to all non-commercial works.  Should the Court accept this invitation, it would essentially write non-commercial creative works out of the Copyright Act (17 U.S.C. § 100, et seq.) altogether.  Watch Tower respectfully urges the Court to honor Article 1, Section 8 of the U.S. Constitution and the Digital Millennium Copyright Act (17 U.S.C. § 512) and deny Darkspilver's Motion to Quash.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in the present matter are: 1) whether the First Amendment right to anonymity protects copyright infringement in this instance; 2) whether a non-resident foreign national with no presence in the United States is protected by the First Amendment; 3) whether Darkspilver's Motion to Quash  is time-barred;  4) whether Darkspilver as the movant has satisfied his burden of proof on his Motion to Quash; 5) whether Watch Tower is entitled to compliance with the DMCA subpoena; and 6) whether an evaluation of the Fair Use affirmative defense is appropriate at this stage.

## III. STATEMENT OF RELEVANT FACTS

Darkspilver reproduced and displayed several copyright-protected works owned by Watch Tower on the r/exjw subreddit.  One of the copyrighted works reproduced and displayed

by Darkspilver on the r/exjw subreddit was an article titled "What Gift Can We Give to Jehovah?" that was published on JW.ORG[2] and that also appeared on the back cover of the November 2018 issue of *The Watchtower* (hereinafter the "Article"). *See* Declaration of Paul D. Polidoro, dated April 9, 2019 (hereinafter "Polidoro Decl.") at ¶2. This infringement was reported to Reddit, Inc. on December 19, 2018. *Id.* at ¶4. On December 19, 2018, Watch Tower also reported the infringement of an internal document not intended for wide-spread public dissemination titled C-5829Ca (hereinafter the "Chart"). *Id.*

Watch Tower conducted a good faith fair use analysis of several uses of Watch Tower's copyrighted works by u/Darkspilver on the r/exjw subreddit forum. *See* Polidoro Decl., at ¶3. Watch Tower concluded that the two infringements reported to Reddit, Inc. on December 19, 2018 did not constitute fair use of Watch Tower's copyrighted works. *Id.* While these are the only two infringements that were reported to Reddit, Inc., the two infringements that are the subject of the underlying subpoena do not constitute the universe of copyright infringements of Watch Tower's works by Darkspilver on Reddit's site. *Id.* at ¶4.

As of April 9, 2019, there are 34.1 thousand reported subscribers to the "r/exjw" subreddit community. *See* Polidoro Decl. at ¶ 6, Exhibit A. Watch Tower has issued DMCA-compliant notices of infringement reporting copyright infringement by a total of two of these subscribers because Watch Tower became aware that these two subscribers infringed Watch Tower's copyrighted works. *Id.* at ¶ 6.

Darkspilver's speech was of no interest to Watch Tower until that speech turned from critique to copyright infringement. Polidoro Decl. at ¶ 6. Darkspilver openly admits conduct that satisfies all of the elements of a prima facie case of copyright infringement. *See* Declaration of John Doe (Darkspilver) in Support of Motion to Quash Watchtower [*sic*] Bible &

---

[2] Available at: https://www.jw.org/en/publications/magazines/watchtower-study-november-2018/gift-we-can-give-to-jehovah/#?insight[search_id]=67011f2d-cb71-44b8-8086-ad0552952627&insight[search_result_index]=8 (last viewed: April 8, 2019)

Tract Society Inc.'s Subpoena to Reddit, Inc. Seeking Identityifying [*sic*] Information (hereinafter "Darkspilver Decl.") at ¶¶8, 10.

Darkspilver's claim that honoring the DMCA's subpoena provision (17 U.S.C. § 512(h)) will have a chilling effect on free speech is belied by the statements of several members of the r/exjw subreddit community.  In response to the filing of Darkspilver's Motion to Quash, members of the Ex-JW subreddit forum posted messages such as:

- "LMAO. 'chilling effect' my a$$. We're always gonna fight, and always gonna actually unconditionally support and defend our brethren that fight in enemy territory" –u/Mindless Reception (Mar. 26, 2019); and
- "Good luck shutting us all up." – u/TheGreatFraud (Mar. 27, 2019).

*See* Polidoro Decl., Ex. B.  Members of the community have also started to counsel the r/exjw subreddit community on how to use Watch Tower's intellectual property or get away with blatant infringement of it stating,

> a general tip would be not to publish anything on social media that is a leak or unpublished work of watchtower. or (*sic*) if you are doing that it must be done from a neutral ip address and vpn. . . . to remove any danger of being outed take privacy steps or don't use their stuff. – u/kevinmcfree (Mar. 30, 2019)

*See* Polidoro Decl., Ex. B.

Darkspilver's claim of a chilling effect on the speech of the Reddit community is further belied by the increase in the size of the community.  In November 2018, before the present subpoena was issued to Reddit, Inc. there were approximately 29 thousand members of the r/exjw subreddit community.  *See* Polidoro Decl., Ex. C.  As of April 9, 2019, the r/exjw subreddit now has 34.1 thousand subscribers.  *See* Polidoro Decl., Ex. A

Only 2,869 of the 34,100 subscribers to the r/exjw subreddit have contributed to the map cited by Darkspilver that purports to show the alleged location of r/exjw subreddit community members.  *See* Polidoro Decl., Exhibit D.  Of that number, no more than 1,944 community

4

subscribers *claim* to reside in the United States. *Id.*

Watch Tower is not Darkspilver's local church and has no ability to excommunicate him from his local congregation of Jehovah's Witnesses. *See* Polidoro Decl., at ¶10. Not a single person that has been the subject of a Watch Tower-sought DMCA subpoena has been excommunicated from their local church as result of Watch Tower obtaining their identity from a DMCA subpoena. *Id.* Watch Tower has never publicly disclosed the names of the individuals who were the subject of DMCA subpoenas. *Id.* Some of the subjects of Watch Tower's DMCA subpoenas who were active Jehovah's Witnesses before they became the subject of a Watch Tower DMCA subpoena, remained active Jehovah's Witnesses after Watch Tower received identifying information about them. *Id.*

## IV. ARGUMENT

### A. There Is No Right to Anonymously Infringe Copyrighted Works.

Were this case to be viewed through the prism of the United States Constitution, the appropriate starting point would be Article 1, Section 8 Congressional power "[t]o promote the Progress of Science and useful arts, by securing for limited Times to Authors…the exclusive Right to their respective Writings." As the United States Supreme Court observed "the Framers intended copyright itself to be the engine of free expression." *Harper & Row* v. *Nation Enterprises*, 471 U.S. 539, 558 (1985).

To subvert the well-established Congressional protections accorded copyrights, Darkspilver asserts the right of anonymous speech. In so doing, he ignores the fact that the U.S. Supreme Court, in addition to courts in both the Ninth and Second Circuits, recognize that "[t]he right to anonymous speech is not absolute." *Signature Mgmt., LLC* v. *Automattic, Inc.*, 941 F. Supp. 2d 1145, 1154 (N.D. Cal. 2013) (denying a pseudonymous infringer's Motion to Quash DMCA subpoena). "The First Amendment does not . . . provide a license for copyright infringement." *Arista Records, LLC* v. *Doe*, 604 F.3d 110, 118 (2d. Cir. 2010) *citing Harper &*

*Row Publishers,* 471 U.S. at 555-57, 569.  "Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."  *Arista Records LLC*, 604 F.3d at 118; *see also Universal City Studios, Inc.* v. *Reimerdes,* 82 F.Supp.2d 211, 220 (S.D.N.Y.2000) (the "Supreme Court ... has made it unmistakably clear that the First Amendment does not shield copyright infringement").

***B. Advocates who are Not Citizens or Residents of the United States and Who are Not Physically Present in the United States Do Not Have First Amendment Rights.***

Assuming, *arguendo*, that the right of anonymous speech is properly presented in this case, Darkspliver does not have standing to assert it.  He is neither a citizen nor a resident of the United States, and is not present in the United States.  Were his position upheld, every person on the planet would be granted the right to assert similar constitutional rights in federal court. The Supreme Court has given no such elasticity to non-resident foreign nationals with no physical presence in the United States.

Attempts by non-resident foreign nationals to assert constitutional rights are not new and have been repeatedly rejected by the Supreme Court.  In *Johnson* v. *Eisentrager*, foreign nationals arrested in China and imprisoned in Germany after World War II attempted to "obtain writs of habeas corpus in our federal courts on the ground that their convictions for war crimes had violated the Fifth Amendment and other constitutional provisions."  *U.S.* v. *Verdugo-Urquidez*, 494 U.S. 259, 269 (1990) *citing Johnson* v. *Eisentrager*, 339 U.S. 763 (1950).  The Court's "rejection of extraterritorial application of the Fifth Amendment was emphatic."  *Id.* The Court stated,

> Such extraterritorial application of organic law would have been so significant an innovation in the practice of governments that, if intended or apprehended, it could scarcely have failed to excite contemporary comment. Not one word can be cited. *No decision of this Court supports such a view. None of the learned commentators on our Constitution has even hinted at it.  The practice of every modern government is opposed to it.*

*Id.*  (emphasis added)(citation omitted).

