Corynne McSherry (SBN 221504)
corynne@eff.org
Alexandra Moss (SBN 302641)
alex@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Tel.:  (415) 436-9333
Fax.: (415) 436-9993

*Counsel for Movant
Electronic Frontier Foundation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re DMCA Section 512(h) Subpoena to Reddit, Inc.** | Case No.: 3:19-mc-80005 SK <br><br> **ELECTRONIC FRONTIER FOUNDATION'S REPLY IN SUPPORT OF MOTION TO QUASH WATCHTOWER BIBLE & TRACT SOCIETY INC.'S SUBPOENA TO REDDIT, INC. SEEKING IDENTITYIFYING INFORMATION.** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Watch Tower Has Not and Cannot Support Its Copyright Claim .......................... 2

        1. Watch Tower Has Failed to Show it Owns Any Valid Copyright in the Chart—an Excel Spreadsheet of Factual and Legal Information .......... 3

        2. Doe's Use of the Ad and Chart for Non-Profit Commentary and Educational Purposes are Classic Fair Uses, Not Infringement. ................ 4

    B. The First Amendment Applies to Court Orders Compelling the Disclosure of Anonymous Speakers' Identities in this Circuit. .................................................. 7

        1. The First Amendment Independently Limits Government Action Abridging Speech in the United States. ....................................................... 8

        2. The Cases Cited by Watch Tower Do Not Involve the First Amendment or U.S. Court Orders. .............................................................. 9

        3. *Signature Management* Confirms Anonymous Speech Activities Receive First Amendment Protection in Copyright Litigation ................. 10

    C. Doe's Motion to Quash is Timely. ....................................................................... 12

    D. If This Court Lacks Jurisdiction to Adjudicate Watch Tower's Putative Copyright Claims Against Doe, the Subpoena to Reddit is Void. ....................... 14

III. CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. F.B.I.*,
 186 F.R.D. 21 (D.D.C. 1998) ................................................................................................... 13

*Am. Elec. Power Co. v. U.S.*,
 191 F.R.D. 132 (S.D. Oh. 1999) .............................................................................................. 13

*Art of Living Found. v. Does 1-10*,
 No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................................... 1

*Arthur J. Gallagher & Co. v. O'Neill*,
 No. CV 17-2825, 2017 WL 5713361 (E.D. La. Nov. 27, 2017) ............................................ 13

*Ass'n of Am. Med. Colleges v. Cuomo*,
 928 F. 2d 519 (2d Cir. 1991) .................................................................................................... 7

*Bartlett v. Whole Foods Mkt.*,
 No. C 10-04922 JSW, 2011 WL 2295268 (N.D. Cal. June 10, 2011) ..................................... 5

*Campbell v. Acuff-Rose Music, Inc.*,
 510 U.S. 569 (1994) .............................................................................................................. 6, 7

*Centennial Bank v. Servisfirst Bank Inc.*,
 No. 8:16-CV-88-T-36JSS, 2016 WL 4163560 (M.D. Fla. Aug. 5, 2016) ............................. 12

*Concord Boat Corp. v. Brunswick Corp.*,
 169 F.R.D. 44 (S.D.N.Y. 1996) .............................................................................................. 13

*Cont'l Cas. Co. v. Beardsley*,
 253 F.2d 702, 704 (2d Cir. 1958) ............................................................................................. 5

*Desai v. Hersh*,
 719 F. Supp. 670 (N.D. Ill. 1989) ........................................................................................ 8, 9

*Edwin K. Williams & Co. v. Edwin K. Williams & Co.-E.*,
 542 F.2d 1053, 1060 (9th Cir. 1976) ........................................................................................ 5

*Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*,
 499 U.S. 340 (1991) .................................................................................................................. 4

*Folsom v. Marsh*,
 9 F.Cas. 342 (No. 4,901) (CC Mass.) ....................................................................................... 4

*Forsythe v. Brown*,
 281 F.R.D. 577 (D. Nev. 2012) .............................................................................................. 12

*Gorman v. Ameritrade Holding Corp.*,
 293 F.3d 506 (D.C. Cir. 2002) ................................................................................................ 15

*Harper & Row Publishers, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) ................................................................................................ 4

*Heffernan v. City of Paterson, N.J.*,
    136 S. Ct. 1412 (2016) ............................................................................................. 8

*Highfields Capital Mgmt., L.P. v. Doe*,
    385 F. Supp. 2d 969 (N.D. Cal. 2005) .................................................................... 1

