Corynne McSherry (SBN 221504)
corynne@eff.org
Alexandra Moss (SBN 302641)
alex@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Tel.:  (415) 436-9333
Fax.: (415) 436-9993

*Counsel for Movant
John Doe*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re DMCA Section 512(h) Subpoena to Reddit, Inc.** | Case No.: 3:19-mc-80005 SK <br><br> **ELECTRONIC FRONTIER FOUNDATION'S MOTION ON BEHALF OF JOHN DOE FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  LEGAL STANDARD.................................................................................................... 2

III. ARGUMENT................................................................................................................. 3

    A.  The Court Erred in Concluding that Watch Tower Satisfied the First Prong of the *Highfields* Test for Unmasking Anonymous Speakers............................................ 3

        1.  For purposes of a DMCA subpoena, fair use must be considered to determine whether copyright holders satisfy *Highfields*.................................................. 3

        2.  Watch Tower cannot establish a *prima facie* case of copyright infringement given undisputed facts establishing fair use. .................................................. 4

        3.  The Court should have required more than bare assertions of copyright ownership given the public value of Doe's speech. ........................................ 5

    B.  The Court Erred in Ordering Disclosure Despite the Balance of Harms Tipping Sharply in Doe's Favor. ........................................................................................ 6

        1.  The Court's decision effectively ignores *Highfields*....................................... 6

        2.  The Court erred in ignoring the chilling effects that enforcing the subpoena will have on discussion of Watch Tower publications.................................... 7

        3.  The Court erred in authorizing disclosure to Watch Tower's in-house counsel................................................................................................................ 8

    C.  The Court Erred in Failing to Quash Watch Tower's Subpoena Under the Federal Rules of Civil Procedure as Needlessly Burdensome. .............................................. 9

        1.  Watch Tower does not need to know Doe's name to file or serve a complaint. ............................................................................................................................ 9

        2.  Watch Tower does not need—and could not use—Doe's name to determine how many people visited Watch Tower's website. ...................................... 10

IV.  CONCLUSION............................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*America Online, Inc. v. Anonymous Publicly Traded Co.*,
　261 Va. 350, 542 S.E.2d 377 (2001) ...................................................................................... 6

*Art of Living Found. v. Does 1-10*,
　No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ......................... *passim*

*Campbell v. Acuff-Rose Music*,
　510 U.S. 569 (1994)), *aff'd*, 422 F. App'x 651 (9th Cir. 2011) ............................................. 11

*Columbia Ins. Co. v. seescandy.com*,
　185 F.R.D. 573 (N.D.Cal.1999) ............................................................................................. 6

*Doe v. Does*,
　No. 4:15MC05-RH/CAS, 2015 WL 7068175 (N.D. Fla. Nov. 6, 2015) ................................ 2

*Doe v. Does*,
　No. 4:15MC5-RH/CAS, 2015 WL 7015322 (N.D. Fla. Nov. 11, 2015) ................................ 2

*Doe v. Reed*,
　561 U.S. 186 (2010) ................................................................................................................ 5

*Fernandez v. California Dep't of Corr. & Rehab.*,
　No. 2:11-CV-01125 MCE, 2014 WL 794332 (E.D. Cal. Feb. 27, 2014) ............................... 9

*Fisher v. Dees*,
　794 F.2d 432 (9th Cir. 1986) ................................................................................................ 11

*Gilmore v. Wells Fargo Bank N.A.*,
　No. C 14-2389 CW, 2014 WL 3749984 (N.D. Cal. July 29, 2014) ..................................... 10

*Groupion, LLC v. Groupon, Inc.*,
　859 F. Supp. 2d 1067 (N.D. Cal. 2012) ................................................................................ 10

*Highfields Capital Mgmt., L.P. v. Doe*,
　385 F. Supp. 2d 969 (N.D. Cal. 2005) ........................................................................... *passim*

*In re Anonymous Online Speakers*,
　661 F.3d 1168 (9th Cir. 2011) ............................................................................................ 5, 6

*In re Subpoena Duces Tecum to America Online, Inc.*,
　No. 40570, 2000 WL 1210372 (Va.Cir.Ct. Jan. 31, 2000) ..................................................... 6

*In re Subpoena issued to Birch Commc'ns, Inc.*,
　No. 1:14-CV-3904-WSD, 2015 WL 2091735 (N.D. Ga. May 5, 2015) ................................ 2

*Leadsinger, Inc. v. BMG Music Pub.*,
    512 F.3d 5220 (9th Cir. 2008) ........................................................................................ 6

