Paul D. Polidoro (admitted *pro hac vice*)
Watch Tower Bible and Tract Society
of Pennsylvania, Legal Department
100 Watchtower Drive
Patterson, NY 12563
ppolidor@jw.org
Tel.: (845) 306-1000
Fax: (845) 306-0709
Anthony V. Smith (SBN 124840)
Law Office of Anthony V. Smith
204 East Second Avenue, #331
San Mateo, CA 94401-3904
Telephone: 650-548-0100
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In Re DMCA Subpoena to Reddit, Inc. | : ) ) ) : ) ) : ) ) : ) ) : | CASE NO.  3:19-mc-80005-SK<br><br>Watch Tower Bible and Tract Society of Pennsylvania's Opposition to Electronic Frontier Foundation's Motion For De Novo Determination of Dispositive Matter Referred to Magistrate Judge |

1

**Table of Contents**

I. INTRODUCTION ........................................................................................................... 5

II. ARGUMENT .............................................................................................................. 6

    1. Darkspilver Is Not Entitled to De Novo Review of the Magistrate Judge's
        Order. ................................................................................................................... 6

    2. Should the Court Entertain This Motion for Reconsideration, Darkspilver's
        Motion to Quash Should Be Summarily Denied. ................................................. 9

A. Darkspilver's motion to quash is time-barred. ............................................... 9

B. Foreign nationals with no physical presence in the United States do not enjoy First Amendment
rights. ......................................................................................................... 10

C. Darkspilver did not satisfy his burden of proof on the motion to quash. ...................................... 11

D. A Federal Court cannot conduct a religious inquiry. ................................. 15

E. Watch Tower asserted a good faith DMCA-compliant copyright infringement notice because
Darkspilver's use of Watch Tower's works is not fair use. ............................. 17

III. CONCLUSION ....................................................................................................... 23

**Table of Authorities**

**Cases**

*AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No.2:16-mc-0145 KJM AC, 2016 U.S.Dist. Lexis 134879, 2016 WL 5469257 (E.D.Cal. Sept. 28, 2016)....................................................9

*Arista Records LLC* v. *Doe*, 604 F.3d 110, 118 (2d. Cir. 2010)....................................................5

*Art of Living Found.* v. *Doe*, No. 10-Civ-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011)............................................................................................................................. 13, 14

*Ass'n of Am. Med. Colleges v. Cuomo*, 928 F.2d 519 (2d Cir. 1991) .........................................23

*Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017)...........................................20, 23

*Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 U.S. Dist. LEXIS 142335, 2013 WL 5443036 (N.D.Cal. Sept. 30, 2013).................................................9

*Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ...............................................22

*Freed v. Home Depot U.S.A., Inc.,* Case No. 18cv359-BAS (LL), 2019 U.S. Dist. Lexis 23736, 2019 WL 582346 (S.D.Cal. Feb. 13, 2019)..................................................12

*Harper & Row* v. *Nation Enterprises*, 471 U.S. 539 (1985) .......................................................21

*Highfields Capital Mgmt. L.P.* v. *Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004).........................11

*Hustler Magazine, Inc.* v. *Moral Majority,* 796 F. 2d 1148 (9th Cir. 1986) ..............................22

*In re Automobile Antitrust Cases I&II*, 135 Cal. App. 4th 100 (Ct. of Appeal of Cal., 1st App. Dist., Div. 4, Dec. 22, 2005)..............................................................................12

*Lenz* v. *Universal Music Corp.*, 815 F.3d 1145 (9th Cir. 2016)............................................5, 23

*Paul* v. *Watchtower Bible & Tract Soc.*, 819 F. 2d 875 (9th Cir. 1987) ..............................14, 16

*Religious Tech. Ctr.* v. *Netcom On-Line Commun. Servs.*, 923 F. Supp. 1231 (N.D. Cal. 1995).................................................................................................................................22

*Roell* v. *Withrow*, 538 US 580 (2003) ..........................................................................................7

*Signature Mgmt. Team, LLC* v. *Automattic, Inc.*, 941 F. Supp. 2d 1145 (N.D.Cal. 2013) .. 12, 14

*Trump* v. *Hawaii*, 138 S.Ct. 2392 (2018) .............................................................................10, 11

*United States* v. *Ballard*, 322 U.S. 78 (1944)............................................................................16

*Wis.* v. *Yoder,* 406 U.S. 205 (1972) .............................................................................................16

*Worldwide Church of God* v. *Philadelphia Church of God, Inc.*, 227 F. 3d 1110 (9th Cir. 2000)...........................................................................................................................19, 21

**Statutes**

17 U.S.C. § 107.................................................................................................. 19, 21, 22, 23

3

17 U.S.C. § 512...............................................................................................5, 17, 18

17 U.S.C. §501...........................................................................................................17

28 U.S.C. § 636............................................................................................................6

**Other Authorities**

Standing Order for Magistrate Judge Sallie Kim.....................................................7, 8

**Rules**

Fed. R. Civ. P. 8........................................................................................................18

N.D. Cal. Civ. L.R. 1-4................................................................................................8

N.D. Cal. Civ. L.R. 73-1..............................................................................................6

# I. INTRODUCTION

Darkspilver states, "This is an attempt by Watch Tower to use the Digital Millennium Copyright Act ("DMCA") to uncover the true identity of an anonymous online commentator, not to pursue a legitimate copyright case." D.E. 20, at 1:2-5. If this were true, and there was no basis for Watch Tower's claim of copyright infringement, then the appropriate remedy for Darkspilver would have been to file a 17 U.S.C. § 512(f) Misrepresentation claim. But Darkspilver knows he cannot avail himself of this because: 1) he infringed Watch Tower's copyrighted works, and 2) well established law in this Circuit for §512(f) claims, only requires that copyright owners consider fair use before issuing a DMCA infringement notice. *Lenz* v. *Universal Music Corp.*, 815 F.3d 1145 (9th Cir. 2016).