6

In *U.S.* v. *Verdugo-Urquidez*, a foreign national who was arrested in Mexico and then extradited to the United States claimed Fourth Amendment protection when his home in Mexico was searched. *Id.* The defendant in that case pointed to a string of Supreme Court cases providing constitutional protections for foreign nationals. *Id.* at 271. Yet, the *Verdugo-Urquidez* Court noted, "These cases . . . establish only that aliens receive constitutional protections *when they have come within the territory of the United States* and developed substantial connections with this country." *Id.* (emphasis added). The Court continued, "Respondent is an alien who has had no previous significant voluntary connection with the United States, so these cases avail him not." *Id.* Thus the Court concluded that the Fourth Amendment provided no protection for the non-resident foreign national. With respect to other constitutional protections available to foreign nationals, the Court stated,

> "the people" protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community.

*Id.* at 265. Thus, the Supreme Court has time and again reiterated its decision that non-U.S. citizens who are not physically present in the United States have no constitutional rights.

The Ninth Circuit Court also attaches constitutional protection for non-U.S. citizens only to people who are present within the United States. In *Sam Andrews' Sons* v. *Mitchell*, the Court held, "Any person *within the United States*, citizen or alien, resident or non-resident, is protected by the guarantees of the Constitution." 457 F.2d. 745, 749 (9th Cir. 1972) (emphasis added). The other cases cited by Darkspilver point to the same requirement of physical presence in the United States. Since he admits that he is "a foreign citizen, residing in the country of my citizenship" he cannot avail himself of rights accorded under the U.S. Constitution. Darkspilver Decl. at ¶ 6:5.

*C. Darkspilver's Motion to Quash is Time-Barred.*

Even if the Court were willing to disrupt decades-old Ninth Circuit and Supreme Court precedent to provide constitutional rights to a non-resident foreign national with no presence in the United States, Darkspilver's Motion to Quash is time-barred.  The Federal Rules stipulate a limit on the time to file a Motion to Quash.  Fed. R. Civ. P. 45(d)(3)(A)("*On timely motion,* the court . . . must quash or modify a subpoena . . . ."); *see* Fed. R. Civ. P. 45 advisory committee's note ("The 10-day period for response to a subpoena is extended to 14 days to . . . to allow a bit more time for such objections to be made.")

While courts may at times be skeptical of subpoenas that do not allow 14 days for compliance or objections, when the underlying subpoena provides at least 14 days for compliance, the deadline to file a Motion to Quash is the subpoena compliance deadline.  *See Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 WL 5443036, at *3, 2013 U.S. Dist. LEXIS 142335, at *8 (N.D.Cal. Sept. 30, 2013) ("Rule 45(c)(3) provides that a party must file a 'timely' motion to quash or modify a subpoena . . . . While there may be a split on the definition of 'timely,' [the movant] did not act before the time for compliance."); *AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No. 2:16-mc-0145 KJM AC, 2016 WL 5469257, 2016 U.S. Dist. Lexis 134879 (E.D. Cal. Sept. 28, 2016) *citing Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y 2006)("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena"); *see Signature Mgmt., LLC,* 941 F. Supp. 2d at 1153 (suggesting that the production deadline for a DMCA Subpoena provides the deadline to file a Motion to Quash).  The rules are no different when the subpoena requires revealing the identity of a pseudonymous defendant.  *See Patrick Collins, Inc.* v. *Doe,* No. C 11-2766 MEJ, 2011 WL 4407172, at *8 (N.D. Cal. Sept. 22, 2011) (ordering "the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any *timely-filed* motion to quash") (emphasis added).

The subpoena in the present matter was served on Reddit, Inc. on January 24, 2019. Polidoro Declaration, Ex. E (Affidavit of Service).  The return date of the subpoena was February 15, 2019.  *Id.*  Thus, the subpoena provided 22 days for Darkspilver to file a timely Motion to Quash.  Darkspilver admits that he received the subpoena on February 7, 2019. Darkspilver Decl. at ¶7.  Yet, Darkspilver did not file the present motion until March 26, 2019 – almost 50 days after becoming aware of the subpoena and 30 days after retaining counsel. Neither Darkspilver nor his counsel ever reached out to Watch Tower to negotiate an extended deadline for the subpoena.  Polidoro Decl. at ¶ 11.  There is no excuse for such a delay and Darkspilver's Motion to Quash is simply time-barred.  Darkspilver's counsel provides no excuse for its client's 50-day delay in filing the motion.  Counsel provides no excuse or reasoning for why it took 30 days after being retained to file the motion.  Most importantly, Counsel states no reason why they never requested more time from the Court to file a Motion to Quash.

### D. Darkspilver Has Not Satisfied His Burden of Proof on His Motion to Quash.

Contrary to the insinuation that Watch Tower bears the burden of proof on this Motion to Quash, Darkspilver must prove that the subpoena should be quashed by a preponderance of evidence.  *See In re Automobile Antitrust Cases I & II,* 135 Cal. App. 4th 100 (1st Dist., Div. 4, 2005) (noting the burden of proof on a Motion to Quash is preponderance of evidence).  "The party who moves to quash a subpoena has the burden of persuasion under Rule 45(c)(3)." *Freed* v. *Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, at *2, U.S. Dist. Lexis 23736, at *6 (S.D.Cal. Feb. 13, 2019).  Accordingly, Darkspilver bears the burden to prove by a preponderance of evidence that he is entitled to avail himself of First Amendment protection, and that the harm he claims will result from compliance with the subpoena is more than speculative.

First, Darkspilver points to no physical presence in the United States, and admits that he

9

is a non-resident foreign national.  Darkspilver Decl. at ¶ 6.  Citing *United States* v. *18*

*Packages of Magazines*, 238 F. Supp. 846, 847-48 (N.D. Cal. 1964), he then seeks to create

some First Amendment right by way of an alleged United States-based audience of his works.

Darkspilver Decl. at ¶6.  Darkspilver points to "a map that participants in the [Reddit]

community made and update themselves" as evidence of this United States connection.  *Id.* at

6:6-7.  Yet, Darkspilver admits "the map itself is likely imprecise."  *Id.* at 6:8.  Furthermore, he

provides no additional evidence that the community's self-made map is accurate.  In other

words, any one of the community members could easily lie about where they live on the

community's self-made map, and the Court would be none the wiser.

Darkspilver's brief states that he posted the infringing material "for a group comprised

*primarily* of U.S. readers" when in fact, only 2,869 of the 34,100 subscribers to the r/exjw

subreddit have contributed to the map. D.E. 8, at 21:25; *see* Polidoro Decl., Exhibit D.  Of that

number, no more than 1,944 community subscribers *claim* to reside in the United States.  *See*

Polidoro Decl., Exhibit D.  Thus, the evidence of Darkspilver's United States-based audience

amounts to nothing more than a showing that approximately 5% of his audience *claims* to live

in the United States.  He provides no verifiable proof that even one member of his audience

*actually* lives in the United States.  With no evidence, much less a preponderance of evidence,

to prove that Darkspilver has a United States-based audience, Darkspilver's claim to First

Amendment protection via U.S. readers of his posts falls flat.

Even if the Court were to find that Darkspilver was entitled to First Amendment

protection, he has not satisfied his burden to prove that his claims of hardship are anything more

than pure speculation.  Darkspilver would like for the Court to believe that the minute Watch

Tower learns his true identity, he will be unceremoniously excommunicated from his local

church and all communication with his family and friends will forever cease.  The fact of the

matter is that Watch Tower is not Darkspilver's local church and has no ability to

excommunicate him from his local congregation of Jehovah's Witnesses.  Additionally, Darkspilver presents no evidence that a single person that has been the subject of a Watch Tower-sought DMCA subpoena has been excommunicated from their local church as result of Watch Tower discovering their true identity.  Finally, Darkspilver points to no proof that Watch Tower has ever publicly disclosed the names of the individuals who were the subject of DMCA subpoenas.  To the contrary, the subjects of Watch Tower's DMCA subpoenas who were Jehovah's Witnesses before Watch Tower learned their identities via DMCA subpoenas continue to be Jehovah's Witnesses.

Evidence submitted in support of Darkspilver's Motion to Quash even acknowledges that Darkspilver's claim of eternal isolation from friends and family is not accurate.  The Declaration of Alexandra Moss attaches multiple statements by former Jehovah's Witnesses that rebut Darkspilver's sweeping assertion.  Some acknowledge that communication with family members continued after they left the church.  *See* Declaration of Alexandra Moss, Ex. A at 5 ("With some ex-Witnesses, some of their families will still talk to them . . . ." ; *see also id.* at 22 (acknowledging that former Jehovah's Witness continued to communicate and live with Jehovah's Witness family members after leaving the church).

Finally, Darkspilver claims that compliance with the subpoena will result in complete social isolation causing overwhelming negative effects on his physical and mental wellbeing.  Yet, Darkspilver acknowledges that there is a large community of supporters of his views.  Darkspilver Decl., at ¶ 5.  Contrary to Darkspilver's insinuation that the present subpoena threatens Darkspilver's entire social livelihood, members of the Reddit community vow support of Darkspilver.  *See* Polidoro Decl., Exhibit B at 6 ("we all got your back u/darkspilver!" – posted by FrodeKommode, dated March 27, 2019).  Furthermore, Darkspilver provides no proof that his physical and mental state will actually be affected by compliance with the subpoena.

It is clear that Darkspilver's claims of harm that will necessarily result from compliance

with the subpoena are nothing more than speculation. Whatever their intended purpose, the declarations that Darkspilver submits in support of his claims of harm actually prove that compliance with the subpoena in this matter will not result in the complete obliteration of all of Darkspilver's relationships. Darkspilver fails to meet his burden to prove that his identity is privileged information protected by the First Amendment and that compliance with the subpoena will result in actual harm. If Darkspilver's Motion to Quash is granted, it will allow all anonymous infringers to avoid copyright infringement liability simply by claiming that revealing their identity will result in harm – however remote or unlikely.