*In re DG Acquisition Corp.*,
    151 F.3d 75 (2d Cir. 1998) .................................................................................... 13

*In re Motorsports Merch. Antitrust Litig.*,
    186 F.R.D. 344 (W.D.Va.1999) ............................................................................ 13

*Johnson v. Eisentrager*,
    339 U.S. 763 (1950) ................................................................................................ 9

*Kelly v. Arriba Soft Corp.*,
    336 F.3d 811 (9th Cir. 2003) ................................................................................... 7

*Kregos v. Associated Press*,
    937 F.2d 700 (2d Cir. 1991) .................................................................................... 5

*Lenz v. Universal Music Corp.*,
    815 F.3d 1145 (9th Cir. 2016) ................................................................................. 4

*McCoy v. Southwest. Airlines Co.*,
    211 F.R.D. 381 (C.D. Cal. 2002) .................................................................... 12, 13

*Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005) .......................................................................... 12

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
    923 F. Supp. 1231 (N.D. Cal. 1995) ....................................................................... 5

*Roy Export Co. Establishment v. Columbia Broadcasting System, Inc.*,
    503 F.Supp. 1137 (S.D.N.Y. 1980) ......................................................................... 5

*Sam Andrews' Sons v. Mitchell*,
    457 F.2d 745, 749 (9th Cir. 1972) ........................................................................... 9

*Signature Mgmt. Team, LLC v. Doe*,
    876 F.3d 831 (6th Cir. 2017) ................................................................................. 11

*Signature Mgmt., LLC v. Automattic, Inc.*,
    941 F. Supp. 2d 1145 (N.D. Cal. 2013) ............................................................ 3, 10

*Sinai v. Bureau of Auto. Repair*,
    No. C-92-0274-VRW, 1992 WL 470699 (N.D. Cal. Dec. 21, 1992) ..................... 3

*Sines v. Kessler*,
    325 F.R.D. 563 (E.D. La. 2018)..................................................................................12

*U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*,
    487 U.S. 72 (1988) ......................................................................................................14

*U.S. v. Verdugo-Urquidez*,
    494 U.S. 259, 264 (1990) .............................................................................................9

*UMG Recordings, Inc. v. Augusto*,
    628 F.3d 1175 (9th Cir. 2011) .....................................................................................3

*USA Techs., Inc. v. Doe*,
    713 F. Supp. 2d 901 (N.D. Cal. 2010) .......................................................................13

*Victor Lalli Enters., Inc. v. Big Red Apple, Inc.*,
    936 F.2d 671 (2d Cir. 1991) ........................................................................................3

**Statutes**

17 U.S.C. § 107..................................................................................................................4

17 U.S.C. § 501..................................................................................................................3

**Rules**

Fed. R. Civ. P. 26..............................................................................................................1

Fed. R. Civ. P. 45....................................................................................................... 1, 12

**Other Authorities**

3 Nimmer § 13.05 ..............................................................................................................5

Wright & Miller § 2463 ...................................................................................................12

## I. INTRODUCTION

Watch Tower is asking the Court to unmask a speaker based on pretextual copyright claims Watch Tower has not and cannot support. Doe posted the images at issue in a community of self-identified former Jehovah's Witnesses for the purpose of sparking and informing discussion of important issues—a powerful organization's handling of personal data and its solicitation practices. One of the images is both unregistered and unoriginal; there is nothing copyrightable that could be infringed. The other is the copy of an advertisement available for free online. In both cases, the posting is a classic case of fair use, not infringement. If Watch Tower ever filed a lawsuit, it would fail on the pleadings.

Thus, on the one side we have a set of facially deficient copyright allegations. On the other, a powerful likelihood of irreparable harm. Watch Tower acknowledges that Doe has been commenting about the Jehovah's Witnesses for years. They have stopped, in an attempt to stave off further risk of exposure. If Watch Tower prevails in learning Doe's identity at this early stage before any adjudication of infringement, the damage will be permanent. Doe will already have lost what matters: the ability to speak anonymously about important matters of public concern, like a powerful organization's handling of personal data and financial solicitation practices.

In these circumstances, under either the test set forth in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005) and *Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) or the basic rules of civil discovery, *see* Fed. R. Civ. P. 26 & 45, the subpoena should be quashed. The cases Watch Tower cites—including *Signature Management*—only confirm it. Contrary to Watch Tower's claims, the domestic effects of orders affecting speech have in other cases justified the application of the First Amendment even where the speaker is not a U.S. resident. The chilling effects and loss of access to Doe's speech are harms that directly implicate the First Amendment and will occur in

this country as a result of a judicial order executed in this District. The Court should reject Watch Tower's effort to avoid well-established First Amendment protections for anonymous speech.