*Lenz v. Universal Music Corp.*,
    815 F.3d 1145 (9th Cir. 2016) ........................................................................................ 3

*Music Grp. Macao Commercial Offshore Ltd. v. Does*,
    2 F. Supp. 3d 979 (N.D. Cal. 2015) ............................................................................... 7

*Perry v. Schwarzenegger*,
    591 F.3d 1147 (9th Cir. 2010) ........................................................................................ 5

*Sedgwick Claims Mgmt. Servs., Inc. v. Delsman*,
    No. C 09-1468 SBA, 2009 WL 2157573 (N.D. Cal. July 17, 2009) ..................................... 11

**Statutes**

17 U.S.C. § 512.............................................................................................................. 2, 3

28 U.S.C. § 636................................................................................................................. 3

**Other Authorities**

Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential
    Information and/or Trade Secrets (N.D. Cal.) § 7.3, ................................................. 9

## I. INTRODUCTION

The Watch Tower Bible and Tract Society ("Watch Tower") has no cognizable copyright claim against Movant John Doe and therefore no need for discovery. This is an attempt by Watch Tower to use the Digital Millennium Copyright Act ("DMCA") to uncover the true identity of an anonymous online commentator, not to pursue a legitimate copyright case.

The Court found that the undisputed facts for each of the relevant factors show that Doe's use—including a picture of the back page of Watch Tower's magazine in a post commenting on its contents—was fair and authorized by law. On that basis, it should have quashed Watch Tower's subpoena under the first prong of the test set forth in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005). Given the public interest in Doe's speech, Watch Tower's subpoena requires applying the most exacting standard. Instead, the Court let Watch Tower satisfy *Highfields* with bare assertions of copyright ownership that defy the factual record. That was error.

In considering the balance of harms, the Court correctly concluded they tip sharply in favor of protecting Doe's anonymity, particularly in light of Watch Tower's failure to demonstrate any actual or likely harm. But again, the Court erred in failing to quash the subpoena under *Highfields* on that basis. Instead, the Court ordered disclosure to Watch Tower's counsel. That too was error. This type of half-measure is not consistent with *Highfields* or standard practice in intellectual property cases, and it does not address the harm of disclosure to Doe or deterrent effects on others.

It also ignores Watch Tower's failure to establish any legitimate reason it needs to know Doe's name. If Watch Tower wishes to enforce its copyright, it can file a complaint under Doe's pseudonym and serve it via counsel in the present action. Given Doe's engagement in this proceeding, Watch Tower can no longer contend it would be unable to adjudicate the copyright issues in this case without knowing Doe's name.

Correctly applied, both *Highfields* and the Federal Rules of Civil Procedure require granting Doe's motion in full and quashing Watch Tower's subpoena.

For the reasons that follow, Doe objects to and requests reconsideration of the Magistrate Judge's ruling to the extent it orders disclosure of identifying information about Doe to counsel for Watch Tower, instead of quashing the subpoena in its entirety.

## II.  LEGAL STANDARD

Motions to quash Digital Millennium Copyright Act ("DMCA") subpoenas, obtained pursuant to 17 U.S.C. § 512(h), are treated like other dispositive motions for which magistrate judges issue reports and recommendations that district courts review de novo. *See In re Subpoena issued to Birch Commc'ns, Inc.*, No. 1:14-CV-3904-WSD, 2015 WL 2091735, at *2 (N.D. Ga. May 5, 2015); *see also Doe v. Does*, No. 4:15MC05-RH/CAS, 2015 WL 7068175, at *1 (N.D. Fla. Nov. 6, 2015), *report and recommendation adopted*, No. 4:15MC5-RH/CAS, 2015 WL 7015322 (N.D. Fla. Nov. 11, 2015) (citing *id.*).

Doe's motion to quash the DMCA subpoena obtained by Watch Tower is a dispositive motion for the same reasons as in *Birch Communications*. There, the subpoena "arose from alleged copyright infringement that [wa]s not yet-and may never become-the subject of an action pending in any court." *Birch Commc'ns*, 2015 WL 2091735, at *2. Instead of obtaining a subpoena through discovery procedures in any pending case, the copyright holder "obtained the Subpoena pursuant to 17 U.S.C. § 512(h)." *Id.* Because the sole purpose of a § 512(g) subpoena is "'to obtain the identity of an alleged infringer,'" *id.* (quoting 17 U.S.C. § 512(h)(2)(C)), "[t]he question of whether or not to enforce [it wa]s the only matter before the [C]ourt," the resolution of which "determines with finality the duties of the parties." *Id.* (citation omitted).