Watch Tower considered fair use before issuing a DMCA infringement notice. When Darkspilver crossed the line from commentary to using Watch Tower's intellectual property, Watch Tower's team of attorneys and other forensic professionals reviewed a number of possible infringements and decided that those underlying the present subpoena were not fair uses of Watch Tower's copyrighted works. They chose not to pursue the others. Thus, Watch Tower complied with the law in this Circuit. Upon review of the record evidence, Judge Kim could not unequivocally hold that Darkspilver's use of Watch Tower's work constituted fair use.

Confronted with a good faith DMCA infringement notice, and the reality that "[t]he First Amendment does not [ ] provide a license for copyright infringement", Darkspilver demands nonetheless, that this Court ignore wholesale uses of Watch Tower's copyrighted works because his uses of Watch Tower's works under a caption were intended to "evoke conversation". Order Regarding Motion to Quash Subpoena (hereinafter "Order"), D.E. 18, at 15:15-17; *Arista Records LLC* v. *Doe*, 604 F.3d 110, 118 (2d. Cir. 2010)(citations omitted). If federal courts endorsed this position, then anyone could take an entire copyrighted work and display it,

knowing that if they are later sued for infringement, they can simply claim that they intended to evoke conversation.

Finally, Darkspilver succeeded in obtaining an order based on an unconstitutional excursion into religious doctrine, practice, and internal governance by claiming that compliance with the subpoena will result in religious "harms". By so doing, he creates the prospect that all future subpoena applications by Watch Tower will be thwarted simply by the infringer's assertion of religious "harm". If Darkspilver is successful, his case will effectively provide future copyright infringers a license to blatantly infringe copyrights. It will also provide infringers a means to get around the well-established Ninth Circuit law by requiring that copyright owners not only consider fair use, but also litigate the absence of fair use without the benefit of discovery, *before* they are allowed to file an infringement suit. Lastly, his case will establish that simply raising the specter of religious "harm" will quash legally obtained subpoenas. His motion to quash should therefore be denied.

## II. ARGUMENT

### 1. Darkspilver Is Not Entitled to De Novo Review of the Magistrate Judge's Order.

Darkspilver's implied consent to Judge Kim's authority to decide the motion to quash bars his request for *de novo* review of Judge Kim's order. Darkspilver should have filed a notice of appeal to the Court of Appeals of the Ninth Circuit. Notwithstanding, he improperly invokes 28 U.S.C. § 636(b)(1) in an effort to get another bite at the apple.

U.S. District Court Northern District of California Civil Local Rule 73-1 states,

> In cases that are initially assigned to a magistrate judge, unless the Clerk of the Court or the magistrate judge has set a different deadline in an individual case: (1) *Parties must either file written consent to the jurisdiction of the magistrate judge, or request reassignment to a district judge*, by the deadline for filing the initial case management conference statement. (2) If a motion that cannot be heard by the magistrate judge without the consent of the parties, pursuant to 28 U.S.C. § 636(c), is filed prior to the initial case management conference, *the parties must either file written consent to the jurisdiction of the magistrate judge, or request reassignment to a district judge, no later than 7 days after the motion is filed*.

6

(emphasis added).  Darkspilver never requested reassignment of the motion to quash to a district judge.

> Judge Kim's Standing Order states,
>
> In civil cases randomly assigned to Judge Kim for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent as soon as possible, and in no event later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

Standing Order for Magistrate Judge Sallie Kim (hereinafter "J. Kim Standing Order"), at 2.

Watch Tower filed its consent on January 14, 2019.  *See* Consent/Declination to Proceed Before a US Magistrate Judge by Watch Tower, D.E. 5.  Darkspilver never declined consent to assignment of the case to Judge Kim.  Having never requested reassignment of his motion to quash to a district judge, having never submitted a written declination to the assignment of the case to a Magistrate Judge, and having fully briefed and argued the matter, Darkspilver gave implied consented to assignment of this matter to Judge Kim.

In *Roell* v. *Withrow*, faced with a similarly strategic litigant, the Supreme Court concluded that a bright line rule requiring written declination to assignment of a magistrate judge "would allow parties . . . to sit back without a word about their failure to file the [consent] form, with a right to vacate any judgment that turned out not to their liking."  538 US 580, 590 (2003).  The Court continued, "Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority."  *Id.*  Thus, the Supreme Court held, "We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need to consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge."  *Id.* at 589.

While in the present case, there was no trial in the traditional sense, as Darkspilver acknowledges, "Doe's motion to quash the DMCA subpoena obtained by Watch Tower is a

dispositive motion . . . . the resolution of which determines with finality the duties of the parties."  Electronic Frontier Foundation's Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge, D.E. 20, at 6:16-25.  Furthermore, Judge Kim used the evidence before her to draw factual and legal conclusions.  *See e.g.* Order, at 12:28-13:1-2 ("The Court finds that Darkspilver has demonstrated significant harms if his identity were revealed publicly or even if it were revealed to Jehovah's Witnesses in his congregation.")  Furthermore, Darkspilver had a duty to follow the Local Rules and Judge Kim's Standing Order requiring written declination of consent to assignment of a Magistrate Judge.  *See* N.D. Cal. Civil L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction."); *see also* J. Kim Standing Order, at 1 ("The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.")