### E. Watch Tower Is Entitled to Compliance With the DMCA Subpoena.

The DMCA and the Federal Rules lay out the appropriate standard for evaluating a motion to quash on a DMCA subpoena. As the owner of the infringed works, Watch Tower is entitled to seek redress from the court for what it, in good faith, believes is an infringement of its work. *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed."). In order for Watch Tower to seek judicial redress in such an action, it must know the identity of the individual responsible for the infringement. *See Signature Mgmt., LLC,* 941 F. Supp. 2d at 1157 ("TEAM has an interest in obtaining Amthrax's identity to facilitate a copyright infringement action against Amthrax. . . . as personal service will facilitate discovery, including a potential pre-trial deposition, and prevent TEAM from being forced to rely on Amthrax's good faith engagement in the litigation to move forward."); *see also Sony Music Entm't, Inc.* v. *Does 1-40*, 326 F. Supp. 2d. 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of [anonymous] defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process").

Section (h) of the DMCA allows a "copyright owner or a person authorized to act on the owner's behalf [to] request the clerk of any United States district court to issue a subpoena to a

service provider for identification of an alleged infringer." 17 U.S.C. §512(h)(1). Provided that the copyright owner meets the requirements of 17 U.S.C. §512(h)(2)(A-C), the copyright owner is not required to provide any further evidence of entitlement to learn the infringer's identity.

The test laid out in *Highfields Capital Mgmt. L.P.* v. *Doe,* 385 F. Supp. 2d 969 (N.D. Cal. 2004) is not the appropriate test to be applied in the present matter. First, the *Highfields* case is factually distinguishable from the present case. On the most basic level, the *Highfields Capital Management* case has nothing to do with copyright infringement or a DMCA subpoena. The *Highfields* case involved claims for trademark infringement, false designation of origin, defamation, and commercial disparagement. Additionally, unlike the subpoena at issue in *Highfields*, the subpoena issued in the present matter does not stem from a John Doe case for which a complaint has already been filed. Most importantly, the defendant in *Highfields* did not admit to being a non-resident foreign national with no physical presence in the United States and thus no First Amendment protection.

Even if the Court chooses to apply the *Highfields* test, Watch Tower's claim of infringement satisfies that test. The *Highfields* Court required that the Plaintiff first show "real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff that the laws plaintiff has invoked were intended to protect." *Highfields Capital Mgmt. L.P.*, 385 F. Supp. 2d at 975. To establish a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act. *See* 17 U.S.C. § 501(a); *UMG Recordings, Inc.* v. *Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). "As courts have noted, the DMCA essentially requires the party seeking a subpoena to plead a prima facie case of copyright infringement for a subpoena to issue." *Signature Mgmt., LLC,* 941 F. Supp. 2d at 1157. Watch Tower laid out a prima facie case of copyright infringement in its application for a DMCA subpoena, which included a copy

of the underlying DMCA-compliant notice of infringement.  Furthermore, Darkspilver

submitted evidence to support Watch Tower's copyright claim.  His Motion to Quash admits

that "Darkspilver reproduced the Ad and Chart in their entirety."  D.E. 8, at 17:18.

While Darkspilver does not contest Watch Tower's ownership of the Article because he

was able to find the copyright registration record for it, he contests the viability of Watch

Tower's infringement claim for the chart because he cannot find a copyright registration

certificate.[3]  Curiously, he never explains how he came to be in possession of this unpublished

internal document.  Nonetheless, the argument based on lack of a copyright registration

certificate is a mere distraction from the real issue.

Whether Watch Tower registered for a copyright certificate for the works is of no

consequence for purposes of identifying an infringer.  "[A]n owner's rights exist apart from

registration" *Fourth Estate Pub. Ben. Corp.* v. *Wall-Street.com, LLC,* 139 S.Ct. 881, 889

(2019).  The DMCA does not require that copyright owners register a work before submitting

an infringement notice.  It only requires that copyright owners swear "under penalty of perjury,

that the complaining party is authorized to act on behalf of the owner of an exclusive right that

is allegedly infringed." 17 U.S.C. §512(c)(3)(A)(vi).

When Watch Tower obtains sufficient information to identify the defendant, it can easily

apply for copyright registration and "can recover for infringement that occurred both before and

after registration." *Fourth Estate Pub. Ben. Corp.*, 139 S. Ct. at 887.  Simply put, copyright

registration does not confer ownership of a work, and Darkspilver never contests Watch

Tower's ownership of either of the works at issue.

---

[3] Unlike the Article, which was intended for public distribution, the chart was an internal document not intended for
public distribution.  For that reason, the Article was registered with the Copyright Office.  Once the infringer is
identified and personal jurisdiction over the infringer is established, the chart can be registered via the U.S.
Copyright Office's special handling process designed specifically for expedited processing of copyright registration
applications for pending or prospective litigation.  *See* Special Handling, available at:
https://www.copyright.gov/help/faq/faq-special.html (last seen: April 8, 2019)("Once a request for special handling
is received and approved, every attempt is made to process the claim or recordation within five working days.")

The *Highfields* Court next required a comparison of "the magnitude of the harms that would be caused to the competing interests" by granting a Motion to Quash or denying it. *Highfields Capital Mgmt. L.P.*, 385 F. Supp. 2d at 976.  The decision in *Signature Mgmt., LLC.*, 941 F. Supp. 2d at 1145 is instructive on this point.  Like Darkspilver, the pseudonymous infringer in *Signature Mgmt.* claimed that the copyright owner-petitioner would "retaliate against him for his critical speech, either by bringing a defamation suit or through some other means." *Id.* at 1157.  The infringer in that case, referred to as Amthrax, further claimed that "such retaliatory action could chill the speech of other anonymous critics, who will fear retaliation if they continue to express their beliefs."  The court weighed that interest against copyright owner's interest "in obtaining Amthrax's identity to facilitate a copyright infringement action . . . . as personal service [would] facilitate discovery, including a potential pre-trial deposition, and prevent TEAM from being forced to rely on Amthrax's good faith engagement in the litigation to move forward." *Id.*  Despite the fact that Amthrax offered to accept service of process and defend the action anonymously, the court held, "The minimal potential harm to Amthrax of disclosure of his identifying information for the purposes of the DMCA does not justify the burden placed on TEAM by granting Amthrax's Motion." *Id.* at 1157-58.

Similarly, Watch Tower has the right to pursue the infringement of its copyrighted works in the courts.  It is entitled to discovery and a final decision on the merits by a court with proper jurisdiction.  Darkspilver's unsubstantiated and contradicted claims of retaliation and emotional distress should not outweigh Watch Tower's interest in the adjudication of the underlying infringement claims by a trier of fact.

**F. An Evaluation of Fair Use At This Stage Would Be Premature.**

An evaluation of the merits of the underlying claim – much less an affirmative defense such as fair use is premature. *See Authors Guild* v. *Google,* 804 F.3d 202, 213 (2d Cir. 2015)

("As the Supreme Court has designated fair use an affirmative defense, the party asserting fair use bears the burden of proof") (citing *Campbell* v. *Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994)); *Sega Enters.* v. *MAPHIA*, 948 F. Supp. 923, 933 (N.D. Cal. 1996)("Because fair use is an affirmative defense, [the defendant] Sherman carries the burden of demonstrating it"). Making a ruling on whether Darkspilver's use of Watch Tower's intellectual property constitutes fair use would effectively be a ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss for a case in which no pleadings have ever been filed.  Neither 17 U.S.C. § 512, nor Fed. R. Civ. P. 45 requires or permits such a course.

However, even if the Court were willing to make such a ruling, Darkspilver's use of Watch Tower's copyrighted works does not constitute fair use.  The first fair use factor evaluates "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes."  17 U.S.C. § 107 (1).  "In addressing the first factor, the court asks whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character; in other words, whether and to what extent the new work is 'transformative.'"  *Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848, 861 (9th Cir. 2017).

Darkspilver admits that the first image that he posted is "a copy" of Watch Tower's Article.  Darkspilver Decl., at ¶ 8:19.  Darkspilver makes no claim that he, in any way, added to or transformed Watch Tower's work in his post.  With respect to the chart, Darkspilver admits to reproducing a copy of the entire copyrighted work.  D.E 8, at 17:18.  Darkspilver claims that he "re-formatted [the chart] to make it more visually appealing and easy to read on screen."  Yet Darkspilver admits that the original file was an Excel file that necessarily had to be viewed and read on screen.  Thus, Darkspilver concedes that his use of the work merely replaced the object

16

of the original creation – rather than adding a further purpose or different character.[4]
Darkspilver's uses of Watch Tower's works, whether commercial or non-commercial, were
clearly not transformative, and do not favor a finding of fair use.