Watch Tower's timeliness objections are also misplaced. The 14-day deadline for objections has no bearing here. Doe did not receive the Subpoena and could not have objected. Nor is Doe a party in any ongoing litigation. Thus Doe's only option was to move to quash. Doe pursued that option with appropriate diligence, particularly given Doe's lack of advance notice, location outside the U.S., limited resources, and lack of experience in litigation. Doe managed to retain pro bono counsel within 20 days, and that counsel was able to research, draft, and file a motion to quash within 30 days after that. In the meantime, Reddit was still in negotiations with Watch Tower, meaning that any delay in moving could not have prejudiced Watch Tower, which has itself chosen to wait to compel disclosure. Although this motion is timely, even if it were not, the circumstances would overwhelmingly warrant its consideration over a finding of waiver.

Finally, to the extent Watch Tower contends that this Court lacks jurisdiction to adjudicate a copyright claim against Doe, *see* Dkt. 12 ("Opp.") at 1, that contention is also fatal to its subpoena. This Court's subpoena power does not exceed its jurisdiction. Accordingly, if this Court decides that Doe has no connection to the U.S. and does not benefit from the First Amendment's protections in any respect, this Court should recognize its lack of personal jurisdiction over Doe and hold the Subpoena void on that basis. Watch Tower cannot have its cake and eat it too. Either Doe is subject to this Court's jurisdiction because it has availed itself of U.S. law and therefore benefits from its protections; or Doe is not, and the Subpoena is void. Either way, Watch Tower's Subpoena must fall.

## II.   ARGUMENT

### A.   Watch Tower Has Not and Cannot Support Its Copyright Claim

Watch Tower acknowledges the "DMCA essentially requires the party seeking a subpoena to plead a prima facie case of copyright infringement for a subpoena to issue." Opp. at

13:20-27. (quoting *Signature Mgmt., LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1157 (N.D. Cal. 2013)). Yet it has barely attempted to establish even the prima facie case required. Specifically, Watch Tower has failed to show (1) ownership of a valid copyright with respect to the Chart; or (2) any violation of an exclusive right the Copyright Act confers with regard to either the Chart or the Ad. *See id.* (citing 17 U.S.C. § 501(a); *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011)).

      **1.    Watch Tower Has Failed to Show it Owns Any Valid Copyright in the Chart—an Excel Spreadsheet of Factual and Legal Information**

With respect to ownership, Watch Tower admits it has not registered the Chart. *See* Opp. at 14. Thus, the only basis for its ownership claim is simple assertion.[1]

In addition, Watch Tower has offered nothing to suggest it made creative and original choices to justify treating a spreadsheet of factual and legal information as copyrightable. *See Victor Lalli Enters., Inc. v. Big Red Apple, Inc.,* 936 F.2d 671, 673 (2d Cir. 1991) (Charts were not copyrightable where the plaintiff "arranges factual data according to 'purely functional grids that offer no opportunity for variation.' The format of the charts is a convention: [the plaintiff] exercises neither selectivity in what he reports nor creativity in how he reports it. Because [the plaintiff's] charts do not demonstrate the requisite minimal originality, they are not entitled to copyright protection, and [the defendant's] use of them cannot constitute infringement."); *Sinai v. Bureau of Auto. Repair*, No. C-92-0274-VRW, 1992 WL 470699, at *2 (N.D. Cal. Dec. 21, 1992) (Chart was uncopyrightable because "[t]he arrangement of information about the Corvette's emission control system in the form of a columnar grid is not original to plaintiffs. . . .

---

[1] Watch Tower does not need any information about the defendant to register its own copyright. *Cf.* Opp. at 14:19-20. Nor can it obtain statutory damages for any infringement occurring prior to registration. *See* Mot. at 13:21-14:2 (citing statutory damages provision). While Watch Tower could in theory recover lost profits or disgorge those earned by Doe, here, the Chart is a non-commercial work that was posted for non-profit purposes with no means of generating revenue. Thus, in reality, Watch Tower cannot recover any damages at all for the Chart now that Doe has removed the Chart from their post on Reddit.

The idea of organizing facts in a chart which contains columns and appears as a grid is neither original nor protectible."); *see Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991) ("The selection, coordination, and arrangement of Rural's white pages do not satisfy the minimum constitutional standards for copyright protection.").