The circumstances here are the same: Watch Tower's subpoena arose from allegations that may never lead to a lawsuit and was obtained pursuant to § 512(h) solely to obtain Doe's identity, making the question whether to enforce it—and compel Reddit to disclose Doe's

identity— the only matter before the Court, and one that will determine the parties' duties respecting the subpoena with finality. In this context, Doe's motion to quash is a dispositive motion reviewed de novo pursuant to 28 U.S.C. § 636(b)(1).

### III. ARGUMENT

#### A. The Court Erred in Concluding that Watch Tower Satisfied the First Prong of the *Highfields* Test for Unmasking Anonymous Speakers.

##### 1. For purposes of a DMCA subpoena, fair use must be considered to determine whether copyright holders satisfy *Highfields*.

For the reasons that follow, Doe objects to and requests reconsideration of the Magistrate Judge's ruling to the extent it orders disclosure of identifying information about Doe to counsel for Watch Tower, instead of quashing the subpoena in its entirety.

The Court erred in disregarding fair use entirely in determining whether Watch Tower had made a sufficient showing under the first step of the *Highfields* test. This is an action to enforce a DMCA subpoena. The Ninth Circuit has held that "for the purposes of the DMCA[,] fair use is uniquely situated in copyright law so as to be treated differently than traditional affirmative defenses." *Lenz v. Universal Music Corp.,* 815 F.3d 1145, 1153 (9th Cir. 2016). "[B]ecause 17 U.S.C. § 107 created a type of non-infringing use, fair use is 'authorized by the law,'" and therefore, "a copyright holder must consider the existence of fair use before sending a takedown notification under § 512(c)." *Id.* Regardless of whether fair use must be considered in other situations, it must be considered here, where the subpoena is based on the DMCA, which requires copyright holders to consider fair use before they even initiate court action.

The Court cited no authority for disregarding fair use at the first step of *Highfields* where, as here, the Court's own fact findings weigh overwhelmingly in favor of fair use and against infringement. *Art of Living* does not support that approach; the Court made clear its decision turned on the balance of harms at the second step of the analysis, not the adequacy of the copyright holder's showing at the first. *See Art of Living Found. v. Does 1-10*,

No. 10-CV-05022-LHK, 2011 WL 5444622, at *8 (N.D. Cal. Nov. 9, 2011) ("[B]ecause the Court finds that Plaintiff has failed to meet its burden under *Highfields'* second prong, it is unnecessary to determine whether Plaintiff's evidence is sufficient to establish a *prima facie* case of copyright infringement.").

Although the court in *Art of Living* relied on the balance of harms, it emphasized that fair use might require consideration at the first step of *Highfields* in other cases: "As the fair use doctrine enshrines an important First Amendment protection, a court determining whether to unmask an anonymous defendant might consider fair use arguments raised in a motion to quash even where the applicable standard requires only a *prima facie* showing of the plaintiff's claim." *Art of Living*, 2011 WL 5444622, at *8 n.6 (N.D. Cal. Nov. 9, 2011). Moreover, *Art of Living* did not involve a subpoena issued pursuant to the DMCA which independently requires copyright holders to consider fair use before invoking its provisions.

### 2. Watch Tower cannot establish a *prima facie* case of copyright infringement given undisputed facts establishing fair use.

The Court's decision to ignore fair use at the first step of *Highfields* led it to ignore the self-evident reason why Watch Tower does not need Doe's name: it has no enforceable copyright claim to pursue in any U.S. court. As shown below, the Court's own fair use analysis makes that clear, finding the undisputed facts support fair use for each relevant factor:

(1) **Purpose and character of use:** "There is no factual dispute about the posting. However, because of the nonprofit nature of Darkspilver's posting and his stated purpose to evoke conversation, the Court finds that this factor weighs in favor of Darkspilver." (15:15-17).

(2) **Nature of the Copyrighted Work:** The work was "published in November 2018," "largely informational and functional, directing readers how to make donations online," and therefore "this factor also weighs in favor of Darkspilver." (15:28-16:2).

(3) **Amount and Substantiality of Portion Used:** The posting used "only a small portion of the copyrighted work as a whole – the thirty-two page November 2018 Watch Tower magazine. The advertisement was on the last page of the magazine. Again, there is no factual dispute about this issue. Nor was the advertisement qualitatively the heart of the published magazine, which was full of articles discussing matters of faith for Jehovah's

Witnesses. In contrast, the advertisement described how to make online donations to the organization." (16:11-16).