When Darkspilver presented oral argument before Judge Kim, he did not object to Judge Kim's assignment to this matter nor did he request that this matter be reassigned to a district judge.  Thus, Judge Kim issued an Order – not a Report and Recommendation.  Clearly, Judge Kim properly understood that Darkspilver consented to her assignment to decide the motion to quash.  Accordingly, the Court ordered Reddit "to respond to the subpoena and provide the requested information to Watch Tower's counsel", and ordered Watch Tower to seek further "approval in a Court Order from *this Court*" before using the data to pursue its copyright infringement action.  Order, at 17:15-18 (emphasis added).   As such, the principle of the *Roell* decision applies.

Because Darkspilver did not get the decision that he hoped for, he now files this request for *de novo* review in order to get a second bite at the apple, rather than properly appeal to the United States Court of Appeals for the Ninth Circuit.  Having consented to Judge Kim's authority, he has no right to *de novo* review.  His only remedy is to file a Notice of Appeal, and

his time to do so has not yet passed.

**2. Should the Court Entertain This Motion for Reconsideration, Darkspilver's Motion to Quash Should Be Summarily Denied.**

**A. Darkspilver's motion to quash is time-barred.**

"It is well settled that, to be timely, a Motion to Quash a subpoena must be made prior to the return date of the subpoena." *AmTrust N. Am., Inc.* v. *Safebuilt Ins. Servs.*, No.2:16-mc-0145 KJM AC, 2016 U.S.Dist. Lexis 134879, *5, 2016 WL 5469257 (E.D.Cal. Sept. 28, 2016)(citations omitted). Judge Kim incorrectly concluded that "the authority upon which Watch Tower relies applies to parties." Order, at 5:18.

To the contrary, parties do not issue Fed. R. Civ. P. 45 subpoenas to other parties. Subpoenas are only issued to non-parties. In both of the cases cited by Watch Tower on this point, the subpoenas at issue were non-party subpoenas. *See AmTrust N. Am., Inc.*, 2016 WL 5469257, *1 ("This is a Miscellaneous Case involving a deposition subpoena . . . directed to non-party Jeff Hohlbein."); *see also Dornell v. City of San Mateo*, No. CV 12-06065-CRB (KAW), 2013 U.S. Dist. LEXIS 142335, *4, 2013 WL 5443036 (N.D. Cal. Sept. 30, 2013)(deciding motion to quash non-party subpoenas issued to plaintiff's physicians and employer).

The return date of the subpoena was February 15, 2019. Order, at 5:21-22. Judge Kim erroneously stated that Darkspilver "did not even have notice of the subpoena until after that date, on February 22, 2019." *Id*. Paragraph 7 of Darkspilver's declaration filed in support of his motion to quash clearly states, "On February 7, 2019, I received a notice from Reddit of a subpoena for identifying and usage information associated with my user account." Declaration of John Doe (Darkspilver) in Support of Motion to Quash Watchtower (*sic*) Bible & Tract Society Inc.'s Subpoena to Reddit, Inc. Seeking Identifying Information (hereinafter "Darkspilver Decl."), D.E. 8-1, at 3:15-17. Thus, Darkspilver admits that he had notice of the

subpoena over a week *before* the return date.

Darkspilver could have filed a *pro se* motion to quash, or even a letter to the court requesting an extension of the deadline.  Darkspilver could have requested that Watch Tower extend the return date for the subpoena, or could have asked Reddit to request an extension on his behalf.  His failure to do any of those things renders his motion to quash time-barred.

**B. Foreign nationals with no physical presence in the United States do not enjoy First Amendment rights.**

Darkspilver is not a U.S. citizen.  Darkspilver Decl., at 3:5.  He is not a U.S. resident.  *Id.* He has no physical ties to the United States.  *Id.*  Notwithstanding these facts, the foundation of his motion to quash lies on the erroneous conclusion that aliens abroad enjoy First Amendment protections.  Judge Kim ruled in favor of that argument citing no case in the history of American jurisprudence that permits such a broad application of the First Amendment.  In contrast, the idea that the First Amendment does not apply to foreign nationals abroad has support.  In *Trump* v. *Hawaii*, Justice Thomas, citing the Supreme Court's decision in *U.S.* v. *Verdugo-Urquidez*, stated, "The plaintiffs cannot raise any other First Amendment claim, since the alleged religious discrimination in this case was directed at aliens abroad."  138 S. Ct. 2392, 2424 (2018) (Thomas, J., concurring)(citations omitted).  Justice Thomas's statement clearly presupposes that: 1) aliens abroad do not enjoy First Amendment rights, and 2) that U.S. citizen plaintiffs could not assert a First Amendment discrimination claim on behalf of aliens abroad.