The second fair use factor requires an examination of "the nature of the copyrighted
work." 17 U.S.C. § 107(2). With respect to the Article, Darkspilver acknowledges that the
creative "design" of the Article is one of the reasons that he reproduced it on Reddit.
Darkspilver Decl., at 3:28; *see also* D.E. 8, at 16:28. Moreover, the illustrations, layout, and
word choice in the article "What Gift Can We Give to Jehovah?" are all creative in nature.
With respect to the chart, the layout, design, and word choice are all creative aspects of the
work making the work, as a whole, creative in nature. *See Edwin K. Williams & Co., Inc.* v.
*Edwin K. Williams & Co. – East,* 542 F.2d 1053, 1061 (9th Cir. 1976) ("the instructions and the
blank forms constituted an integrated work entitled to copyright protection"); *see also Cont'l
Cas. Co.* v. *Beardsley*, 253 F.2d 702, 703-704 (2d Cir. 1958) (holding that forms are entitled to
copyright protection); *Kregos v. Associated Press*, 937 F.2d 700, 708 (2d. Cir. 1991) (same).
Thus, the second fair use factor weighs against a finding of fair use.

The third fair use factor looks to the "the amount and substantiality of the portion used
in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). Darkspilver admits,
"Darkspilver reproduced the Ad and Chart in their entirety". D.E. 8, at 17:18. Darkspilver
claims that he had to use the entire works because the entire works were "relevant to Doe's
purpose." D.E. 8 at 12:26. Relevance of the entire work to one's purpose is not the standard for
fair use. *See Seltzer* v. *Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013) ("this factor will
not weigh against an alleged infringer, even when he copies the whole work, if he takes no more

---

[4] Even if a Court decides that the factual information communicated in the document is not copyrightable, the
creative way in which that information is described and presented is protectable. Indeed there is no reason why the
information in the first row had to appear first, and the information in the last row necessarily had to be last. *See
Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 342 (1991) (finding that for copyright protection to attach
to facts, the "originality is not a stringent standard; it does not require that facts be presented in an innovative or
surprising way.")

than is *necessary* for his intended use") (emphasis added).  Doe provides no reason why his

purpose could not have been accomplished by linking to the Article and summarizing the chart.

　　　　The fourth fair use factor requires an evaluation of "the effect of the use upon the

potential market for or value of the copyrighted work."  17 U.S.C. § 107(4).  Courts decide

"whether unrestricted and widespread conduct of the sort engaged by the defendant . . . would

result in a substantially adverse impact on the potential market for the original."  *Disney Enters.*,

869 F.3d at 861.  If widespread unauthorized reproduction and display of Watch Tower's works

online were permitted, there would be virtually no need to visit Watch Tower's website –

JW.ORG.  Diverting traffic away from Watch Tower's website could result in a significant

decline in readership of Watch Tower's content.  *See Ass'n of Am. Med. Colleges v. Cuomo*, 928

F.2d 519, 526 (2d Cir. 1991) ("This case does not present the relatively straightforward situation

in which the potential harm to a copyrighted work flows from direct competition with the

assertedly fair use.  In such circumstances, we have noted our concern that 'creation will be

discouraged if demand can be undercut by copiers.'")  Therefore, Watch Tower contends that

the fourth fair use factor also weighs in favor of a finding of infringement.

## V. CONCLUSION

　　　　As the owner of the copyrighted material, Watch Tower has the right to pursue legal

recourse for what it, in good faith, believes is the infringement of its intellectual property.

Watch Tower also has the right to litigate that infringement claim in a court having personal

jurisdiction over Watch Tower and the alleged infringer.  Watch Tower has made proper use of

the DMCA's subpoena provision.

　　　　Darkspilver's unsupported claim that Watch Tower is misusing the DMCA in order to

silence religious dissenters and critics is simply not true.  The fact of the matter is that over

34,000 other r/exjw subreddit subscribers have been able to openly express their views without

interference by Watch Tower.  Darkspilver's speech only became of concern to Watch Tower

when his speech crossed the line to copyright infringement.  Granting Darkspilver's Motion to Quash will effectively extend constitutional rights far beyond the current limits set by the Ninth Circuit and Supreme Court.  It will also effectively immunize all infringements of copyrighted works by anonymous infringers all over the world that make a claim of potential harm in this jurisdiction.  Denying Darkspilver's Motion to Quash, on the other hand, will send no other message than this: You can criticize an organization as much as you want, as long as you do not infringe their copyrights.  Watch Tower respectfully moves this Court to deny Darkspilver's Motion to Quash.

Dated: April 9, 2019

Respectfully submitted,

**LAW OFFICE OF ANTHONY V. SMITH**
204 East Second Avenue, #331
San Mateo, CA 94401-3904
Telephone: 650-548-0100
California Bar No.: 124840

/S/ Anthony V. Smith
Anthony V. Smith, Esq.

**WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA LEGAL DEPARTMENT**
100 Watchtower Drive
Patterson, NY 12563
Telephone: 845-306-1000
Facsimile: 845-306-0709
Email: inboxLGLipg@jw.org

/S/ Paul D. Polidoro
Paul D. Polidoro
(admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a notice of the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.


**Alexandra Helen Moss**

*Counsel for John Doe (Darkspilver)*

Electronic Frontier Foundation

815 Eddy Street

San Francisco, CA 94109

Tel.: (415) 436-9333

Fax: (415) 436-9993

Email: alex@eff.org


/s/ Paul D. Polidoro

**Paul D. Polidoro (admitted pro hac vice)**
**Watch Tower Bible and Tract Society**
**of Pennsylvania, Legal Department**
**100 Watchtower Drive**
**Patterson, NY 12563**
**ppolidor@jw.org**
**Tel.: (845) 306-1000**
**Fax: (845) 306-0709**
**Anthony V. Smith (SBN 124840)**
**Law Office of Anthony V. Smith**
**204 East Second Avenue, #331**
**San Mateo, CA 94401-3904**
**Telephone: 650-548-0100**
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re DMCA Subpoena to Reddit, Inc. | : | CASE NO.  3:19-mc-80005-SK |
| | : | |
| | : | Watch Tower Bible and Tract Society of Pennsylvania's Opposition to Darkspilver's Motion to Quash Subpoena to Reddit, Inc. Pursuant to 17 U.S.C. § 512(h) to Identify Alleged Infringer |
| | : | |

APPEARANCE DATE: 5/6/2019

TIME: 11:00 AM

1

# **TABLE OF CONTENTS**

2    I. INTRODUCTION ................................................................................................. 1

3    II. STATEMENT OF ISSUES TO BE DECIDED ................................................. 2

4    III. STATEMENT OF RELEVANT FACTS ......................................................... 2

5    IV. ARGUMENT ................................................................................................... 5

6         A. There Is No Right to Anonymously Infringe Copyrighted Works. ............................ 5

7         B. Advocates who are Not Citizens or Residents of the United States and Who are
              Not Physically Present in the United States Do Not Have First Amendment
8             Rights. ........................................................................................................... 6

9         C. Darkspilver's Motion to Quash is Time-Barred. ......................................... 8

10        D. Darkspilver Has Not Satisfied His Burden of Proof on His Motion to Quash. ........... 9

11        E. Watch Tower Is Entitled to Compliance With the DMCA Subpoena. ...................... 12

12        F. An Evaluation of Fair Use At This Stage Would Be Premature. ............................... 15

13    V. CONCLUSION ................................................................................................ 18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No. 2:16-mc-0145 KJM AC, 2016 WL 5469257, 2016 U.S.Dist. Lexis 134879 (E.D.Cal. Sept. 28, 2016) ........................................... 8

*Arista Records LLC* v. *Doe*, 604 F.3d 110 (2d. Cir. 2010) ................................................. 5, 6

*Ass'n of Am. Med. Colleges* v. *Cuomo*, 928 F.2d 519 (2d Cir 1991) ........................................ 18

*Authors Guild* v. *Google,* 804 F.3d 202 (2d Cir. 2015) .......................................................... 16

*Campbell* v. *Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ..................................................... 16

*Cont'l Cas. Co.* v. *Beardsley*, 253 F.2d 702 (2d Cir. 1957) ..................................................... 17

*Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) ..................................... 16, 18

*Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 WL 5443036, 2013 U.S. Dist. LEXIS 142335 (N.D.Cal. Sept. 30, 2013) ............................................................ 8

*Edwin K. Williams & Co.* v. *Edwin K. Williams & Co. – East,* 542 F.2d 1053 (9th Cir. 1976) ........................................................................................................................................ 17

*Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607 (S.D.N.Y 2006) ........................... 8

*Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) .......................................... 17

*Fourth Estate Pub. Ben. Corp.* v. *Wall-Street.com, LLC,* 139 S.Ct. 881 (2019) ..................... 14

*Freed* v. *Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, U.S. Dist. Lexis 23736 (S.D.Cal. Feb. 13, 2019) .................................................................................. 9

*Harper & Row* v. *Nation Enterprises*, 471 U.S. 539 (1985) ................................................. 5, 6

*Highfields Capital Mgmt. L.P.* v. *Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004) ................... 13, 15

*In re Automobile Antitrust Cases I&II,* 135 Cal. App. 4th 100 (Ct. of Appeal of Cal., 1st App. Dist., Div. 4, Dec. 22, 2005) .............................................................................................. 9

*Johnson* v. *Eisentrager*, 339 U.S. 763 (1950) .......................................................................... 6

*Kregos* v. *AP*, 937 F.2d 700 (2d. Cir. 1991) ............................................................................. 17

*Patrick Collins, Inc.* v. *Doe*, No. C 11-2766 MEJ, 2011 WL 4407172 (N.D. Cal. Sept. 22, 2011) ........................................................................................................................................ 8

*Sam Andrews' Sons* v. *Mitchell*, 457 F. 2d. 745 (9th Cir. 1972) ............................................. 7

*Seltzer* v. *Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013) ..................................................... 17

*Signature Mgmt., LLC* v. *Automattic, Inc.,* 941 F. Supp. 2d 1145 (N.D.Cal. 2013) ..... 5, 8, 12, 13