Instead, Watch Tower simply argues that *Doe's* modifications were not creative, *see* Opp. at 16:20-21 & 17:2-3. That argument goes to fair use, not copyrightability.

### 2. Doe's Use of the Ad and Chart for Non-Profit Commentary and Educational Purposes are Classic Fair Uses, Not Infringement.

Watch Tower persistently characterizes Doe as an "infringer." In fact, Doe simply made fair use of the materials, and "fair use is . . . wholly authorized by law." *Lenz v. Universal Music Corp.,* 815 F.3d 1145, 1151 (9th Cir. 2016). By sharing Watch Tower's works with a community of former and questioning Jehovah's Witnesses in order to inform discussion, Doe intended to use the Ad and Chart to promote fair and reasonable criticism (as well as understanding) of Watch Tower's practices. And as the Supreme Court has recognized, "fair and reasonable criticism" lies at the heart of fair use. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 550 (1985) (quoting *Folsom v. Marsh,* 9 F.Cas. 342, 344–345 (No. 4,901) (CC Mass.) (internal quotation marks omitted); *see also* 17 U.S.C. § 107 ("Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.").

On the first factor, Watch Tower does not seriously challenge the beneficial and transformative purpose of Doe's posts to the public. And while it emphasizes the fact that Doe posted a "copy" of each image, *see* Opp. at 16:19 & 16:23, it does not dispute that these posts were non-profit and educational rather than commercial in nature. *Harper & Row* makes clear that "[t]he crux of the profit/nonprofit distinction" in the fair use analysis is "whether the user stands to profit from exploitation of the copyrighted material without paying the customary

price." 471 U.S. at 562 (citing *Roy Export Co. Establishment v. Columbia Broadcasting System, Inc.,* 503 F.Supp. 1137, 1144 (S.D.N.Y. 1980); 3 Nimmer § 13.05[A][1], at 13-71, n. 25.3). Here, there is no reason to suppose Doe profited or sought to profit. Factor one favors fair use.

While Watch Tower contends that the Ad and Chart are creative in nature such that the second factor weighs against fair use, *see* Opp. at 17:6-11, it offers no factual support for that contention. Assertions supported solely by attorney argument should be disregarded. *See Bartlett v. Whole Foods Mkt.,* No. C 10-04922 JSW, 2011 WL 2295268, at *2 n.1. (N.D. Cal. June 10, 2011) ("disregard[ing] Plaintiff's unsupported assertions" in discovery dispute).

Moreover, the documents themselves tell a different story. The Ad, a request for donations, is both published and primarily informational, both characteristics that weigh in favor of fair use. *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 923 F. Supp. 1231, 1246 (N.D. Cal. 1995). The Chart is even less creative, and the cases Watch Tower cites do not suggest any other reading. Watch Tower looks to *Edwin K. Williams & Co. v. Edwin K. Williams & Co.-E.,* but the copyrightable content at issue in that case was the original, creative, and non-functional material included as part and parcel of the form. Among other things, the document "conclude[d] with tips on keeping regular records and using incentives to motivate employees: 'Make a game out of seeing how early each day you and your men can sell enough to cover the Daily Operating Expense.'" *Id.*, 542 F.2d 1053, 1060 (9th Cir. 1976). The Court in *Cont'l Cas. Co. v. Beardsley* similarly relied on "explanatory" language that was "inseparably included in [the] bonds and affidavits, which constitute the means for the practice of his Plan." *Id.*, 253 F.2d 702, 704 (2d Cir. 1958). In *Kregos v. Associated Press*, 937 F.2d 700, 704 (2d Cir. 1991), *cf.* Opp. at 17:16, the court merely rejected the defendant's argument for fair use as a matter of law. Moreover, while the factual compilation apparently lacked explanatory language equivalent to that in *Williams* and *Beardsley*, the form itself was original. *See Kregos,* 937 F.2d at 705 ("There is no prior form that is identical to his nor one from which his varies in only a trivial degree.").

Here, the form at issue is a standard Microsoft Excel spreadsheet that Watch Tower did not originate.