**(4) Effect of Use on Potential Market for or Value of Copyrighted Work**: "Watch Tower has not demonstrated any actual harm or likelihood of future harm." (16:28).

Based on these findings all pointing in favor of fair use, the Court should have concluded its analysis at the first step of *Highfields*, and quashed Watch Tower's subpoena on that basis. There is no reason to allow discovery on a claim that would be fruitless to pursue.

### 3. The Court should have required more than bare assertions of copyright ownership given the public value of Doe's speech.

The Court applied far too low a standard to Watch Tower's request to invade the right to anonymous speech on matters of public concern—here, the solicitation practices of a powerful international organization. According to the Ninth Circuit, "the nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery disputes." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011) (*citing Perry v. Schwarzenegger*, 591 F.3d 1147, 1160–61 (9th Cir. 2010); *Doe v. Reed*, 561 U.S. 186, 130 S.Ct. 2811, 2817–18 (2010)); *accord Art of Living*, 2011 WL 5444622, at *5 ("In choosing the proper standard to apply, the district court should focus on the 'nature' of the speech conducted by the defendant, rather than the cause of action alleged by the plaintiff.") (citations omitted).

The Court here found that "Darkspilver anonymously posted to the Reddit forum to comment on and foster thoughtful and critical dialogue on the practices of Jehovah's Witnesses," and concluded that "Darkspilver's speech was a matter of public interest." Order at 9:13-15. On that basis, the Court should have applied the highest possible standard to Watch Tower's request. Instead, it applied the lowest standard imaginable, relying on Watch Tower's bare assertion of ownership and Doe's assertion of fair use to find *Highfields*'s first prong satisfied. *See* Order at 10:12-17 & 10:25-27. That was error.

Neither *Highfields* nor *Art of Living* supports this low a bar for copyright owners seeking to unmask anonymous online speakers. As the Ninth Circuit has noted, "[t]he lowest bar that courts have used is the motion to dismiss or good faith standard." *In re Anonymous Online Speakers*, 661 F.3d at 1175–76 (citing *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573 (N.D.Cal.1999); *In re Subpoena Duces Tecum to America Online, Inc.,* No. 40570, 2000 WL 1210372 (Va.Cir.Ct. Jan. 31, 2000) (*rev'd on other grounds*, *America Online, Inc. v. Anonymous Publicly Traded Co.,* 261 Va. 350, 542 S.E.2d 377 (2001))). At the very least, the Court here should have applied the low bar of the motion to dismiss standard, and required at least a plausible claim before violating the right to anonymous speech.

Had the Court applied the motion to dismiss standard, it would have granted Doe's motion to quash based on the undisputed facts establishing Doe's use was fair and therefore authorized as a matter of law. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008) (approving of "the district court's resolution of the fair use issue at the motion to dismiss stage []as proper"). Applying the higher standard this Court has deemed "these [Doe] tests [to] resemble," namely, "the preliminary injunction inquiry,"—*Art of Living*, 2011 WL 5444622, at *4—would produce the same result. Under any standard applicable to speech on matters of public concern, the undisputed facts of fair use are fatal to Watch Tower's subpoena.

### B. The Court Erred in Ordering Disclosure Despite the Balance of Harms Tipping Sharply in Doe's Favor.

#### 1. The Court's decision effectively ignores *Highfields*.

The Court's decision to order disclosure despite finding that the harms tip *sharply* in Doe's favor—and Watch Tower's failure to demonstrate any actual or future harm—was error.

The Court acknowledged that Doe "demonstrated significant harms if his identity were revealed publicly or even if it were revealed to Jehovah's Witnesses in his congregation." (12:28-13:2). By contrast, Watch Tower demonstrated no actual or likely harm. *See* Order at

16:28. Thus, "[i]n balancing the harms, while considering the fair use defense, the Court f[ound] that they tip sharply in Darkspilver's favor." (17:8-9). Again, the Court's own findings require quashing Watch Tower's subpoena according to the letter and spirit of *Highfields*.

But instead of reaching a result that reflected the Court's balancing of the harms, it ordered disclosure of Doe's identity to Watch Tower's in-house counsel. Doing so defeats the purpose of *Highfields*; when the harms of unmasking a Doe outweigh those of denying a copyright holder's subpoena, it must be quashed. Holding otherwise eviscerates *Highfields*'s protections for anonymous speech as a practical matter. Given Doe's demonstration of harm and Watch Tower's failure to show anything that could alter the balance, the Court erred in failing to grant Doe's motion in full and quash Watch Tower's subpoena.