In *Trump* v. *Hawaii*, U.S. citizens challenged the constitutionality of an Executive Order restricting the entry of certain foreign nationals from six countries because "it was motivated not by concerns pertaining to national security but by animus toward Islam."  *Id.* at 2406.  The Court noted the dilemma posed by the fact that "the entry restrictions apply not to plaintiffs themselves but to others seeking to enter the United States".  *Id.* at 2416.  The only reason that the Court proceeded to decide the First Amendment claim was because, "[t]he three individual

plaintiffs assert another, more concrete injury: the alleged real-world effect that the Proclamation has had in keeping them separated from certain relatives who seek to enter the country." *Id.*

In the present case, no U.S. citizen asserted a First Amendment right to hear the alleged speech uttered by Darkspilver in connection with the infringements at issue. The only alleged speech interest at issue here is the alleged speech interest of Darkspilver, who has no legal basis for asserting First Amendment protection. Since Darkspilver does not himself enjoy First Amendment protection, he also does not have standing to raise a First Amendment objection based on the First Amendment rights of others.

If Judge Kim's view is adopted by this Court, then any person, anywhere in the world, could assert a First Amendment right based on a simple allegation that there is a potential U.S. audience for the person's speech, or the simple fact that the person used a U.S.-based platform to utter the speech. Such a broad and sweeping application of U.S. Constitutional law is unfounded.

**C. Darkspilver did not satisfy his burden of proof on the motion to quash.**

The entire basis for Darkspilver's motion to quash is that enforcement of the subpoena will result in a specifically-alleged harm to Darkspilver – notably that Darkspilver will be disfellowshipped if Reddit complies with the subpoena[1]. Citing *Highfields Capital Mgmt. L.P. v. Doe,* 385 F. Supp. 2d 969 (N.D. Cal. 2004), Darkspilver argues that the "harm" of shunning must be weighed in the balance against the harm to Watch Tower if the subpoena is not

---

[1] Darkspilver briefly mentioned that if Watch Tower learns his identity, it will chill his speech. *See* Darkspilver Decl., at 4:27. However, Darkspilver provides no reason why he cannot continue to voice his concerns about Watch Tower using a different screen name. To be clear, the only reason Watch Tower had the ability to subpoena Reddit for Darkspilver's identity is because Darkspilver infringed Watch Tower's copyrights – not because Darkspilver voiced opinions about Watch Tower. If, moving forward, Darkspilver simply voices his opinions about Watch Tower using a different screen name or even the same screen name, there would be no way for Watch Tower to know if it is actually the same person rather than a copycat.

enforced.  He contends that the "harm" imposed by disfellowshipping far outweighs any harm to Watch Tower that would be created by quashing the subpoena – notably that Watch Tower will not be able to file suit for Darkspilver's copyright infringements and conduct discovery. *See Signature Mgmt Team, LLC* v. *Automattic, Inc.,* 941 F. Supp. 2d 1145, 1157 (N.D. Cal. 2013) (holding that the copyright holder "has an interest in obtaining [the infringer's] identity to facilitate a copyright infringement action . . . . as personal service will facilitate discovery, including a potential pre-trial deposition . . . .")

Since Watch Tower did not file the present motion, Watch Tower carries no burden to prove that the harm that it alleges will actually occur.  The fact of the infringement establishes the harm.  Darkspilver, on the other hand, "who move[d] to quash [the] subpoena has the burden of persuasion under Rule 45(c)(3)."  *Freed v. Home Depot U.S.A., Inc.,* Case No. 18cv359-BAS (LL), 2019 U.S. Dist. Lexis 23736, 2019 WL 582346 (S.D. Cal. Feb. 13, 2019).  As the movant for the motion to quash, Darkspilver must prove by a preponderance of evidence that the harm he claims will result from compliance with the subpoena – namely disfellowshipping– will actually occur if Reddit complies with the subpoena.  *See In re Automobile Antitrust Cases I&II,* 135 Cal. App. 4th 100 (Ct. of Appeal of Cal., 1st App. Dist., Div. 4, Dec. 22, 2005)(noting the burden of proof on a motion to quash is preponderance of evidence).

**i. Darkspilver failed to present sufficient evidence that he will be disfellowshipped.**

Darkspilver has not presented a scintilla of evidence, let alone a preponderance of evidence that the harm he claims will result from compliance with the subpoena will actually occur.  Darkspilver claims that if Watch Tower gains access to his identity, it will disfellowship him and thereby "damage[e] or destroy[ ] [his] relationships with friends and family who remain active members of the Jehovah's Witness community."  Darkspilver Decl., at 4:26-28, 5:1.

As a preliminary matter, Watch Tower has no ability to disfellowship Darkspilver.  *See*

Declaration of Paul D. Polidoro (hereinafter "Polidoro Decl."), D.E. 12, at 4:4-5. If however, more consideration is given to this claim of "harm", Watch Tower takes this opportunity to show why Darkspilver's claim is fatally flawed.

Darkspilver's claim that if Watch Tower learns his identity, he will be disfellowshipped and shunned by family and friends presupposes three things: 1) that Darkspilver is, in fact, one of Jehovah's Witnesses, 2) that Darkspilver currently maintains relationships with friends and family who are active members of the Jehovah's Witness community, and 3) that if Watch Tower learns Darkspilver's identity, it would disfellowship him. The record evidence is void of any support for these suppositions.

First, Darkspilver provides no proof that he is, in fact, one of Jehovah's Witnesses. The fact that Darkspilver was a regular contributor to the self-described Ex-Jehovah's Witness subreddit for several years lends greater support to the possibility that he is not one of Jehovah's Witnesses. If Darkspilver is not one of Jehovah's Witnesses, then he cannot be disfellowshipped from a congregation of Jehovah's Witnesses, and compliance with the subpoena threatens no "harm".