*Sony Music Entm't, Inc.* v. *Doe*, 326 F. Supp. 2d. 556 (S.D.N.Y. 2004) ................................. 12

iii

*U.S.* v. *Verdugo-Urquidez*, 494 U.S. 259 (1990)................................................................. 6, 7

*UMG Recordings, Inc*. v. *Augusto*, 628 F.3d 1175 (9th Cir. 2011)................................... 13

*United States* v. *18 Packages of Magazines*, 238 F. Supp. 846 (N.D.Cal. 1964)....................... 10

*Universal City Studios, Inc.* v. *Reimerdes,* 82 F.Supp.2d 211 (S.D.N.Y.2000) ........................... 6

*Watchtower Bible & Tract Soc'y of New York, Inc.* v. *Vill. of Stratton*, 536 U.S. 150
    (2002)................................................................................................................................. 1

**Statutes**

17 U.S.C. § 107................................................................................................. 16, 17, 18

17 U.S.C. § 501.................................................................................................... 12, 13

17 U.S.C. §512..................................................................................................... 13, 14, 16

**Other Authorities**

Fed. R. Civ. P. 45 Advisory Committee's Note ...................................................................... 8

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 16

Fed. R. Civ. P. 45 ............................................................................................................ 8, 16

**Constitutional Provisions**

Article 1, Section 8 ............................................................................................................... 5

# I. INTRODUCTION

To defeat the clear intent of the law protecting copyright holders, Darkspilver attempts to convert this intellectual property matter into a religious dispute by seeking refuge behind the First Amendment's freedom of speech protections.  This case is not about suppressing Darkspilver's public criticism.  He can say whatever he desires.  However, he cannot infringe Watch Tower's intellectual property in the process.

For years Darkspilver has been discussing and debating "matters related to the Jehovah's Witnesses freely and openly with people who have a wide range of views."  D.E. 8-1 at 2:25-26. Watch Tower never took any legal action against his years of voicing "disagreement or doubts" about Jehovah's Witnesses' "teachings and practices".  *Id.* at 2:12, 15.  However, when he chose to infringe upon Watch Tower's intellectual property, he triggered legal protections accorded copyright owners.  Darkspilver now seeks the right to anonymously infringe that property.  If he prevails, he will effectively be immunized from all future copyright infringements.  Further, all other users within this Court's jurisdiction could similarly thwart the plain intent of the Copyright Act by contending they too have a fear of reprisal.  Thus, Watch Tower would be stripped of its intellectual property rights in all such cases.

Darkspilver would have this Court believe that Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "Watch Tower")[1] has undertaken a witch hunt targeting the free speech of the entire community of former and current Jehovah's Witnesses who criticize the Jehovah's Witnesses religion using the Reddit service.  Yet, of the 34.1 *thousand* members of the r/exjw subreddit forum to which Darkspilver subscribes, only Darkspilver and one other Reddit subscriber are the subjects of Watch Tower subpoenas to Reddit, Inc.  This is because

---

[1] Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") is simply the corporate copyright holder for the publications at issue. Watch Tower does not supervise or direct the activities of Jehovah's Witnesses or congregations of Jehovah's Witnesses.  Watchtower Bible and Tract Society of New York, the entity involved in *Watchtower Bible & Tract Soc'y of New York, Inc.* v. *Vill. of Stratton*, 536 U.S. 150 (2002),  coordinated the preaching activities of Jehovah's Witnesses in the United States at the time of that litigation.

1

only Darkspilver and one other subscriber are accused of infringing Watch Tower's copyrighted works.  If the Court denies Darkspilver's Motion to Quash, it will send no other message than this: You can criticize Watch Tower as much as you want, as long as you do not infringe their copyrights.

By way of a time-barred Motion to Quash, Darkspilver seeks to shield admitted infringement of Watch Tower's copyrighted works by invoking First Amendment rights to which he is not entitled, in a court that, by his own admission, does not have the requisite personal jurisdiction to adjudicate the copyright infringement claim.  Under the cloak of fair use, Darkspilver's untimely Motion to Quash also invites this Court to foreclose copyright protection to all non-commercial works.  Should the Court accept this invitation, it would essentially write non-commercial creative works out of the Copyright Act (17 U.S.C. § 100, et seq.) altogether.  Watch Tower respectfully urges the Court to honor Article 1, Section 8 of the U.S. Constitution and the Digital Millennium Copyright Act (17 U.S.C. § 512) and deny Darkspilver's Motion to Quash.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in the present matter are: 1) whether the First Amendment right to anonymity protects copyright infringement in this instance; 2) whether a non-resident foreign national with no presence in the United States is protected by the First Amendment; 3) whether Darkspilver's Motion to Quash  is time-barred;  4) whether Darkspilver as the movant has satisfied his burden of proof on his Motion to Quash; 5) whether Watch Tower is entitled to compliance with the DMCA subpoena; and 6) whether an evaluation of the Fair Use affirmative defense is appropriate at this stage.

## III. STATEMENT OF RELEVANT FACTS

Darkspilver reproduced and displayed several copyright-protected works owned by Watch Tower on the r/exjw subreddit.  One of the copyrighted works reproduced and displayed

2

by Darkspilver on the r/exjw subreddit was an article titled "What Gift Can We Give to Jehovah?" that was published on JW.ORG[2] and that also appeared on the back cover of the November 2018 issue of *The Watchtower* (hereinafter the "Article").  *See* Declaration of Paul D. Polidoro, dated April 9, 2019 (hereinafter "Polidoro Decl.") at ¶2.  This infringement was reported to Reddit, Inc. on December 19, 2018.  *Id.* at ¶4.  On December 19, 2018, Watch Tower also reported the infringement of an internal document not intended for wide-spread public dissemination titled C-5829Ca (hereinafter the "Chart").  *Id.*

Watch Tower conducted a good faith fair use analysis of several uses of Watch Tower's copyrighted works by u/Darkspilver on the r/exjw subreddit forum.  *See* Polidoro Decl., at ¶3. Watch Tower concluded that the two infringements reported to Reddit, Inc. on December 19, 2018 did not constitute fair use of Watch Tower's copyrighted works.  *Id.*  While these are the only two infringements that were reported to Reddit, Inc., the two infringements that are the subject of the underlying subpoena do not constitute the universe of copyright infringements of Watch Tower's works by Darkspilver on Reddit's site.  *Id.* at ¶4.

As of April 9, 2019, there are 34.1 thousand reported subscribers to the "r/exjw" subreddit community.  *See* Polidoro Decl. at ¶ 6, Exhibit A.   Watch Tower has issued DMCA-compliant notices of infringement reporting copyright infringement by a total of two of these subscribers because Watch Tower became aware that these two subscribers infringed Watch Tower's copyrighted works.  *Id.* at ¶ 6.

Darkspilver's speech was of no interest to Watch Tower until that speech turned from critique to copyright infringement.  Polidoro Decl. at ¶ 6.  Darkspilver openly admits conduct that satisfies all of the elements of a prima facie case of copyright infringement.  *See* Declaration of John Doe (Darkspilver) in Support of Motion to Quash Watchtower [*sic*] Bible &

---

[2] Available at: https://www.jw.org/en/publications/magazines/watchtower-study-november-2018/gift-we-can-give-to-jehovah/#?insight[search_id]=67011f2d-cb71-44b8-8086-ad0552952627&insight[search_result_index]=8 (last viewed: April 8, 2019)

Tract Society Inc.'s Subpoena to Reddit, Inc. Seeking Identityifying [*sic*] Information (hereinafter "Darkspilver Decl.") at ¶¶8, 10.

Darkspilver's claim that honoring the DMCA's subpoena provision (17 U.S.C. § 512(h)) will have a chilling effect on free speech is belied by the statements of several members of the r/exjw subreddit community.  In response to the filing of Darkspilver's Motion to Quash, members of the Ex-JW subreddit forum posted messages such as:

- "LMAO. 'chilling effect' my a$$. We're always gonna fight, and always gonna actually unconditionally support and defend our brethren that fight in enemy territory" –u/Mindless Reception (Mar. 26, 2019); and

- "Good luck shutting us all up." – u/TheGreatFraud (Mar. 27, 2019).

*See* Polidoro Decl., Ex. B.  Members of the community have also started to counsel the r/exjw subreddit community on how to use Watch Tower's intellectual property or get away with blatant infringement of it stating,

> a general tip would be not to publish anything on social media that is a leak or unpublished work of watchtower. or (*sic*) if you are doing that it must be done from a neutral ip address and vpn. . . . to remove any danger of being outed take privacy steps or don't use their stuff. – u/kevinmcfree (Mar. 30, 2019)

*See* Polidoro Decl., Ex. B.