As for factor three, Doe does not contend the entire works were merely "relevant," *cf.* Opp. at 17:21-23. To the contrary, displaying them in their entirety was essential to Doe's informational purpose. *See* Dkt. 8 ("Mot.") at 12:16-17 ("Doe reproduced the Ad and Chart in their entirety, as was *necessary*") (emphasis added); 13:2-3 ("Doe could not have used any less of the Ad or the Chart to convey the same or equivalent information to others."). As explained in the Motion, posting the entire Chart was necessary to show people how the organization was handling *all* personal data in compliance with *all* applicable legal provisions. *See id.*; Dkt. 8-1 ("Doe Decl.") ¶¶ 10-11. Watch Tower suggests Doe should have re-summarized the Chart's contents, *see* Opp. at 18:2, but the Chart is *already* a summary of the relevant legal and factual information it contains. Doe also explained why using the entire Ad was necessary: so people could see that the entire back page of the magazine was being used for financial solicitation activities, and that it had the look and feel of an advertisement as a whole. *See* Doe Decl. ¶ 9. Watch Tower argues Doe could have achieved the same effect by linking to its website, *see* Opp. at 18:2., but that would have prevented users from viewing the Ad in the same window as user's comments, including while providing their own comments on both. Moreover, using the entire Chart and Ad was necessary for Doe to show that the information being conveyed came from the Jehovah's Witnesses and was not being mischaracterized or altered in transmission.

As for the fourth factor, the central question is whether the use supersedes or substitutes for the original in any actual or potential market. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994) (fourth factor considers whether "it is more likely that the new work will not affect the market for the original . . . by acting as a substitute for it ('superseding its objects'))." *Id.* (citations and alterations in original omitted); *see also id.* (In assessing the fourth factor, "the role of the courts is to distinguish between 'biting criticism that merely suppresses

demand and copyright infringement, which usurps it.'" *Id.* (quoting *Fisher v. Dees*, 794 F. 2d at 428 (alterations in original omitted)).

Doe's use does not supersede or substitute for the original Chart or Ad. First, there is no imaginable market for either work, and Watch Tower does not claim otherwise. *See* Opp. at 18:12-16 (citing *Ass'n of Am. Med. Colleges v. Cuomo*, 928 F. 2d 519, 526 (2d Cir. 1991) for the proposition that "[t]his case does not present the relatively straightforward situation in which the potential harm to a copyrighted work flows from direct competition with the assertedly fair use."). Second, Doe posted relatively low-resolution images of the Chart and Ad that would could not be enlarged (or reduced) without losing clarity. Even if a market existed, these images wouldn't serve as a substitute for the originals. *See, e.g.*, *Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) (finding fair use where, "[t]he thumbnail[-sized image]s would not be a substitute for the full-sized images because the thumbnails lose their clarity when enlarged").

Indeed, the only "market harm" that Watch Tower can muster is speculation that the Ad might divert viewers away from the magazine on Watch Tower's website. *See* Opp. at 18:10-11. But the Ad is only the back page of the magazine—an unlikely substitute for a whole magazine. Moreover, Doe posted these images in order to call them to the attention of members of the ex-jw subreddit, which could *encourage* them to visit the Watch Tower website to learn more for themselves. Finally, even this highly speculative harm has no bearing on the Chart.

**B.    The First Amendment Applies to Court Orders Compelling the Disclosure of Anonymous Speakers' Identities in this Circuit.**

Watch Tower, itself based in the United States, is asking this Court to uphold a subpoena to a U.S. corporation in this District, requiring disclosure of information about a user of that corporation's U.S.-based speech platform, but not to apply the First Amendment to that request. None of the cases it cites supports that request or even concern anonymous speech. Watch Tower instead cites inapposite cases involving foreign nationals—including enemy combatants—

asserting (1) the Fourth and Fifth Amendment with respect to (2) constitutional violations occurring in countries other than the U.S. Those cases are not persuasive here.

### 1. The First Amendment Independently Limits Government Action Abridging Speech in the United States.

The First Amendment independently limits the government's ability to abridge speech. In that respect, it is "[u]nlike, say, the Fourth Amendment, which begins by speaking of the 'right of the people to be secure in their persons, houses, papers, and effects.'" *Heffernan v. City of Paterson, N.J.*, 136 S. Ct. 1412, 1418 (2016). By contrast, "the First Amendment begins by focusing upon the activity of the Government. It says that "Congress shall make no law . . . abridging the freedom of speech." *Id.* In *Heffernan*, the Court relied on that principle to hold that government action can violate the First Amendment by abridging freedom of speech even if the speech at issue is not itself protected. There, a police officer was fired for holding a protest sign, which, it turned out, he was only carrying to deliver to his mother—not to express his own views. Even though the officer had not engaged in protected speech activity, the Court held that terminating him on the basis of that speech was still unconstitutional because the harm was the same: "tell[ing] the others that they engage in protected activity at their peril." *Id.*