### 2. The Court erred in ignoring the chilling effects that enforcing the subpoena will have on discussion of Watch Tower publications.

Although the Court found the balance of harms tipped in Doe's favor, it erred in failing to consider the chilling effects that forced disclosure of Doe's name will have on open discussion of Watch Tower publications and practices by others. Courts "must ask 'whether disclosure of the defendant's identity would deter other critics from exercising their First Amendment rights.'" *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 986 (N.D. Cal. 2015) (*Art of Living,* 2011 WL 5444622 at *7–*8 (citing *Highfields,* 385 F. Supp. 2d at 980–81)). Given the nature of Doe's speech, it was error for the Court to ignore how its order would affect the speech of nonparties in the future.

Although the Court acknowledged the existence of other anonymous commenters Watch Tower publications within the ex-jw community on Reddit, it did not consider the effect of its order on members of that community. As Doe's declaration explains, anonymity on Reddit uniquely facilitates open discussion of matters related to the Jehovah's Witnesses that is not possible elsewhere. *See* Decl. of John Doe (Darkspilver) in Supp. Mot. Quash Subpoena to

Reddit, Inc. (Dkt. 8-1) ("Doe Decl.") at 2:24-27. The Court should have considered the message disclosing Doe's identity in this case would send to others, including the chilling effect on fair—and therefore authorized—uses of Watch Tower's publications. Otherwise, the DMCA will become a tool for silencing and deterring protected speech instead of incentivizing creativity.

### 3. The Court erred in authorizing disclosure to Watch Tower's in-house counsel.

The Court erred in finding that "Darkspilver's concerns stem largely out of his fear that those in his congregation will discover his identity and shun him," and therefore, "[i]f Reddit reveals Darkspilver's identity to Watch Tower's counsel, under an 'attorney's eyes only' restriction, then any harm to Darkspilver would be alleviated." Order at 17:9-12. That mischaracterizes Doe's concerns and ignores the well-established practice of *not* disclosing highly confidential information to in-house counsel.

Doe set forth their reasons for speaking about these topics only on Reddit and only anonymously: "In my experience, people who voice their disagreement or doubts ultimately face rejection and disapproval from other members of the Jehovah's Witness community, including leadership and ordinary members." Doe Decl. at 2:14-17. Doe did not once reference their local congregation or suggest their fears were limited to disclosure to its members. To the contrary, Doe explained that "[t]he Jehovah's Witness organization is based in the United States, but has members around the world," and that "the organization's leadership and direction affects us all." Doe Decl. at 3:10-14.

Disclosure of highly-confidential information to in-house counsel is not permissible in a standard intellectual property case. For example, this District's standard Model Protective Order authorizes the disclosure of information that is highly confidential and for attorneys' eyes only to "the Receiving Party's Outside Counsel of Record," not in-house counsel. *See* Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade

Secrets (N.D. Cal.) § 7.3, available at: https://www.cand.uscourts.gov/model-protective-orders (last visited May 30, 2019). And it defines "Outside Counsel" to exclude attorneys who are employees of a party, like Watch Tower's counsel of record is here. *Compare id.* § 2.12 (defining "Outside Counsel of Record" as "attorneys who are not employees of a party to this action") *with* Decl. of Paul D. Polidoro in Supp. of Watch Tower's Opposition to Motion to Quash (Dkt. 12) at 2:4-6 ("I am an Associate General Counsel of Watch Tower Bible and Tract Society in Pennsylvania").

Given the noncommercial nature of and public interest in Doe's speech, Doe should receive at least the same protection that private companies routinely receive for commercial information without comparable constitutional protection.

**C.  The Court Erred in Failing to Quash Watch Tower's Subpoena Under the Federal Rules of Civil Procedure as Needlessly Burdensome.**

Under the Federal Rules of Civil Procedure, "[t]he court must limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Fernandez v. California Dep't of Corr. & Rehab.*, No. 2:11-CV-01125 MCE, 2014 WL 794332, at *2 (E.D. Cal. Feb. 27, 2014) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)). The Court failed to consider whether the Federal Rules require rejecting Watch Tower's request because it has no genuine need for the information sought that could possibly support the request.

In particular, Watch Tower does not need to know Doe's name either to pursue legal action or discover evidence relevant to market harm (and thus fair use). It was error for the Court to conclude otherwise and order disclosure on either ground.