Second, Darkspilver provides no proof that he currently maintains relationships with friends and family who are active members of the Jehovah's Witness community. If Darkspilver does not actually have current relationships with active members of the Jehovah's Witness community, then the alleged "harm" has no basis.

Third, Darkspilver points to no instance in which Watch Tower has ever disfellowshipped a person. He provides no evidence that Watch Tower has ever publicly disclosed the name of a pseudonymous critic or subject of a DMCA subpoena. This is a key distinguishing fact from the facts in *Art of Living Found.* v. *Doe*, No. 10-Civ-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011). In that case, the alleged infringer, Skywalker, "submitted a declaration expressing concern that revealing his identity would "expose [him] and [his] family to

13

harassment and retaliation from loyal adherents of Ravi Shankar." *Id.* at \*9.  The Court took notice that "Skywalker support[ed] these contentions with a 'widely circulated' internet posting by an AOLF leader denouncing another 'dissident' and disclosing the contact information of acquaintances who could testify that the dissident was 'unstable'." *Id.*  Similarly, in *Signature Mgmt. Team, LLC* v. *Automattic, Inc.*, the alleged infringer asserted "his concern that he will be harassed and retaliated against by TEAM, including a potential defamation suit" if his identity were disclosed.  941 F. Supp. 2d 1145, 1150 (N.D. Cal. 2013).

The harassment and retaliation alleged in *Art of Living* and *Signature Mgmt* were legally cognizable harms.  Disfellowshipping or shunning, on the other hand, is not a legally cognizable "harm".  Rather, it is a legally protected exercise of the First Amendment's free exercise clause that Jehovah's Witnesses assert is a loving application of Galatians 6:1.  *See Paul* v. *Watchtower Bible & Tract Soc.*, 819 F. 2d 875, 883 (9th Cir. 1987).   Notwithstanding that important distinction, Watch Tower has no ability to disfellowship Darkspilver.  *See* Polidoro Decl., at 4:4-5.

In support of his claim that Watch Tower can harm him by disfellowshipping him, Darkspilver provided the Court with three news articles attached to the Alexandra Moss declaration.  These articles provide accounts of self-described ex-Jehovah's Witnesses who claim to have been shunned by friends or family members.  None of the people interviewed in these articles, however, claim to have been subjects of a Watch Tower DMCA subpoena.  None of the people quoted in these articles claim to have been disfellowshipped for copyright infringement or posting internal Watch Tower documents online.  Thus, even if all of the accounts in the three articles were accepted as true, none of the articles prove or lend support to the claim that *Darkspilver* would be disfellowshipped as result of his infringing Watch Tower's copyrights.

Watch Tower, on the other hand, provided Judge Kim and opposing counsel evidence

regarding the policy on disfellowshipping in congregations of Jehovah's Witnesses.  This religious doctrine published on the official website of Jehovah's Witnesses clearly states, "We do not automatically disfellowship someone who commits a serious sin."  "Do Jehovah's Witnesses Shun Former Members of Their Religion?" *available at:* https://www.jw.org/finder?wtlocale=E&docid=502012472&srcid=share (last viewed June 10, 2019).  The article continues,

> What of a man who is disfellowshipped but whose wife and children are still Jehovah's Witnesses? The religious ties he had with his family change, but blood ties remain. *The marriage relationship and normal family affections and dealings continue.*
>
> Disfellowshipped individuals may attend our religious services. If they wish, they may also receive spiritual counsel from congregation elders. The goal is to help each individual once more to qualify to be one of Jehovah's Witnesses. Disfellowshipped people who reject improper conduct and demonstrate a sincere desire to live by the Bible's standards are always welcome to become members of the congregation again.

*Id.*  Thus, although Watch Tower does not carry the burden of proof on this issue, it submitted proof contradicting Darkspilver's unsupported claim that: 1) he will automatically be disfellowshipped if his local congregation learns his identity, and 2) that all family affections and dealings will be entirely cut off if he is disfellowshipped.

Finally, even if Darkspilver could be disfellowshipped, disfellowshipping is a legally protected religious doctrine and practice under the Free Exercise Clause of the First Amendment – not a legally cognizable "harm".  And not to be forgotten is the fact that, Watch Tower has no ability to disfellowship Darkspilver.  *See* Polidoro Decl., at 4:4-5.

**D. A Federal Court cannot conduct a religious inquiry.**

As Darkspilver's counsel stated during oral argument, it cannot be ignored that Darkspilver raised "matters of religious faith and internal conscience."  *See* PDF with attached Audio File (hereinafter "Oral Argument"), D.E. 17, at minute marker 9:25.  By accepting Darkspilver's invitation to conduct a religious inquiry, the Court unconstitutionally entangled itself in matters of religious doctrine, practice, and internal governance.  It thereafter issued its

order based on religious findings, stating,

> Nevertheless, Darkspilver has expressed substantial concerns over having his identity revealed to anyone in the Jehovah's Witness community. The Court finds that Darkspilver has demonstrated significant harms if his identity were revealed publicly or even if it were revealed to Jehovah's Witnesses in his congregation.

Order, at 12:26-28 – 13:1-2. The First Amendment bars civil court's from issuing an order based on such religious inquiries and findings.