Darkspilver's claim of a chilling effect on the speech of the Reddit community is further belied by the increase in the size of the community.  In November 2018, before the present subpoena was issued to Reddit, Inc. there were approximately 29 thousand members of the r/exjw subreddit community.  *See* Polidoro Decl., Ex. C.  As of April 9, 2019, the r/exjw subreddit now has 34.1 thousand subscribers.  *See* Polidoro Decl., Ex. A

Only 2,869 of the 34,100 subscribers to the r/exjw subreddit have contributed to the map cited by Darkspilver that purports to show the alleged location of r/exjw subreddit community members.  *See* Polidoro Decl., Exhibit D.  Of that number, no more than 1,944 community

4

subscribers *claim* to reside in the United States.  *Id.*

Watch Tower is not Darkspilver's local church and has no ability to excommunicate him from his local congregation of Jehovah's Witnesses.  *See* Polidoro Decl., at ¶10.  Not a single person that has been the subject of a Watch Tower-sought DMCA subpoena has been excommunicated from their local church as result of Watch Tower obtaining their identity from a DMCA subpoena.  *Id.*  Watch Tower has never publicly disclosed the names of the individuals who were the subject of DMCA subpoenas.  *Id.*  Some of the subjects of Watch Tower's DMCA subpoenas who were active Jehovah's Witnesses before they became the subject of a Watch Tower DMCA subpoena, remained active Jehovah's Witnesses after Watch Tower received identifying information about them.  *Id.*

## IV. ARGUMENT

### A. There Is No Right to Anonymously Infringe Copyrighted Works.

Were this case to be viewed through the prism of the United States Constitution, the appropriate starting point would be Article 1, Section 8 Congressional power "[t]o promote the Progress of Science and useful arts, by securing for limited Times to Authors…the exclusive Right to their respective Writings."  As the United States Supreme Court observed "the Framers intended copyright itself to be the engine of free expression."  *Harper & Row* v. *Nation Enterprises*, 471 U.S. 539, 558 (1985).

To subvert the well-established Congressional protections accorded copyrights, Darkspilver asserts the right of anonymous speech.  In so doing, he ignores the fact that the U.S. Supreme Court, in addition to courts in both the Ninth and Second Circuits, recognize that "[t]he right to anonymous speech is not absolute."  *Signature Mgmt., LLC* v. *Automattic, Inc.,* 941 F. Supp. 2d 1145, 1154 (N.D. Cal. 2013) (denying a pseudonymous infringer's Motion to Quash DMCA subpoena). "The First Amendment does not . . . provide a license for copyright infringement." *Arista Records, LLC* v. *Doe*, 604 F.3d 110, 118 (2d. Cir. 2010) *citing Harper &*

*Row Publishers,* 471 U.S. at 555-57, 569.  "Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."  *Arista Records LLC*, 604 F.3d at 118; *see also Universal City Studios, Inc.* v. *Reimerdes,* 82 F.Supp.2d 211, 220 (S.D.N.Y.2000) (the "Supreme Court ... has made it unmistakably clear that the First Amendment does not shield copyright infringement").

**B. Advocates who are Not Citizens or Residents of the United States and Who are Not Physically Present in the United States Do Not Have First Amendment Rights.**

Assuming, *arguendo*, that the right of anonymous speech is properly presented in this case, Darkspliver does not have standing to assert it.  He is neither a citizen nor a resident of the United States, and is not present in the United States.  Were his position upheld, every person on the planet would be granted the right to assert similar constitutional rights in federal court. The Supreme Court has given no such elasticity to non-resident foreign nationals with no physical presence in the United States.

Attempts by non-resident foreign nationals to assert constitutional rights are not new and have been repeatedly rejected by the Supreme Court.  In *Johnson* v. *Eisentrager*, foreign nationals arrested in China and imprisoned in Germany after World War II attempted to "obtain writs of habeas corpus in our federal courts on the ground that their convictions for war crimes had violated the Fifth Amendment and other constitutional provisions."  *U.S.* v. *Verdugo-Urquidez*, 494 U.S. 259, 269 (1990) *citing Johnson* v. *Eisentrager*, 339 U.S. 763 (1950).  The Court's "rejection of extraterritorial application of the Fifth Amendment was emphatic."  *Id.* The Court stated,

> Such extraterritorial application of organic law would have been so significant an innovation in the practice of governments that, if intended or apprehended, it could scarcely have failed to excite contemporary comment. Not one word can be cited. *No decision of this Court supports such a view. None of the learned commentators on our Constitution has even hinted at it.  The practice of every modern government is opposed to it.*

*Id.*  (emphasis added)(citation omitted).

In *U.S.* v. *Verdugo-Urquidez*, a foreign national who was arrested in Mexico and then extradited to the United States claimed Fourth Amendment protection when his home in Mexico was searched. *Id.* The defendant in that case pointed to a string of Supreme Court cases providing constitutional protections for foreign nationals. *Id.* at 271. Yet, the *Verdugo-Urquidez* Court noted, "These cases . . . establish only that aliens receive constitutional protections *when they have come within the territory of the United States* and developed substantial connections with this country." *Id.* (emphasis added). The Court continued, "Respondent is an alien who has had no previous significant voluntary connection with the United States, so these cases avail him not." *Id.* Thus the Court concluded that the Fourth Amendment provided no protection for the non-resident foreign national. With respect to other constitutional protections available to foreign nationals, the Court stated,

> "the people" protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community.

*Id.* at 265. Thus, the Supreme Court has time and again reiterated its decision that non-U.S. citizens who are not physically present in the United States have no constitutional rights.

The Ninth Circuit Court also attaches constitutional protection for non-U.S. citizens only to people who are present within the United States. In *Sam Andrews' Sons* v. *Mitchell*, the Court held, "Any person *within the United States*, citizen or alien, resident or non-resident, is protected by the guarantees of the Constitution." 457 F.2d. 745, 749 (9th Cir. 1972) (emphasis added). The other cases cited by Darkspilver point to the same requirement of physical presence in the United States. Since he admits that he is "a foreign citizen, residing in the country of my citizenship" he cannot avail himself of rights accorded under the U.S. Constitution. Darkspilver Decl. at ¶ 6:5.

### C. Darkspilver's Motion to Quash is Time-Barred.

Even if the Court were willing to disrupt decades-old Ninth Circuit and Supreme Court precedent to provide constitutional rights to a non-resident foreign national with no presence in the United States, Darkspilver's Motion to Quash is time-barred. The Federal Rules stipulate a limit on the time to file a Motion to Quash. Fed. R. Civ. P. 45(d)(3)(A)("*On timely motion,* the court . . . must quash or modify a subpoena . . . ."); *see* Fed. R. Civ. P. 45 advisory committee's note ("The 10-day period for response to a subpoena is extended to 14 days to . . . to allow a bit more time for such objections to be made.")

While courts may at times be skeptical of subpoenas that do not allow 14 days for compliance or objections, when the underlying subpoena provides at least 14 days for compliance, the deadline to file a Motion to Quash is the subpoena compliance deadline. *See Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 WL 5443036, at *3, 2013 U.S. Dist. LEXIS 142335, at *8 (N.D.Cal. Sept. 30, 2013) ("Rule 45(c)(3) provides that a party must file a 'timely' motion to quash or modify a subpoena . . . . While there may be a split on the definition of 'timely,' [the movant] did not act before the time for compliance."); *AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No. 2:16-mc-0145 KJM AC, 2016 WL 5469257, 2016 U.S. Dist. Lexis 134879 (E.D. Cal. Sept. 28, 2016) *citing Estate of Ungar v. Palestinian Auth*., 451 F. Supp. 2d 607, 610 (S.D.N.Y 2006)("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena"); *see Signature Mgmt., LLC,* 941 F. Supp. 2d at 1153 (suggesting that the production deadline for a DMCA Subpoena provides the deadline to file a Motion to Quash). The rules are no different when the subpoena requires revealing the identity of a pseudonymous defendant. *See Patrick Collins, Inc.* v. *Doe,* No. C 11-2766 MEJ, 2011 WL 4407172, at *8 (N.D. Cal. Sept. 22, 2011) (ordering "the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any *timely-filed* motion to quash") (emphasis added).

The subpoena in the present matter was served on Reddit, Inc. on January 24, 2019. Polidoro Declaration, Ex. E (Affidavit of Service).  The return date of the subpoena was February 15, 2019.  *Id.*  Thus, the subpoena provided 22 days for Darkspilver to file a timely Motion to Quash.  Darkspilver admits that he received the subpoena on February 7, 2019. Darkspilver Decl. at ¶7.  Yet, Darkspilver did not file the present motion until March 26, 2019 – almost 50 days after becoming aware of the subpoena and 30 days after retaining counsel. Neither Darkspilver nor his counsel ever reached out to Watch Tower to negotiate an extended deadline for the subpoena.  Polidoro Decl. at ¶ 11.  There is no excuse for such a delay and Darkspilver's Motion to Quash is simply time-barred.  Darkspilver's counsel provides no excuse for its client's 50-day delay in filing the motion.  Counsel provides no excuse or reasoning for why it took 30 days after being retained to file the motion.  Most importantly, Counsel states no reason why they never requested more time from the Court to file a Motion to Quash.

**D. Darkspilver Has Not Satisfied His Burden of Proof on His Motion to Quash.**

Contrary to the insinuation that Watch Tower bears the burden of proof on this Motion to Quash, Darkspilver must prove that the subpoena should be quashed by a preponderance of evidence.  *See In re Automobile Antitrust Cases I & II,* 135 Cal. App. 4th 100 (1st Dist., Div. 4, 2005) (noting the burden of proof on a Motion to Quash is preponderance of evidence).  "The party who moves to quash a subpoena has the burden of persuasion under Rule 45(c)(3)." *Freed* v. *Home Depot U.S.A., Inc.*, No. 18cv359-BAS (LL), 2019 WL 582346, at *2, U.S. Dist. Lexis 23736, at *6 (S.D.Cal. Feb. 13, 2019).  Accordingly, Darkspilver bears the burden to prove by a preponderance of evidence that he is entitled to avail himself of First Amendment protection, and that the harm he claims will result from compliance with the subpoena is more than speculative.