Given the First Amendment's robust protection for free speech, courts have rejected the idea that the First Amendment is inapplicable to "extraterritorial publications." *See* Mot. at 16:4-18:2. In *Desai v. Hersh*, 719 F. Supp. 670, 676 (N.D. Ill. 1989), for example, the court refused to apply India's defamation laws in U.S. judicial proceedings relating to the publication and distribution of a book in India. The court did not base its decision on the fact that the defendant was a U.S. citizen, but on the self-evident principle that "[e]xtending First Amendment protections to extraterritorial re-publications of speech in certain instances may be necessary to insure the free flow of information to the American public." *Id.; see also id.* at 676-77 ("[S]o as not to chill speech inside the United States relating to matters of public concern, it may be necessary that First Amendment protections spill over to more extensive extraterritorial re-

publications of that speech, given the ease and likelihood of extraterritorial re-publication."). The court thus concluded that "[f]or purposes of suit in a United States court, the First Amendment would follow the speech through the international stream of commerce to protect extraterritorial re-publications." *Id.*

### 2. The Cases Cited by Watch Tower Do Not Involve the First Amendment or U.S. Court Orders

Watch Tower attempts to avoid these holdings by turning to a collection of inapposite cases. *See* Opp. at 6:8-7:28.[2] One of those cases, *Johnson v. Eisentrager* involved enemy combatants asserting that "their trial, conviction, and imprisonment" violate[d] Articles I and III of the Constitution and the Fifth Amendment thereto." 339 U.S. 763, 765 (1950). Contrary to Watch Tower's interpretation, the Supreme Court did *not* categorically reject any non-citizen's right to invoke the Constitution, but rather acknowledged that "[t]he alien, to whom the United States has been traditionally hospitable, has been accorded a generous and ascending scale of rights as he increases his identity with our society." *Id.* at 771. And the Court emphasized that the "disabilities this country lays upon the alien who becomes also an enemy are imposed temporarily as an incident of war and *not* as an incident of alienage." *Id.* at 772 (emphasis added).

*U.S. v. Verdugo-Urquidez* is equally unpersuasive. In that case, the Court reviewed a warrantless search that took place in Mexico and allegedly violated the Fourth Amendment. As the Court noted, the defendant was "a citizen and resident of Mexico with no voluntary attachment to the United States" and that "if there were a constitutional violation, it occurred solely in Mexico." 494 U.S. 259, 264 (1990). Here, by contrast, a constitutional violation would

---

[2] In *Sam Andrews' Sons v. Mitchell*, the Ninth Circuit held that the Attorney General abused its discretion in issuing a regulation that irrationally distinguished between commuter and resident aliens (*i.e.*, those who worked in the U.S., but travelled home at night, and those who worked and lived in the U.S.) under the Immigration and Naturalization Act. *See* 457 F.2d 745, 749 (9th Cir. 1972). Because it found the regulation unreasonable, it did not reach any constitutional question.

occur in the U.S.—specifically, in this District, where the Court order compelling Reddit would issue be effected. And the harm due to the abridgment of speech would be felt here as well. Watch Tower contends that other commentators have not yet been silenced by this suit, but it does not dispute the fact that Doe has fallen silent and stopped posting on the ex-jw subreddit altogether as a result of its Subpoena. If the Court orders Doe's identity disclosed, Doe will remain silent, and that will abridge access to speech in the U.S.

### 3. *Signature Management* Confirms Anonymous Speech Activities Receive First Amendment Protection in Copyright Litigation

Watch Tower relies heavily on *Signature Mgmt., LLC v. Automattic, Inc.*, 941 F. Sup. 2d 1145, 1154 (N.D. Cal. 2013) ("*Signature I*"). In fact, the case weighs in favor of quashing the subpoena.

*First*, with respect to the copyright claims, the Doe in *Signature I* distributed an entire textbook verbatim on a blog. *See id.* Here, Doe's post included just two single images, and that posting was a classic fair use.

*Second*, both the district court and the appeals court in *Signature I* specifically recognized the importance of protecting anonymity in copyright cases, both prior to and even after adjudication of infringement. Importantly, the district court did not permit the Doe's identity to be publicly disclosed during the litigation. "[T]o minimize the interference with free expression," ordered that "any information disclosed to [Plaintiff] in response to the subpoena . . . may not be disclosed to anyone other than the parties in this action and their counsel of record without further order of this Court." *Id.* at 1156. Accordingly, the user was able to minimize the disclosure of their identity during discovery through summary judgment.