**1.  Watch Tower does not need to know Doe's name to file or serve a complaint.**

Copyright holders do not need to know a defendant's name to commence litigation, at least where, as here, the putative defendant is already participating in litigation against them. As this Court has held, when a Doe "engage[s] in the litigation, albeit under a pseudonym, [that] diminishes the Plaintiff's need to obtain his true name." *Art of Living*, 2011 WL 5444622, at *10. Here, as in *Art of Living*, Doe's engagement in this proceeding diminishes Watch Tower's need to know Doe's true name. It was error for the Court to order disclosure without considering Doe's participation and its effect on Watch Tower's proffered need.

### 2. Watch Tower does not need—and could not use—Doe's name to determine how many people visited Watch Tower's website.

Copyright holders also do not need to know a defendant's name to determine if markets for their original works suffer harm. Nevertheless, the Court permitted disclosure of Doe's name on the theory that Watch Tower needed such information to demonstrate its far-fetched theory of market harm based on the direction of traffic away from www.jw.org, the Jehovah's Witness organization's website. *See* Order at 17:5-6 ("Perhaps Watch Tower, if provided the opportunity, could demonstrate that fewer people visited its website after Darkspilver's posting."). That was wrong for at least three reasons.

*First*, the Court acknowledged that Watch Tower demonstrated no actual harm or likelihood of future harm. *See* Order at 16:28. But it credited what Watch Tower's counsel "argued generally at the hearing," namely, "that the harm it suffered from people infringing on its copyrights was directing others away from its website." Order at 16:28-17:2. It was error for the Court to rely on this argument from Watch Tower's counsel to contravene record evidence establishing that fair use and the balance of harms require granting Doe's motion. Attorney argument is not evidence. *See, e.g.*, *Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1074 n.3 (N.D. Cal. 2012) ("Attorney argument is not evidence."); *Gilmore v. Wells Fargo Bank N.A.*, No. C 14-2389 CW, 2014 WL 3749984, at *3 (N.D. Cal. July 29, 2014) (same).

*Second,* the number of visitors to Watch Tower's website is irrelevant to market harm in this context. If Doe's commentary on Watch Tower's publications drew visitors away from Watch Tower's website, that is not copyright harm. "[W]hen a lethal parody, like a scathing theater review, kills demand for the original, it does not produce a harm cognizable under the Copyright Act." *Sedgwick Claims Mgmt. Servs., Inc. v. Delsman*, No. C 09-1468 SBA, 2009 WL 2157573, at *7 (N.D. Cal. July 17, 2009) (quoting *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 591-92 (1994)), *aff'd*, 422 F. App'x 651 (9th Cir. 2011) (citations omitted); *see also Fisher v. Dees,* 794 F.2d 432, 438 (9th Cir. 1986) ("[T]he economic effect of a parody with which we are concerned is not its potential to destroy or diminish the market for the original—any bad review can have that effect—but rather whether it *fulfills the demand* for the original. Biting criticism suppresses demand; copyright infringement usurps it."). Even if Doe's commentary somehow diminished demand (despite including references to jw.org), that could not establish market harm here.

*Third*, even if Watch Tower had a theory of cognizable harm (which it does not), Doe's identity would be irrelevant to what it is supposedly trying to determine: whether Doe's posting had any discernible effect on web traffic to jw.org. Doe does not have information about Watch Tower's website; Watch Tower does. The Court's decision to order Doe's name disclosed so that Watch Tower could pursue information already in its possession was erroneous and unjust.

## IV. CONCLUSION

*Highfields*, properly applied, requires granting Doe's motion to quash Watch Tower's subpoena. Given the undisputed facts establishing the public's interest in Doe's speech, the fairness of Doe's use, and the overwhelming harm disclosure would cause Doe and others, Watch Tower's subpoena must be quashed.

For the foregoing reasons, Doe respectfully requests the Court reconsider and grant Doe's

motion to quash Watch Tower's subpoena in full.

Dated: June 1, 2019                                       Respectfully submitted,


                                        By:     *Alexandra H. Moss*
                                                Alexandra H. Moss

                                                Alexandra H. Moss (SBN 302641)
                                                alex@eff.org
                                                Corynne McSherry (SBN 221504)
                                                corynne@eff.org
                                                ELECTRONIC FRONTIER
                                                FOUNDATION
                                                815 Eddy Street
                                                San Francisco, CA  94109
                                                Tel.:  (415) 436-9333
                                                Fax.: (415) 436-9993

                                                *Counsel for Movant*
                                                *John Doe*