The United States Supreme Court has long held that "[h]eresy trials are foreign to our Constitution." *United States* v. *Ballard*, 322 U.S. 78, 86 (1944). Thus, religious doctrines cannot be subjected to an inquiry of truth or falsity. "When the triers of fact undertake that task, they enter a forbidden domain." *Id.* at 87.

Rather than accepting the truth about the nature and effect of the disfellowshipping process as established by the religion's official statements, the Court chose instead to assess the validity of those statements, reject them, and base its decision on Darkspilver's naked assertions. By so doing, the Court ignored well-established law protecting matters of religious doctrine, practice, and internal governance.

"The Jehovah's Witnesses' practice of shunning is protected under the first amendment of the United States Constitution." When "members of the Church . . . conclude[] that they no longer want to associate with [someone] . . . . [w]e hold that they are free to make that choice." *Paul*, 819 F. 2d at 883. "'[T]he values underlying the[] two provisions [of the first amendment] relating to religion have been zealously protected, sometimes even at the expense of other's interests.'" *Id.* at 883 *citing Wis. v. Yoder,* 406 U.S. 205, 214 (1972). "Churches are afforded great latitude when they impose discipline on members or former members. . . . '[R]eligious activities which concern only members of the faith are and ought to be free – as nearly absolutely free as anything can be.'" *Id.* citations omitted.

Rather than accept the fact that he was the beneficiary of an unconstitutional analysis,

16

Darkspilver continues to resist the Court's order that information about his identity be given to attorneys of record. He resists this because of an attorney's association with Watch Tower. This is nothing more than thinly disguised religious animus, which should be rejected by this Court.

Darkspilver successfully turned a routine copyright dispute into a religious inquiry. And the Court largely ruled in his favor as a result. He now seeks more – solely based on arguments involving questions that incite civil courts to become impermissibly entangled in matters of religious doctrine, practice, and internal governance. This ignores the remedies he had under the DMCA statute. 17 U.S.C. § 512(f). It also ignores the fact that copyright owners that allege a prima facie case of copyright infringement are entitled to discover the identity of alleged infringers. 17 U.S.C. § 512(h). Any attempt by the court to withhold such evidence from Watch Tower – a distinct corporate entity that holds intellectual property – on the basis that it has some relation to Jehovah's Witnesses, would in effect be a ruling on impermissible religious grounds. Such an unconstitutional entanglement in religious affairs should not be countenanced. The motion to quash should be denied in its entirety.

**E. Watch Tower asserted a good faith DMCA-compliant copyright infringement notice because Darkspilver's use of Watch Tower's works is not fair use.**

*i. Watch Tower alleged a prima facie copyright infringement claim.*

A claim of copyright infringement requires (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act. *See* 17 U.S.C. §501(a). Watch Tower provided proof of ownership of both the article and chart at issue. *See* Polidoro Decl., at 2:14-17. Darkspilver admitted to wholesale uses of Watch Tower's content. *See* Darkspilver Decl., at 3:18-20, 4:18-13. Thus Judge Kim concluded "that Watch Tower demonstrates a *prima facie* case of copyright infringement with respect to the advertisement . . . ." Order, at 12:1-2. The DMCA

requires no more of copyright owners in order to qualify for enforcement of a DMCA subpoena. *See* 17 U.S.C. § 512(h).  At this point, this motion to quash should be summarily denied.

      *ii. A decision on fair use at this juncture is woefully premature.*

      An affirmative defense such as fair use is properly introduced in responding to a pleading – not before a complaint has been filed.  *See* Fed. R. Civ. P. 8(c) ("(1) In General. In *responding to a pleading*, a party must affirmatively state any avoidance or affirmative defense, including: . . .") emphasis added.  In U.S. federal courts, a determination regarding the sufficiency of pleadings and an affirmative defense is rightfully made at the motion to dismiss stage – not before a complaint has been filed.  As such, Judge Kim prematurely conducted a fair use analysis.

      Another reason why it is improper to entertain an affirmative defense at this preliminary stage is because it is unclear whether U.S. copyright law should be applied in the copyright infringement analysis.  Judge Kim acknowledged that the Court may not have jurisdiction over Darkspilver, and Darkspilver declined to submit to personal jurisdiction in the Northern District of California.  *See* Oral Argument.  Still, the Court applied U.S. law to the substantive issue when it is not clear that the infringement case could be prosecuted in a U.S. court.  As such, it is improper for this Court to definitively opine on the issue of fair use when a court, applying the copyright laws of the country where Darkspilver lives may not find that Darkspilver's use of Watch Tower's works constitutes fair use.  The copyright law in Darkspilver's country may not have a fair use provision at all.

      In the event that this Court is inclined to render an opinion on fair use despite the possible lack of jurisdiction, Watch Tower takes this opportunity to point out why Darkspilver's uses of Watch Tower's works are not fair uses under U.S. law.

      *iii. Purpose and character of the use favors infringement.*

      The first fair use factor evaluates "the purpose and character of the use, including whether

such use is of a commercial nature or is for nonprofit educational purposes."  17 U.S.C. §

107(1).  As the Court stated in *Worldwide Church of God* v. *Philadelphia Church of God, Inc.*,

"in weighing whether the purpose was for 'profit,' monetary gain is not the sole criterion

particularly in a setting where profit is ill-measured in dollars."  227 F.3d 1110, 1117 (9th Cir.