First, Darkspilver points to no physical presence in the United States, and admits that he

9

is a non-resident foreign national.  Darkspilver Decl. at ¶ 6.  Citing *United States* v. *18*

*Packages of Magazines*, 238 F. Supp. 846, 847-48 (N.D. Cal. 1964), he then seeks to create

some First Amendment right by way of an alleged United States-based audience of his works.

Darkspilver Decl. at ¶6.  Darkspilver points to "a map that participants in the [Reddit]

community made and update themselves" as evidence of this United States connection.  *Id.* at

6:6-7.  Yet, Darkspilver admits "the map itself is likely imprecise."  *Id.* at 6:8.  Furthermore, he

provides no additional evidence that the community's self-made map is accurate.  In other

words, any one of the community members could easily lie about where they live on the

community's self-made map, and the Court would be none the wiser.

Darkspilver's brief states that he posted the infringing material "for a group comprised

*primarily* of U.S. readers" when in fact, only 2,869 of the 34,100 subscribers to the r/exjw

subreddit have contributed to the map.  D.E. 8, at 21:25; *see* Polidoro Decl., Exhibit D.  Of that

number, no more than 1,944 community subscribers *claim* to reside in the United States.  *See*

Polidoro Decl., Exhibit D.  Thus, the evidence of Darkspilver's United States-based audience

amounts to nothing more than a showing that approximately 5% of his audience *claims* to live

in the United States.  He provides no verifiable proof that even one member of his audience

*actually* lives in the United States.  With no evidence, much less a preponderance of evidence,

to prove that Darkspilver has a United States-based audience, Darkspilver's claim to First

Amendment protection via U.S. readers of his posts falls flat.

Even if the Court were to find that Darkspilver was entitled to First Amendment

protection, he has not satisfied his burden to prove that his claims of hardship are anything more

than pure speculation.  Darkspilver would like for the Court to believe that the minute Watch

Tower learns his true identity, he will be unceremoniously excommunicated from his local

church and all communication with his family and friends will forever cease.  The fact of the

matter is that Watch Tower is not Darkspilver's local church and has no ability to

excommunicate him from his local congregation of Jehovah's Witnesses.  Additionally, Darkspilver presents no evidence that a single person that has been the subject of a Watch Tower-sought DMCA subpoena has been excommunicated from their local church as result of Watch Tower discovering their true identity.  Finally, Darkspilver points to no proof that Watch Tower has ever publicly disclosed the names of the individuals who were the subject of DMCA subpoenas.  To the contrary, the subjects of Watch Tower's DMCA subpoenas who were Jehovah's Witnesses before Watch Tower learned their identities via DMCA subpoenas continue to be Jehovah's Witnesses.

Evidence submitted in support of Darkspilver's Motion to Quash even acknowledges that Darkspilver's claim of eternal isolation from friends and family is not accurate.  The Declaration of Alexandra Moss attaches multiple statements by former Jehovah's Witnesses that rebut Darkspilver's sweeping assertion.  Some acknowledge that communication with family members continued after they left the church.  *See* Declaration of Alexandra Moss, Ex. A at 5 ("With some ex-Witnesses, some of their families will still talk to them . . . ."; *see also id.* at 22 (acknowledging that former Jehovah's Witness continued to communicate and live with Jehovah's Witness family members after leaving the church).

Finally, Darkspilver claims that compliance with the subpoena will result in complete social isolation causing overwhelming negative effects on his physical and mental wellbeing.  Yet, Darkspilver acknowledges that there is a large community of supporters of his views.  Darkspilver Decl., at ¶ 5.  Contrary to Darkspilver's insinuation that the present subpoena threatens Darkspilver's entire social livelihood, members of the Reddit community vow support of Darkspilver.  *See* Polidoro Decl., Exhibit B at 6 ("we all got your back u/darkspilver!" – posted by FrodeKommode, dated March 27, 2019).  Furthermore, Darkspilver provides no proof that his physical and mental state will actually be affected by compliance with the subpoena.

It is clear that Darkspilver's claims of harm that will necessarily result from compliance

with the subpoena are nothing more than speculation.  Whatever their intended purpose, the declarations that Darkspilver submits in support of his claims of harm actually prove that compliance with the subpoena in this matter will not result in the complete obliteration of all of Darkspilver's relationships.  Darkspilver fails to meet his burden to prove that his identity is privileged information protected by the First Amendment and that compliance with the subpoena will result in actual harm.  If Darkspilver's Motion to Quash is granted, it will allow all anonymous infringers to avoid copyright infringement liability simply by claiming that revealing their identity will result in harm – however remote or unlikely.

### E. Watch Tower Is Entitled to Compliance With the DMCA Subpoena.

The DMCA and the Federal Rules lay out the appropriate standard for evaluating a motion to quash on a DMCA subpoena.  As the owner of the infringed works, Watch Tower is entitled to seek redress from the court for what it, in good faith, believes is an infringement of its work.  *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed.").  In order for Watch Tower to seek judicial redress in such an action, it must know the identity of the individual responsible for the infringement.  *See Signature Mgmt., LLC,* 941 F. Supp. 2d at 1157 ("TEAM has an interest in obtaining Amthrax's identity to facilitate a copyright infringement action against Amthrax. . . . as personal service will facilitate discovery, including a potential pre-trial deposition, and prevent TEAM from being forced to rely on Amthrax's good faith engagement in the litigation to move forward."); *see also Sony Music Entm't, Inc.* v. *Does 1-40*, 326 F. Supp. 2d. 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of [anonymous] defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process").

Section (h) of the DMCA allows a "copyright owner or a person authorized to act on the owner's behalf [to] request the clerk of any United States district court to issue a subpoena to a

service provider for identification of an alleged infringer." 17 U.S.C. §512(h)(1). Provided that the copyright owner meets the requirements of 17 U.S.C. §512(h)(2)(A-C), the copyright owner is not required to provide any further evidence of entitlement to learn the infringer's identity.

The test laid out in *Highfields Capital Mgmt. L.P.* v. *Doe,* 385 F. Supp. 2d 969 (N.D. Cal. 2004) is not the appropriate test to be applied in the present matter. First, the *Highfields* case is factually distinguishable from the present case. On the most basic level, the *Highfields Capital Management* case has nothing to do with copyright infringement or a DMCA subpoena. The *Highfields* case involved claims for trademark infringement, false designation of origin, defamation, and commercial disparagement. Additionally, unlike the subpoena at issue in *Highfields*, the subpoena issued in the present matter does not stem from a John Doe case for which a complaint has already been filed. Most importantly, the defendant in *Highfields* did not admit to being a non-resident foreign national with no physical presence in the United States and thus no First Amendment protection.

Even if the Court chooses to apply the *Highfields* test, Watch Tower's claim of infringement satisfies that test. The *Highfields* Court required that the Plaintiff first show "real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff that the laws plaintiff has invoked were intended to protect." *Highfields Capital Mgmt. L.P.*, 385 F. Supp. 2d at 975. To establish a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act. *See* 17 U.S.C. § 501(a); *UMG Recordings, Inc.* v. *Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). "As courts have noted, the DMCA essentially requires the party seeking a subpoena to plead a prima facie case of copyright infringement for a subpoena to issue." *Signature Mgmt., LLC,* 941 F. Supp. 2d at 1157. Watch Tower laid out a prima facie case of copyright infringement in its application for a DMCA subpoena, which included a copy

of the underlying DMCA-compliant notice of infringement.  Furthermore, Darkspilver

submitted evidence to support Watch Tower's copyright claim.  His Motion to Quash admits

that "Darkspilver reproduced the Ad and Chart in their entirety."  D.E. 8, at 17:18.

   While Darkspilver does not contest Watch Tower's ownership of the Article because he

was able to find the copyright registration record for it, he contests the viability of Watch

Tower's infringement claim for the chart because he cannot find a copyright registration

certificate.[3]  Curiously, he never explains how he came to be in possession of this unpublished

internal document.  Nonetheless, the argument based on lack of a copyright registration

certificate is a mere distraction from the real issue.

   Whether Watch Tower registered for a copyright certificate for the works is of no

consequence for purposes of identifying an infringer.  "[A]n owner's rights exist apart from

registration" *Fourth Estate Pub. Ben. Corp.* v. *Wall-Street.com, LLC,* 139 S.Ct. 881, 889

(2019).  The DMCA does not require that copyright owners register a work before submitting

an infringement notice.  It only requires that copyright owners swear "under penalty of perjury,

that the complaining party is authorized to act on behalf of the owner of an exclusive right that

is allegedly infringed." 17 U.S.C. §512(c)(3)(A)(vi).

   When Watch Tower obtains sufficient information to identify the defendant, it can easily

apply for copyright registration and "can recover for infringement that occurred both before and

after registration." *Fourth Estate Pub. Ben. Corp.*, 139 S. Ct. at 887.  Simply put, copyright

registration does not confer ownership of a work, and Darkspilver never contests Watch

Tower's ownership of either of the works at issue.

---

[3] Unlike the Article, which was intended for public distribution, the chart was an internal document not intended for
public distribution.  For that reason, the Article was registered with the Copyright Office.  Once the infringer is
identified and personal jurisdiction over the infringer is established, the chart can be registered via the U.S.
Copyright Office's special handling process designed specifically for expedited processing of copyright registration
applications for pending or prospective litigation.  *See* Special Handling, available at:
https://www.copyright.gov/help/faq/faq-special.html (last seen: April 8, 2019)("Once a request for special handling
is received and approved, every attempt is made to process the claim or recordation within five working days.")