After Doe was found liable for copyright infringement, the plaintiff again sought to unmask the Doe. On appeal, the Sixth Circuit still declined to require public disclosure. Instead, it remanded to the district court to weigh the presumption of public access to court records the harms of disclosure in the context of the user's anonymous speech activities as a whole. As it

explained: "Although Doe's infringing speech is not entitled to First Amendment protection, that speech occurred in the context of anonymous blogging activities that are entitled to such protection. An order unmasking Doe would therefore unmask him in connection with both protected and unprotected speech and might hinder his ability to engage in anonymous speech in the future." *Signature Mgmt. Team, LLC v. Doe,* 876 F.3d 831, 839 (6th Cir. 2017).

Doe's anonymous blogging history on the ex-jw subreddit should similarly factor into this Court's consideration of the harm disclosure would cause. Watch Tower admits that Doe has engaged for years in lawful anonymous blogging activities that sparked no allegations of infringement. See Opp'n at 1:8-12 ("For years Darkspilver has been discussing and debating 'matters related to the Jehovah's Witnesses," yet "Watch Tower never took any legal action against his years of voicing 'disagreement or doubts' about Jehovah's Witnesses' 'teachings and practices.'"). That whole history should be considered before Doe's identity is disclosed well in advance of any litigation—let alone any adjudication—of copyright infringement. The fact that some users are willing to speak freely without fear of facing the same consequences Doe faces now does not that negate the chilling effect the subpoena has already had on Doe or the likelihood that it will encourage others, including those who may already be unwilling to speak out, to stay silent.

But this case is unlike *Signature* in a key respect: the putative plaintiff. Watch Tower is part of the very organization and community within which Doe's is trying to shield his identity. While Watch Tower asserts that it cannot excommunicate Doe because it is not Doe's local church, *see* Opp. at 10:28-11:1. But it could disclose Doe's identity to their local church, which could then take further action.  But formal excommunication, or disfellowshipping, is not Doe's only concern. They also fear being socially isolated as community members bot to internal pressures to distance themselves and eventually cut ties with those that voice unpopular opinions. *See* Doe Decl. ¶¶ 4 & 12.

Reply ISO Motion to Quash 11 Case No: 3:19-mc-80005 SK

Watch Tower does not deny the likelihood of these harms, nor offer to take any step that might prevent or mitigate their effect. The only proof or assurance Watch Tower offers is that "the subjects of Watch Tower's DMCA subpoenas who were Jehovah's Witnesses before Watch Tower learned their identities via DMCA subpoenas continue to be Jehovah's Witnesses." Opp. at 11:7-9. Watch Tower's assertion that these individual remain Jehovah's Witnesses is simply irrelevant to the concerns Doe has voiced based on their firsthand experience over the course of a lifetime.

### C. Doe's Motion to Quash is Timely.

The 14-day deadline for objections to a subpoena does not apply to Doe. As the "party to whom the subpoenaed records pertain," Doe "*cannot* simply object," and must move to quash the subpoena instead. *McCoy v. Southwest. Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) (emphasis in original); *see also Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) (citing Rule 45 and stating that a party cannot rely upon objections to a subpoena served on a nonparty, "but must instead file a motion to quash or seek a protective order"); *Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2016 WL 4163560, at *4 (M.D. Fla. Aug. 5, 2016) (citing *id.*).

A motion to quash is not subject to the same 14-day deadline as subpoena objections; it must simply be "timely." Fed. R. Civ. P. 45(d)(3)(A). "As the leading commentators and the case law they rely upon explain, the '14–day requirement to object to a subpoena is not relevant to a motion to quash a subpoena.'" *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018) (citing Wright & Miller § 2463 and cases cited therein at n.10).

Even if the 14-day deadline for objections were applicable, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (quoting *McCoy*, 211 F.R.D. at 385 (citations and internal quotation marks omitted); *Am. Elec. Power*

*Co. v. U.S.,* 191 F.R.D. 132, 136 (S.D. Oh. 1999); *In re Motorsports Merch. Antitrust Litig.,* 186 F.R.D. 344, 349 (W.D.Va.1999); *Alexander v. F.B.I.,* 186 F.R.D. 21, 34 (D.D.C. 1998); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

"Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *McCoy,* 211 F.R.D. at 38 (citing *Am. Elec. Power Co.,* 191 F.R.D. at 136–37; *Alexander,* 186 F.R.D. at 34; *Concord Boat Corp.,* 169 F.R.D. at 48). That means even "*untimely* objections may be excused." *Arthur J. Gallagher & Co. v. O'Neill*, No. CV 17-2825, 2017 WL 5713361, at *2 (E.D. La. Nov. 27, 2017), *on reconsideration*, No. CV 17-2825, 2017 WL 6524044 (E.D. La. Dec. 21, 2017) (citations omitted).