2000)(citations omitted).  The Court further recognized that "like academia, religion is generally

regarded as not dollar dominated."  *Id.* at 1118.  The Court rightfully noted that infringers of a

religious organization's copyrighted works could profit from their use "by attracting through

distribution of [copyrighted materials] new members who tithe ten percent of their income to

[the infringer], and by enabling the [infringer's] ministry's growth."

To illustrate, other infringers of Watch Tower's copyrighted works have been able to

develop a reputation as being a key source of leaked Watch Tower intellectual property.  Once

an infringer has amassed enough of a following, he or she can then create accounts on other

profit-generating social media platforms and direct followers from one social media platform

that does not generate profits, to a profit-generating platform (e.g. YouTube).  An infringer can

then leverage the size of his or her social media audience to qualify for a higher cut of

advertising revenues from social media companies.

Darkspilver self-servingly asserts that he did not profit from his infringing posts on the

Reddit platform.  Yet, having developed the reputation as a "prolific leaker" of Watch Tower

content, there is a real possibility that Darkspilver has amassed a following from which he

profits on other social media platforms.  *See*

https://www.reddit.com/r/exjw/comments/bceo70/what_post_caused_the_corporation_to_subpo

ena/ (last viewed June 11, 2019).    At this preliminary juncture, however, Watch Tower has not

had the opportunity to conduct discovery or present the Court with evidence that Darkspilver is

profiting from infringing Watch Tower's copyrighted works.  And it is entirely premature to be

performing this type of analysis because the type and amount of discovery available will be

contingent upon where personal jurisdiction over Darkspilver can be secured.

"In addressing the first factor, the court [also] asks whether the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character; in other words, whether and to what extent the new work is 'transformative.'" *Disney Enters.* v. *VidAngel, Inc.*, 869 F.3d 848, 861 (9th Cir. 2017).  Judge Kim acknowledged that "Darkspilver did not alter or strongly "transform" the advertisement. He posted it in full with [a] caption."  ORDER, at 15:12-13.

With respect to Darkspilver's motivation for displaying Watch Tower's copyrighted works, Darkspilver admits, "My purpose in posting the Chart was to provide information to people *in the Jehovah's Witness community*" – not to comment on the chart, or criticize Watch Tower.  Darkspilver Decl., 4:14-1.  With respect to the Watchtower article, he states, "I wanted to inform others and spark discussion about the organization's tone, message, and fundraising practices."  Darkspilver Decl., at 4:2-3.   Part of Watch Tower's purpose in creating the article (otherwise referred to as the advertisement), and the chart was to inform people both in and not in the Jehovah's Witness community about: 1) how Watch Tower raises funds, and 2) how the data referenced in the chart is handled.  Watch Tower's purpose in creating the article was also to spark discussion about Watch Tower fundraising.  Indeed, what publisher of a magazine creates an article with the purpose that no one will talk about it?  Clearly, both Watch Tower and Darkspilver shared much of the same purpose in distributing Watch Tower's content.

For Judge Kim, the saving grace of Darkspilver's argument with respect to the first fair use factor was the *post hoc* claim that his purpose in using Watch Tower's content was to "evoke conversation" – not actually comment on either of Watch Tower's works.  Such a stretch of the fair use doctrine to permit wholesale use of untransformed copyrighted works is unprecedented and should not be accepted by this Court.  If such a stretch of the fair use doctrine were permitted, then the fair use exception would essentially swallow copyright law

entirely.  All an infringer would ever have to do is baldly argue that they stole the intellectual property to evoke conversation.

*iv. Nature of the copyrighted work-factor favors infringement.*

The second fair use factor requires an examination of "the nature of the copyrighted work".  17 U.S.C. 107(2).  As noted in *Harper & Row* v. *Nation Enterprises*, "The law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy."  471 U.S. 539 (1985).  Judge Kim summarily categorized Watch Tower's article as "largely informational and functional, directing readers how to make donations online."  Order, at 16:1-2.  However, Watch Tower's article titled, "What Gift Can We Give to Jehovah?" was much more than an information guide on how to make donations.  The article articulated a religious view of the proper application of scripture.  For example, Watch Tower's article cites Proverbs 3:9 ("Honor Jehovah with your valuable things") and notes that the appropriate interpretation of this scripture does not only implicate material assets.  Rather, the article asserts the notion that the "valuable things" referenced in Proverbs 3:9 also refers to one's time, talents, and strength.  *See* What Gift Can We Give to Jehovah?, available at:

https://www.jw.org/finder?wtlocale=E&issue=2018-11&pub=w18&srcid=share (last viewed: June 13, 2019).  This interpretation of scripture is not just informational or functional.  As stated by the Ninth Circuit Court of Appeals in *Worldwide Church of God*, while interpretation of scripture "may be viewed as 'factual' by readers who share [the same] religious beliefs", that interpretation of scripture is precisely the type of creativity the copyright act was intended to protect.  227 F.3d at 1118.  Judge Kim's comment that the article is "largely informational and functional" amounts to an improper evaluation a religious belief.  Order, at 16:1-2.

Judge Kim did not bother to evaluate the fair use argument regarding the chart having previously decided that Watch Tower "fail[ed] to demonstrate a *prima facie* case of copyright infringement with respect to the chart."  Order, at 11:23-24.  Still, Watch Tower here again

asserts that the chart is creative in nature.  There is nothing in the General Data Protection Regulation that dictated the word-choice or format used to make the chart.  The information included in the chart was not pre-existing factual information akin to telephone numbers listed in a phonebook.  *See Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 342 (1991)(finding that for copyright protection to attach to facts, the "originality is not a stringent standard; it does not require that facts be presented in an innovative or surprising way.")  Therefore, consideration of the second fair use factor favors infringement.