The *Highfields* Court next required a comparison of "the magnitude of the harms that would be caused to the competing interests" by granting a Motion to Quash or denying it. *Highfields Capital Mgmt. L.P.*, 385 F. Supp. 2d at 976.  The decision in *Signature Mgmt., LLC.*, 941 F. Supp. 2d at 1145 is instructive on this point.  Like Darkspilver, the pseudonymous infringer in *Signature Mgmt.* claimed that the copyright owner-petitioner would "retaliate against him for his critical speech, either by bringing a defamation suit or through some other means."  *Id.* at 1157.  The infringer in that case, referred to as Amthrax, further claimed that "such retaliatory action could chill the speech of other anonymous critics, who will fear retaliation if they continue to express their beliefs."  The court weighed that interest against copyright owner's interest "in obtaining Amthrax's identity to facilitate a copyright infringement action . . . . as personal service [would] facilitate discovery, including a potential pre-trial deposition, and prevent TEAM from being forced to rely on Amthrax's good faith engagement in the litigation to move forward."  *Id.*  Despite the fact that Amthrax offered to accept service of process and defend the action anonymously, the court held, "The minimal potential harm to Amthrax of disclosure of his identifying information for the purposes of the DMCA does not justify the burden placed on TEAM by granting Amthrax's Motion."  *Id.* at 1157-58.

Similarly, Watch Tower has the right to pursue the infringement of its copyrighted works in the courts.  It is entitled to discovery and a final decision on the merits by a court with proper jurisdiction.  Darkspilver's unsubstantiated and contradicted claims of retaliation and emotional distress should not outweigh Watch Tower's interest in the adjudication of the underlying infringement claims by a trier of fact.

### F. An Evaluation of Fair Use At This Stage Would Be Premature.

An evaluation of the merits of the underlying claim – much less an affirmative defense such as fair use is premature.  *See Authors Guild* v. *Google,* 804 F.3d 202, 213 (2d Cir. 2015)

("As the Supreme Court has designated fair use an affirmative defense, the party asserting fair use bears the burden of proof") (citing *Campbell* v. *Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994)); *Sega Enters.* v. *MAPHIA*, 948 F. Supp. 923, 933 (N.D. Cal. 1996)("Because fair use is an affirmative defense, [the defendant] Sherman carries the burden of demonstrating it"). Making a ruling on whether Darkspilver's use of Watch Tower's intellectual property constitutes fair use would effectively be a ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss for a case in which no pleadings have ever been filed.  Neither 17 U.S.C. § 512, nor Fed. R. Civ. P. 45 requires or permits such a course.

However, even if the Court were willing to make such a ruling, Darkspilver's use of Watch Tower's copyrighted works does not constitute fair use.  The first fair use factor evaluates "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes."  17 U.S.C. § 107 (1).  "In addressing the first factor, the court asks whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character; in other words, whether and to what extent the new work is 'transformative.'"  *Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848, 861 (9th Cir. 2017).

Darkspilver admits that the first image that he posted is "a copy" of Watch Tower's Article.  Darkspilver Decl., at ¶ 8:19.  Darkspilver makes no claim that he, in any way, added to or transformed Watch Tower's work in his post.  With respect to the chart, Darkspilver admits to reproducing a copy of the entire copyrighted work.  D.E 8, at 17:18.  Darkspilver claims that he "re-formatted [the chart] to make it more visually appealing and easy to read on screen."  Yet Darkspilver admits that the original file was an Excel file that necessarily had to be viewed and read on screen.  Thus, Darkspilver concedes that his use of the work merely replaced the object

16

of the original creation – rather than adding a further purpose or different character.[4] Darkspilver's uses of Watch Tower's works, whether commercial or non-commercial, were clearly not transformative, and do not favor a finding of fair use.

The second fair use factor requires an examination of "the nature of the copyrighted work."  17 U.S.C. § 107(2).  With respect to the Article, Darkspilver acknowledges that the creative "design" of the Article is one of the reasons that he reproduced it on Reddit. Darkspilver Decl., at 3:28; *see also* D.E. 8, at 16:28.  Moreover, the illustrations, layout, and word choice in the article "What Gift Can We Give to Jehovah?" are all creative in nature. With respect to the chart, the layout, design, and word choice are all creative aspects of the work making the work, as a whole, creative in nature.  *See Edwin K. Williams & Co., Inc.* v. *Edwin K. Williams & Co. – East,* 542 F.2d 1053, 1061 (9th Cir. 1976) ("the instructions and the blank forms constituted an integrated work entitled to copyright protection"); *see also Cont'l Cas. Co.* v. *Beardsley*, 253 F.2d 702, 703-704 (2d Cir. 1958) (holding that forms are entitled to copyright protection); *Kregos v. Associated Press*, 937 F.2d 700, 708 (2d. Cir. 1991) (same). Thus, the second fair use factor weighs against a finding of fair use.

The third fair use factor looks to the "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107(3).  Darkspilver admits, "Darkspilver reproduced the Ad and Chart in their entirety".  D.E. 8, at 17:18.  Darkspilver claims that he had to use the entire works because the entire works were "relevant to Doe's purpose."  D.E. 8 at 12:26.  Relevance of the entire work to one's purpose is not the standard for fair use.  *See Seltzer* v. *Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013) ("this factor will not weigh against an alleged infringer, even when he copies the whole work, if he takes no more

---

[4] Even if a Court decides that the factual information communicated in the document is not copyrightable, the creative way in which that information is described and presented is protectable.  Indeed there is no reason why the information in the first row had to appear first, and the information in the last row necessarily had to be last.  *See Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 342 (1991) (finding that for copyright protection to attach to facts, the "originality is not a stringent standard; it does not require that facts be presented in an innovative or surprising way.")

than is *necessary* for his intended use") (emphasis added).  Doe provides no reason why his

purpose could not have been accomplished by linking to the Article and summarizing the chart.

The fourth fair use factor requires an evaluation of "the effect of the use upon the

potential market for or value of the copyrighted work."  17 U.S.C. § 107(4).  Courts decide

"whether unrestricted and widespread conduct of the sort engaged by the defendant . . . would

result in a substantially adverse impact on the potential market for the original."  *Disney Enters.*,

869 F.3d at 861.  If widespread unauthorized reproduction and display of Watch Tower's works

online were permitted, there would be virtually no need to visit Watch Tower's website –

JW.ORG.  Diverting traffic away from Watch Tower's website could result in a significant

decline in readership of Watch Tower's content.  *See Ass'n of Am. Med. Colleges v. Cuomo*, 928

F.2d 519, 526 (2d Cir. 1991) ("This case does not present the relatively straightforward situation

in which the potential harm to a copyrighted work flows from direct competition with the

assertedly fair use.  In such circumstances, we have noted our concern that 'creation will be

discouraged if demand can be undercut by copiers.'")  Therefore, Watch Tower contends that

the fourth fair use factor also weighs in favor of a finding of infringement.

## V. CONCLUSION

As the owner of the copyrighted material, Watch Tower has the right to pursue legal

recourse for what it, in good faith, believes is the infringement of its intellectual property.

Watch Tower also has the right to litigate that infringement claim in a court having personal

jurisdiction over Watch Tower and the alleged infringer.  Watch Tower has made proper use of

the DMCA's subpoena provision.

Darkspilver's unsupported claim that Watch Tower is misusing the DMCA in order to

silence religious dissenters and critics is simply not true.  The fact of the matter is that over

34,000 other r/exjw subreddit subscribers have been able to openly express their views without

interference by Watch Tower.  Darkspilver's speech only became of concern to Watch Tower

1  when his speech crossed the line to copyright infringement.  Granting Darkspilver's Motion to

2  Quash will effectively extend constitutional rights far beyond the current limits set by the Ninth

3  Circuit and Supreme Court.  It will also effectively immunize all infringements of copyrighted

4  works by anonymous infringers all over the world that make a claim of potential harm in this

5  jurisdiction.  Denying Darkspilver's Motion to Quash, on the other hand, will send no other

6  message than this: You can criticize an organization as much as you want, as long as you do not

7  infringe their copyrights.  Watch Tower respectfully moves this Court to deny Darkspilver's

8  Motion to Quash.

9  Dated: April 9, 2019

10                                                                Respectfully submitted,

11 **LAW OFFICE OF ANTHONY V. SMITH**          **WATCH TOWER BIBLE AND**
   204 East Second Avenue, #331                  **TRACT SOCIETY OF**
12 San Mateo, CA 94401-3904                       **PENNSYLVANIA**
   Telephone: 650-548-0100                        **LEGAL DEPARTMENT**
13 California Bar No.: 124840                       100 Watchtower Drive
                                                    Patterson, NY 12563
14 /S/ Anthony V. Smith                             Telephone: 845-306-1000
   Anthony V. Smith, Esq.                           Facsimile: 845-306-0709
15                                                  Email: inboxLGLipg@jw.org

16                                                 /S/ Paul D. Polidoro
                                                   Paul D. Polidoro
17                                                 (admitted *pro hac vice*)

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a notice of the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

**Alexandra Helen Moss**

*Counsel for John Doe (Darkspilver)*

Electronic Frontier Foundation

815 Eddy Street

San Francisco, CA 94109

Tel.: (415) 436-9333

Fax: (415) 436-9993

Email: alex@eff.org

/s/ Paul D. Polidoro