All three sets of unusual circumstances are present here.

*First,* Watch Tower's subpoena exceeds the bounds of fair discovery by seeking to overcome the First Amendment privilege that applies to attempts to unmask anonymous speakers in discovery. *See USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 906 (N.D. Cal. 2010) ("In order to protect anonymous speech, efforts to use the power of the courts to discover the identities of anonymous speakers are subject to a qualified privilege. This privilege recognizes the Constitutional protection afforded pseudonymous speech over the internet, and the chilling effect that subpoenas would have on lawful commentary and protest."). Moreover, given the discretion district courts have over discovery matters, "where a constitutional privilege is involved a trial court possesses the discretion not to find waiver. This is particularly true, as the district court noted, when the alleged waiver is accomplished by inaction rather than action." *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998).

*Second,* Doe has not been sued, and is not a party to any litigation. Doe is a private individual with limited resources who lives overseas. Doe has been acting in good faith and with extreme diligence in retaining counsel within 20 days, and having counsel draft and file a motion within a month of being retained.

*Third,* Watch Tower and Reddit's counsel are continuing to confer over the subpoena, to the best of Doe's knowledge. Given Watch Tower's ongoing dispute over the scope of the subpoena with its recipient, Watch Tower cannot seriously argue it inferred any waiver from Doe's inaction or suffered any prejudice from a delay in compliance it could not have obtained regardless.

### D. If This Court Lacks Jurisdiction to Adjudicate Watch Tower's Putative Copyright Claims Against Doe, the Subpoena to Reddit is Void.

Watch Tower contends that Doe admitted a lack of personal jurisdiction. *See* Opp. at 1:5-9 ("Darkspilver seeks to . . . invoke[e] First Amendment rights . . . in a court that, by his own admission, does not have the requisite personal jurisdiction to adjudicate the copyright infringement claim."). Doe's motion to quash did not in fact challenge this Court's personal jurisdiction given Doe's purposeful availment of the First Amendment in that motion.

But to the extent Watch Tower contends this Court lacks personal jurisdiction to adjudicate a copyright claim against Doe, that contention renders its subpoena void. In *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 80 (1988), the Court held that "the subpoena power of a court cannot be more extensive than its jurisdiction." *Id.* That means if the "court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void and an order of civil contempt based on refusal to honor it must be reversed." *Id.*

In recognition of these limits, the court in *Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128 (D.D.C. 2009), refused to unmask a pseudonymous web user partly because the user, a Minnesota resident, would not have been subject to personal jurisdiction in Washington, D.C.

There was "no basis to believe that [the copyright owner] can establish personal jurisdiction over defendants . . . . Sinclair's anticipated response that defendants' statements posted on the Internet can be downloaded and viewed in the District of Columbia is insufficient to establish personal jurisdiction, even if Sinclair were located here rather than in Minnesota." *Id.* at 133 (citing *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511–12 (D.C. Cir. 2002)). As Doe has stated, *see* Doe Decl. ¶ 6, and Watch Tower does not dispute, Doe does not live in the U.S. and was not in the U.S. at any time relevant to this case. To the extent that deprives the Court of personal jurisdiction over Doe, it also renders the subpoena void.

### III. CONCLUSION

For the foregoing reasons and those set forth in the Motion to Quash, Doe respectfully requests that the Court quash Watch Tower's Subpoena to Reddit rather than restrict speech on the basis of facially specious copyright claims.

Dated: April 16, 2019                    Respectfully submitted,

                                         By:   *Alexandra H. Moss*
                                                Alexandra H. Moss

                                                Alexandra H. Moss (SBN 302641)
                                                alex@eff.org
                                                Corynne McSherry (SBN 221504)
                                                corynne@eff.org
                                                ELECTRONIC FRONTIER FOUNDATION
                                                815 Eddy Street
                                                San Francisco, CA  94109
                                                Tel.:  (415) 436-9333
                                                Fax.: (415) 436-9993

                                                Attorneys for Movant
                                                *Electronic Frontier Foundation*