> *v. The amount and substantiality of portion used favors infringement.*

The third fair use factor looks to the "the amount and substantiality of the portion used in relation to the copyrighted work as a whole".  17 U.S.C. § 107(3).  As noted by the Ninth Circuit Court of Appeals in *Hustler Magazine, Inc.* v. *Moral Majority, Inc.,* "A creative work does not deserve less copyright protection just because it is part of a composite work."  796 F.2d 1148, 1155 (9th Cir. 1986).  On that basis the Court held, "we view the Defendants as having copied an entire work" where defendant copied 1-page from a 154-page magazine.  *Id.*  This view was also applied in *Religious Tech. Ctr.* v. *Netcom On-Line Commun. Servs*., where the Court stated, "copying an entire article from a journal whose copyright has been registered as a whole still constitutes copying the entire work."  923 F. Supp. 1231, 1247 (N.D. Cal. 1995).

Darkspilver admitted that he "reproduced the Ad and Chart in their entirety".  Darkspilver Decl., at 12:18.  Still, Judge Kim erroneously held, "even though Darkspilver copied the entire advertisement, it was only a small portion of the copyrighted work as a whole . . ."  Given the lack of factual dispute as to the portion of Watch Tower's works Darkspilver posted, it is clear that this factor favors a finding of copyright infringement.

> *vi. The effect of use on a potential market for or value of copyrighted work favors a finding of infringement.*

The fourth fair use factor requires an evaluation of "the effect of the use upon the

potential market for or value of the copyrighted work." 17 U.S.C. § 107(4).  Courts decide

"whether unrestricted and widespread *conduct of the sort engaged by the defendant* . . . would

result in a substantially adverse impact on the potential market for the original." *Disney Enters.*,

869 F.3d at 861  (emphasis added).  If widespread unauthorized reproduction and display of

Watch Tower's works online were permitted, there would be virtually no need to visit Watch

Tower's website – JW.ORG.  Diverting traffic away from Watch Tower's website could result

in a significant decline in readership of Watch Tower's content.  *See Ass'n of Am. Med. Colleges*

*v. Cuomo*, 928 F.2d 519, 526 (2d Cir. 1991)("This case does not present the relatively

straightforward situation in which the potential harm to a copyrighted work flows from direct

competition with the assertedly fair use.  In such circumstances, we have noted our concern that

creation will be discouraged if demand can be undercut by copiers.")

      As Judge Kim correctly noted, "Watch Tower has not yet had a chance to conduct

discovery on its copyright claim or to engage an expert to conduct a market analysis."  Order, at

17:3-5.  Thus, this Court should not "deprive Watch Tower of the opportunity to develop its

claim and supporting evidence before it has even filed suit."  *Id.* at 17:6-7.

      Watch Tower does not carry the burden of proof on a potential fair use defense in a case

to which the U.S. fair use defense may not apply.  Still, Watch Tower, has presented numerous

strong arguments to support its claim that Darkspilver's use of its copyrighted works was indeed

copyright infringement – not fair use.  *See Lenz*, 815 F.3d at 1153.  On this basis, the motion to

quash should be denied.

## III. CONCLUSION

      Darkspilver asks this Court to ignore the fact that Watch Tower fully complied with the

DMCA statute and, as a matter of law, is entitled to compliance with the subpoena.  He also

asks that firmly established federal law in this Circuit be disregarded by holding that Watch

Tower – despite having conducted a fair use analysis – must do more.  Darkspilver argues that

1  Watch Tower must conclusively establish copyright infringement without the benefit of

2  discovery and trial.  Finally, he asks the Court to impermissibly conduct a religious trial, and

3  craft its ruling by adjudicating religious doctrine.  Such an approach would eviscerate the entire

4  purpose of the DMCA statute's subpoena provision.  Watch Tower submits that Darkspilver's

5  requests should be rejected, his motion to quash should be denied, and Reddit, Inc. should be

6  ordered to immediately comply with the subpoena.

7

8  Dated: June 14, 2019

9                                                                      Respectfully submitted,

10  **LAW OFFICE OF ANTHONY V. SMITH**          **WATCH TOWER BIBLE AND**
    204 East Second Avenue, #331                          **TRACT SOCIETY OF**
11  San Mateo, CA 94401-3904                              **PENNSYLVANIA**
    Telephone: 650-548-0100                               **LEGAL DEPARTMENT**
12  California Bar No.: 124840                            100 Watchtower Drive
                                                          Patterson, NY 12563
13  /S/ Anthony V. Smith                                  Telephone: 845-306-1000
    Anthony V. Smith, Esq.                                Facsimile: 845-306-0709
14                                                        Email: inboxLGLipg@jw.org

15

16                                                        /S/ Paul D. Polidoro
                                                          Paul D. Polidoro
17                                                        (admitted *pro hac vice*)

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a notice of the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

**Alexandra Helen Moss**
*Counsel for John Doe (Darkspilver)*
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Fax: (415) 436-9993
Email: alex@eff.org

**Joseph C. Gratz**
*Counsel for Reddit, Inc.*
217 Leidesdorff Street
San Francisco, CA 94111
Tel.: (415) 362-6666
Fax: (415) 236-6300
Email: jgratz@durietangri.com

/s/ Paul D. Polidoro