David Greene (SBN 160107)
davidg@eff.org
Alexandra H. Moss (SBN 302641)
alex@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Fax.: (415) 436-9993

*Counsel for Movant*
*John Doe*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re DMCA Section 512(h) Subpoena to Reddit, Inc.** | Case No.: 3:19-mc-80005 SK<br><br>**ELECTRONIC FRONTIER FOUNDATION'S REPLY IN SUPPORT OF MOTION ON BEHALF OF JOHN DOE FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |

Reply In Support of Motion for De Novo Determination of                                     Case No: 3:19-mc-80005 SK
Dispositive Matter Referred to Magistrate Judge

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. The Federal Rules Require this Court's De Novo Review Before an Appeal to the Ninth Circuit May Be Taken. ........................................................................... 2

        1. Courts Treat Subpoena Enforcement Proceedings like Motions to Dismiss under § 636(b)(1) Because Both Are Case-Dispositive. ................................ 2

        2. The Magistrate Judge Could Not and Did Not Decide Any Issue in a Jury or Nonjury Trial under § 636(c). ..................................................................... 3

    B. The First Amendment Applies Based on the Involvement of U.S. Court Procedures by and against U.S. Companies Affecting U.S. Citizens' Access to Speech on Matters of Public Concern. ........................................................................ 5

        1. The First Amendment Applies in Court Proceedings Involving Foreign Speakers Communicating on U.S. Speech Platforms. .................................. 5

        2. Judge Kim Correctly Concluded the First Amendment Applies Here. ........... 6

    C. Watch Tower Ignored Doe's Specific Objection to Disclosure to In-House Counsel and Evidence of Harm. ................................................................................. 7

        1. Watch Tower Failed to Respond to Doe's Specific Objection to the Disclosure of Doe's Identifying Information to Watch Tower's In-House Counsel. ......................................................................................................... 7

        2. Doe Provided Ample Evidence of Irreparable Harm Due to Disparagement, Retaliation, and Chilling Effects on Speech. ............................................... 7

            a. Declarations from Doe Qualifies as Evidence as in *Art of Living* and *Signature Management*. ................................................................ 8

            b. Watch Tower's Insinuations about Doe's Reputation as a "Leaker" Only Confirm the Impropriety of its Subpoena. ............................................. 9

    D. Watch Tower's Objections Are Untimely and Improper under the Federal Rules of Civil Procedure and this District's Civil Local Rules. ............................................. 10

    E. Watch Tower's Untimely Objections Have No Merit. ............................................ 11

        1. Watch Tower Failed to Establish Any Likelihood of Cognizable Harm to Watch Tower or Copyright Infringement by Doe. ....................................... 11

            a. Watch Tower Failed to Show Any Harm if Denied Doe's Name. ........ 11

            b. Doe's Use of the Ad Was Fair and Authorized by Law. ....................... 13

            c. Watch Tower's Chart Is Not Copyrighted or Copyrightable. ................. 13

III. CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

*Cases*

*Anderson v. Woodcreek Venture Ltd.*,
    351 F.3d 911 (9th Cir. 2003) .................................................................................... 4

*Art of Living Found. v. Does 1-10*,
    No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ..................... 8

*Bursey v. United States*,
    466 F.2d 1059 (9th Cir. 1972) .................................................................................. 6

*Choyce v. SF Bay Area Indep. Media Ctr.*,
    No. 13-CV-01842-JST, 2013 WL 6234628 (N.D. Cal. Dec. 2, 2013) ..................... 13

*Disney Enterprises, Inc. v. VidAngel, Inc.*,
    869 F.3d 848 (9th Cir. 2017) .................................................................................. 11

*Doe v. Does*,
    No. 4:15MC05-RH/CAS, 2015 WL 7068175 (N.D. Fla. Nov. 6, 2015) .................. 3

*Doe v. Does*,
    No. 4:15MC5-RH/CAS, 2015 WL 7015322 (N.D. Fla. Nov. 11, 2015) .................. 3

*Florence v. Stanback*,
    607 F. Supp. 2d 1119 (C.D. Cal. 2009) .............................................................. 2, 10

*Gress v. Smith*,
    No. 213CV00328TLNKJN, 2017 WL 2833390 (E.D. Cal. June 30, 2017) ............. 2

*Highfields Capital Mgmt., L.P. v. Doe*,
    385 F. Supp. 2d 969 (N.D. Cal. 2005) ............................................................... 1, 12

*In re Subpoena issued to Birch Commc'ns, Inc.*,
    No. 1:14-CV-3904-WSD, 2015 WL 2091735 (N.D. Ga. May 5, 2015) .................. 3

*Kechara House Buddhist Ass'n Malaysia v. Does*,
    No. 15-CV-00332-DMR, 2015 WL 5538999 (N.D. Cal. Sept. 18, 2015) .............. 12

*Knight First Amendment Inst. at Columbia Univ. v. Trump*,
    302 F. Supp. 3d 541 (S.D.N.Y. 2018) ...................................................................... 6

*Martinez v. Ylst,*
    951 F.2d 1153 (9th Cir. 1991) ................................................................................ 10

*Mireskandari v. Daily Mail & General Trust PLC*,
    No. CV-12-02943 MMM (SSx), 2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) ...... 5

*N.L.R.B. v. Frazier*,
    966 F.2d 812 (3d Cir. 1992) ..................................................................................... 3

*Quantity of Copies of Books v. State of Kansas,*
  378 U.S. 205 (1964) .................................................................................................. 6

*Rodriguez v. Unknown-Named Disciplinary Hearings Agent,*
  No. 2:09-CV-02195 FCD KJN PS, 2010 WL 3125953 (E.D. Cal. Aug. 6, 2010) ................... 10

*Roell v. Withrow,*
  538 U.S. 580 (2003) ............................................................................................. 3, 4

*Signature Management Team, LLC v. Automattic, Inc.,*
  941 F. Supp. 2d 1145 (N.D. Cal. 2013) ...................................................................... 8

*Smythe v. Does,*
  No. 15-MC-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) ......................................... 12

*Times Newspapers Ltd. v. McDonnell Douglas Corp.,*
  387 F. Supp. 189 (C.D. Cal. 1974) ............................................................................. 5

*Turner v. Duncan,*
  158 F.3d 449 (9th Cir. 1998) ................................................................................... 10

*United States v. 18 Packages of Magazines,*
  238 F. Supp. 846 (N.D. Cal. 1964) ............................................................................. 6

*United States v. James,*
  663 F. Supp. 2d 1018 (W.D. Wash. 2009) ................................................................... 5

*USA Techs., Inc. v. Doe,*
  713 F. Supp. 2d 901 (N.D. Cal. 2010) ....................................................................... 12

*Yeldon v. Fisher,*
  710 F.3d 452 (2d Cir. 2013) ..................................................................................... 4

**Statutes**

28 U.S.C. § 636 ............................................................................................................. 2, 3, 10

Fed. R. Civ. P. 72(b) ..................................................................................................... 10

**Other Authorities**

Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential
  Information and/or Trade Secrets (N.D. Cal.) §§ 7.3 ............................................. 1, 7

**Rules**

Civil Local Rule 7-2 ........................................................................................................ 7

Civil Local Rule 72-3 .................................................................................................. 7, 11

Civil Local Rule 73-1 ..................................................................................................... 4

## I. INTRODUCTION

Watch Tower's references to Doe's reputation as a "leaker" confirm that its interest in uncovering Doe's identity has nothing to do with enforcing its copyright. The only copyrighted or copyrightable material at issue in this case is the back page of Watch Tower's monthly magazine, which it makes widely available for free online and in print. Watch Tower cannot seriously believe this image was "leaked." If Watch Tower wishes to learn Doe's name because of its concerns about leaking, it may have viable legal options for doing so, but the Digital Millennium Copyright Act ("DMCA") is not one.

Watch Tower fails to address many of the points raised in Doe's Motion for De Novo Determination (Dkt. 20) ("Motion"), instead raising a host of its own untimely and improper objections. Watch Tower particularly does not address the objection to disclosure to in-house counsel, *see* Mot. at 2:3-5, giving no reason why this case should be treated differently from other intellectual property cases in this District, where the Model Protective Order prohibits such disclosure.

Although Watch Tower's late and vague objections should be disregarded, they are also meritless. Judge Kim correctly concluded that Doe's motion to quash is timely, the First Amendment applies to Watch Tower's attempt to force a U.S. company to disclose a user's identity by invoking a U.S. court and law, Watch Tower's unregistered chart of legal compliance information is irrelevant, forced disclosure would harm Doe, and all four factors show Doe's use was fair.

However emphatic, the assertions of Watch Tower's counsel are not enough to satisfy the test for unmasking anonymous speech on matters of public concern under *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005). Holding otherwise will irreparably harm Doe, and the precedent it sets will irreparably harm the public as a whole by deterring others from speaking openly about Watch Tower's publications, thus depriving the public of

valuable information and views. The vast majority of Internet users will not be able to retain pro bono counsel or afford private counsel to defend themselves against DMCA subpoenas such as this. Judge Kim erred in failing to consider the chilling effects on speakers other than Doe when considering the consequences of compelling Reddit to reveal their identity to Watch Tower's in-house counsel under these circumstances.

If allegations as baseless and implausible as Watch Tower's can pierce an online speaker's anonymity despite overwhelming evidence of fair use, it will become even more difficult and more costly for people to preserve their anonymity when they speak out about powerful organizations with the means to obtain and enforce subpoenas such as this.

## II.  ARGUMENT

### A.  The Federal Rules Require this Court's De Novo Review Before an Appeal to the Ninth Circuit May Be Taken.

#### 1.  Courts Treat Subpoena Enforcement Proceedings like Motions to Dismiss under § 636(b)(1) Because Both Are Case-Dispositive.

Judge Kim's decision requires de novo review by this Court pursuant to 28 U.S.C. § 636(b)(1) because it disposes of the sole issue in the case and terminates the action. Watch Tower concedes that Judge Kim's order was dispositive. *See* Watch Tower's Opp. to Doe's Mot. De Novo Determination (Dkt. 21) ("Opp.") at 7-8.[1]

---

[1] In determining which provision governs review of a magistrate judge's order, "[t]he Ninth Circuit employs a 'functional approach' to determine what additional matters not listed in § 636(b)(1)(A) are also excepted from the magistrate judge's authority." *Gress v. Smith*, No. 213CV00328TLNKJN, 2017 WL 2833390, at *2 (E.D. Cal. June 30, 2017) (citations omitted). The functional approach requires "'look[ing] to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party.'" *Id*. How a magistrate's decision is styled is irrelevant. This Court decides what a magistrate judge has the legal authority to issue. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009) (holding that "the Court has the authority to ignore the form of the decision [styled as an order] and treat it as a Report and Recommendation"); *see also id.* at 1122-23 ("Given that the Court has the authority and obligation to apply the appropriate standard of review to whatever decision is issued by the Magistrate Judge, . . . the use of Magistrate Judges would become counterproductive if it required the Magistrate Judge, in every instance, to put form over substance and issue a document captioned in a particular manner . . . .").

Because they are dispositive, both DMCA subpoenas and non-DMCA subpoenas are subject to § 636(b)(1) review by the District Court. *See In re Subpoena issued to Birch Commc'ns, Inc.*, No. 1:14-CV-3904-WSD, 2015 WL 2091735, at *2 (N.D. Ga. May 5, 2015); *Doe v. Does*, No. 4:15MC05-RH/CAS, 2015 WL 7068175, at *1 (N.D. Fla. Nov. 6, 2015), *report and recommendation adopted*, No. 4:15MC5-RH/CAS, 2015 WL 7015322 (N.D. Fla. Nov. 11, 2015)) (DMCA subpoenas); and *N.L.R.B. v. Frazier*, 966 F.2d 812, 817–18 (3d Cir. 1992) (non-DMCA subpoena).

### 2. The Magistrate Judge Could Not and Did Not Decide Any Issue in a Jury or Nonjury Trial under § 636(c).

Watch Tower nevertheless contends that the direct appeal procedures of § 636(c) apply instead; this contention must be rejected.

Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636.

On its face, that provision does not apply here, where was no jury or nonjury trial, *see* Watch Tower Opp. at 7:27 ("in the present case, there was no trial"), and no issue that could be tried. If a single motion hearing could qualify as an entire course of proceedings, § 636(c)'s application would be virtually limitless. No authority supports that approach.

Section 636(c) also does not apply because the requisite consent is absent. Watch Tower relies heavily on *Roell v. Withrow*, 538 U.S. 580 (2003), but the Ninth Circuit has interpreted *Roell* far differently than Watch Tower, "explaining that the decision "does little (at least in a case such as this) to diminish our precedent's stringent requirement that litigants clearly indicate their consent and that such consent be voluntary." *Anderson v. Woodcreek Venture Ltd.*, 351

F.3d 911, 915 (9th Cir. 2003). "In *Roell,* the parties 'clearly implied their consent' when they 'voluntarily participated in the entire course of proceedings before the Magistrate Judge[ ] and voiced no objection when, at several points, the Magistrate Judge made it clear that she believed they had consented." *Id.* at 918-19.[2]

Here, in contrast to *Roell*, Doe did not clearly consent to the Magistrate Judge's jurisdiction for all purposes. In *Roell*, the respondents received notice and an opportunity to object to the magistrate's jurisdiction before the judge proceeded to adjudicate the merits of their claims at trial. *See Roell*, 538 U.S. at 583-84. The issue was whether their silence could imply consent where they had received notice and an opportunity to object before the trial, and failed to object then or at any time before the trial ended. Under those circumstances, the Supreme Court held that consent could be implied. The Court hardly endorsed an expansive view of implied consent. It merely rejected the Fifth Circuit's blanket rule against implied consent, concluding that "the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Id.* at 590.

Nor do the Local Rules require written consent or declination for magistrates to conduct proceedings such as this. On their face, the Local Rules condition the requirement of written consent or declination on the date the initial case management statement is due—a non-existent date in this case, which is a subpoena enforcement proceeding, not a civil action requiring discovery and trial. *See* Civ. L. R. 73-1 (requiring written consent or a reassignment "by the deadline for filing the initial case management conference statement"). The same is true for Judge Kim's standing order, which cites the same inapplicable rule conditioning compliance on

---

[2] The Second Circuit has similarly distinguished the facts of *Roell*, emphasizing the fact that the defendants there "merely failed to turn in their consent form before participating in a jury trial presided over by a magistrate judge." *Yeldon v. Fisher*, 710 F.3d 452, 453 (2d Cir. 2013).

the occurrence of events that cannot occur in this type of proceeding. Watch Tower cannot rely on those provisions to avoid this Court's review.

### B. The First Amendment Applies Based on the Involvement of U.S. Court Procedures by and against U.S. Companies Affecting U.S. Citizens' Access to Speech on Matters of Public Concern.

#### 1. The First Amendment Applies in Court Proceedings Involving Foreign Speakers Communicating on U.S. Speech Platforms.

Courts routinely apply the First Amendment to foreign speakers in court proceedings affecting speech available to U.S. and international audiences. *See* Mot. Quash Subpoena to Reddit, Inc. (Dkt. 8) at 16:25-17:9 (citing *Mireskandari v. Daily Mail & General Trust PLC*, No. CV-12-02943 MMM (SSx), 2013 WL 12114762, at *6 (C.D. Cal. Oct. 8, 2013) (holding that allegedly defamatory statements published abroad were subject to First Amendment protections); *Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 241 (D.D.C. 2013) (reporter's privilege applied to subpoena for documents related to a documentary produced in the United Kingdom); *Times Newspapers Ltd. v. McDonnell Douglas Corp.*, 387 F. Supp. 189, 192 (C.D. Cal. 1974) (holding that a British newspaper was entitled to invoke First Amendment to seek access to deposition transcripts); *United States v. James*, 663 F. Supp. 2d 1018, 1020 (W.D. Wash. 2009) (holding that a foreign media organization had a right of access to court documents under the First Amendment)).

Applying the First Amendment to foreign speakers is necessary because the First Amendment not only protects the right to speak, but also the right to access the speech of others. As the Ninth Circuit has explained:

> The First Amendment interests in this case are not confined to the personal rights of [the journalists]. Although their rights do not rest lightly in the balance, far weightier than they are the public interests in First Amendment freedoms that stand or fall with the rights that these witnesses advance for themselves. Freedom of the press was not guaranteed solely to shield persons engaged in newspaper work from unwarranted governmental harassment. The larger purpose was to protect public access to information.

*Bursey v. United States*, 466 F.2d 1059, 1083-84 (9th Cir. 1972). Given the goal of protecting public access to speech, "the rights of readers are not to be curtailed because of the geographical origin of printed materials." *United States v. 18 Packages of Magazines,* 238 F. Supp. 846, 847-48 (N.D. Cal. 1964); *see also Quantity of Copies of Books v. State of Kansas,* 378 U.S. 205, 213 (1964) (recognizing "the right of the public in a free society to unobstructed circulation of nonobscene books"); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 564 (S.D.N.Y. 2018) (finding non-profit organization had standing to challenge the President's blocking of users on Twitter because it sought to read blocked users' replies to the President's Tweets).

The First Amendment's protections for U.S. audiences would become practically meaningless if the foreign origin of a publication were enough to permit the government to restrict access to its contents. At the very least, foreign speakers must be able to invoke the First Amendment to protect privileged information (such as an anonymous speaker's true identity) sought in U.S. court proceedings initiated by U.S. entities for the sole purpose of violating that privilege.

### 2. Judge Kim Correctly Concluded the First Amendment Applies Here.

Judge Kim found that "[t]he subpoena here was issued by a Court in the United States, on behalf of a United States company (Watch Tower) and was directed against another United States company (Reddit)," Order Regarding Mot. Quash Subpoena (Dkt. 18) ("Order") at 6:21-22; a substantial number of U.S. residents subscribe to the ex-jw subreddit receiving Doe's posts, id. at 7:15-16; and Reddit, the U.S. company whose compliance Watch Tower is trying to compel, has joined Doe's motion, *id.* at 1:24-25. Judge Kim thus concluded that, "[b]ased on the involvement of the United States Court's procedures by and against United States companies and the audience of United States residents, as well as the broad nature of the First Amendment's

protections, . . . the First Amendment is applicable here." *Id.* at 7:17-19. That conclusion is correct, and consistent with the authority above.[3]

### C. Watch Tower Ignored Doe's Specific Objection to Disclosure to In-House Counsel and Evidence of Harm.

#### 1. Watch Tower Failed to Respond to Doe's Specific Objection to the Disclosure of Doe's Identifying Information to Watch Tower's In-House Counsel.

Civil Local Rule 72-3(a) requires that a "motion must be made pursuant to Civil L.R. 7-2 and must specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." Civ. L.R. 72-3(a). Doe complied with that rule, identifying its specific objection to the decision to order disclosure to Watch Tower's counsel in this case, who is also in-house counsel for Watch Tower. *See* Mot. at 8:14-22.

Watch Tower, however, failed to address or respond to Doe's objection to disclosure to Watch Tower's in-house counsel. Watch Tower apparently does not dispute Doe's position that confidential information, such as Doe's name, should receive the same protections found in this District's Model Protective Order for Intellectual Property Cases. *See* Mot. at 8:24-9:3 (citing Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (N.D. Cal.) §§ 7.3; 2.12). Given Watch Tower's insistence that it desires to pursue a legitimate copyright claim, it should be required to comply with this District's standard rules in such cases.

//

//

//

---

[3] Justice Thomas's concurrence in *Trump v. Hawaii,* 138 S. Ct. 2392, 2418 (2018), is inapposite. *See* Opp. at 10:15-21. The Establishment Clause, unlike the speech clause, does not implicate the rights of the readers to receive information.

### 2. Doe Provided Ample Evidence of Irreparable Harm Due to Disparagement, Retaliation, and Chilling Effects on Speech.

#### a. Declarations from Doe Qualifies as Evidence as in *Art of Living* and *Signature Management*.

Watch Tower contends that Doe has not proven disclosure will harm them because Doe has not provided evidence they are a Jehovah's Witness, have friends and family members who are Jehovah's Witnesses, and have seen firsthand people who openly question or disagree with Watch Tower's practices and publications suffer social disparagement and retaliation in their community. Opp. at 13:11-22.

But Doe has provided a declaration attesting to those facts and articles substantiating their experiences and observations. Declarations of this type were sufficient to prove harm in both *Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) and *Signature Management Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145 (N.D. Cal. 2013). *See* Opp. at 13:27-14:18 (referencing the *Art of Living* movant's "declaration expressing concern" and the *Signature* movant's asserted "concern that he will be harassed and retaliated against").

That Doe has not identified another target of Watch Tower's subpoenas who has been formally disfellowshipped is irrelevant. Doe's concerns include social disparagement and ostracization, not just the ultimate act of disfellowshipping. *See* Decl. of John Doe (Darkspilver) in Supp. Mot. Quash Subpoena to Reddit, Inc. (Dkt. 8-1) at 2:13-22. The articles submitted by Doe confirm that those who openly question and doubt official practices and teachings suffer such disparagement and retaliation. Watch Tower does not argue that conduct of the type it believes Doe has engaged in would spare Doe exposure to these well-reported harms.

Somewhat confusingly, Watch Tower asserts that disfellowshipping is not a harm and that it cannot disfellowship Doe. *See* Opp. at 14:10-15. But Doe can reasonably rely on the part of Watch Tower's website which states: "If, however, a baptized Witness makes a practice of

breaking the Bible's moral code and does not repent, he or she will be shunned or disfellowshipped." *See* https://www.jw.org/en/jehovahs-witnesses/faq/shunning/ (last visited June 20, 2019). Regardless, Watch Tower does not dispute its ability to communicate with and/or control those with the ability to disfellowship Doe or initiate proceedings that might lead to that end. Whether Watch Tower views disfellowshipping as harmful is irrelevant; what matters is that Doe (like many others) does.

### b. Watch Tower's Insinuations about Doe's Reputation as a "Leaker" Only Confirm the Impropriety of its Subpoena.

Watch Tower's insinuations substantiate Doe's belief that disclosing their identity to Watch Tower will lead to disparagement and retaliation apart from the ultimate act of disfellowshipping. For example, Watch Tower invokes examples of "other infringers" reputed to be "key source[s] of leaked" information, Opp. at 19:11-13, and points to Doe's supposed reputation as a "prolific leaker" of Jehovah's Witness information. *Id.* at 19:21.

But "leaking" and "theft" of confidential information have nothing to do with copyright infringement. This Court has expressly forbidden Watch Tower from using any information obtained in this proceeding to determine how Doe obtained any supposedly confidential information in the Chart. As Judge Kim made clear: "Watch Tower claimed at the hearing that it plans to disclose Darkspilver's identity to its forensic experts so that Watch Tower can determine how Darkspilver obtained confidential information in the chart and prevent further disclosure of that confidential information. ***This purpose is not related at all to a copyright issue, and for that reason, the Court rejects that form of disclosure.***" Order at 17 n.3 (emphasis added).

That Watch Tower continues to reference its use of information about infringers in connection with alleged sources of "leaked" information strongly indicates, to Doe's great concern, that Watch Tower seeks Doe's name for reasons unrelated to copyright enforcement.

### D. Watch Tower's Objections Are Untimely and Improper under the Federal Rules of Civil Procedure and this District's Civil Local Rules.

"[I]f any party believes that a Magistrate Judge has issued an order that disposes of a claim or defense, *i.e.,* a dispositive order, the proper approach is to file a timely motion for review and/or objections which addresses the proper standard of review to be applied to the Magistrate Judge's decision as well as the merits of the challenge." *Florence*, 607 F. Supp. 2d at 1122-23 (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)). Watch Tower, however, did not file *any* motion challenging the Magistrate Judge's decision before filing its Opposition.

To the extent Watch Tower raised new objections in its Opposition to Doe's timely motion, those objections are untimely. To be timely, objections must be filed within fourteen days of the Magistrate Judge's order. *See* 28 U.S.C.A. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Watch Tower waited until another fourteen days after the deadline for objections had passed to raise any grounds of disagreement with Judge Kim.

The general rule is that "[a] litigant may not sleep on his rights and decide, well after the deadline to challenge the order in any way, to raise a belated challenge to a court order." *Rodriguez v. Unknown-Named Disciplinary Hearings Agent*, No. 2:09-CV-02195 FCD KJN PS, 2010 WL 3125953, at *4 (E.D. Cal. Aug. 6, 2010) (citing *Florence,* 607 F. Supp. 2d at 1121). By failing to object on a timely basis, Watch Tower waived its right to object to the magistrate's findings of fact and contributed to a finding of waiver of the magistrate's legal conclusions as well. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998), *as amended on denial of reh'g* (Nov. 24, 1998) ("Failure to object to a magistrate judge's recommendation waives all objections to the magistrate judge's findings of fact," and "a failure to object to [a purely legal] conclusion 'is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal.'" *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991) (citations omitted).

Watch Tower's failure to raise or notify Doe in any way of its objections until after the deadline set forth in the Federal Rules expired should thus preclude their consideration in connection with Doe's timely objections. This error is not harmless; Doe, unlike Watch Tower, will not have a full and fair opportunity to oppose its adversary's contentions with the full fourteen-day time period and twenty-five page limit for research and drafting. Given the pro bono nature of Doe's legal representation in this matter, Watch Tower's gamesmanship is particularly prejudicial and should be strongly discouraged in this and future cases.

Timing aside, Watch Tower also failed to comply with this District's Local Rules. The Rules require parties to "specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." Civ. L.R. 72-3(a). Watch Tower failed to indicate which of the magistrate's findings it specifically contests. As set forth below, this leads to much confusion.

Watch Tower's untimely and improper objections should be disqualified from this Court's consideration altogether.

### E.     Watch Tower's Untimely Objections Have No Merit.

#### 1. Watch Tower Failed to Establish Any Likelihood of Cognizable Harm to Watch Tower or Copyright Infringement by Doe.

##### a.    Watch Tower Failed to Show Any Harm if Denied Doe's Name.

Even were this Court to consider them, it should reject Watch Tower's objections.

Watch Tower does not dispute Judge Kim's finding that "Watch Tower has not demonstrated any actual harm or likelihood of future harm." Order at 16:28. Instead, it contends that it does not need to show such harm or likelihood hereof because courts permit parties to rely on speculation about the possibility of future events. *See* Opp. at 23:1-3 (citing *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 861 (9th Cir. 2017)).

But *Disney Enterprises* is a far different case, and the presumption of harm employed there is wholly inappropriate here. The defendant's conduct in *Disney Enterprises* was not a single posting of a screenshot of a free magazine's back page; it was a commercial screening service that offered "more than 2500 movies and television episodes to its consumers," using digital decryption, reproduction, and streaming technology. *Id.* at 853. Moreover, "[b]ecause the district court concluded that VidAngel's use was commercial and not transformative," it "presume[d] likely market harm," and did not require evidence to prove it. *Id.* at 861. Doe's conduct, in contrast, does not justify Watch Tower's reliance on speculative assertions about harm it has repeatedly failed to substantiate.

Watch Tower asserts that diversion of website traffic away from the jw.org website could constitute market harm, *see* Opp. at 23:7-8, but does not attempt to explain why it needs Doe's name to determine anything about traffic to Watch Tower's own website. As Doe's motion argues, *see* Mot. at 11:20, information about visitors to Watch Tower's website is already in Watch Tower's possession, not Reddit's or Doe's.

Moreover, Watch Tower bears the burden of showing, with actual evidence, that the balance of harms under *Highfields* justifies forcing Reddit to disclose Doe's name. To meet that burden, "[i]t is not enough for a plaintiff simply to plead and pray. Allegation and speculation are insufficient." *Kechara House Buddhist Ass'n Malaysia v. Does*, No. 15-CV-00332-DMR, 2015 WL 5538999, at *4 (N.D. Cal. Sept. 18, 2015) (quoting *Highfields*, 385 F. Supp. at 975); *Smythe v. Does*, No. 15-MC-80292-LB, 2016 WL 54125, at *3 (N.D. Cal. Jan. 5, 2016) (quoting same); *see also USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 909 n.4 (N.D. Cal. 2010) (quashing subpoena without balancing harms because plaintiff "failed to plead or submit competent evidence to support a prima facie case against defendant"). Watch Tower cannot carry that burden with speculation.

### b. Doe's Use of the Ad Was Fair and Authorized by Law.

In disputing Judge Kim's finding of fair use, Watch Tower ignores Doe's comment on the Ad even though it was in the title of Doe's post. Doe's comment was a rhetorical question ("GUESS WHAT?") in response to the question the Ad posed ("What Gift Should You Give Jehovah?"). *See* Order at 15:13-14. It is hard to imagine a more direct comment than that. The comment supports the finding that the whole post was in fact commentary.

The argument that Watch Tower needs discovery to determine if Doe's posting generated a profit is implausible. Doe posted a screenshot of the back page of Watch Tower's magazine on Reddit. Reddit does not charge people to view posts such as Doe's and nothing in Doe's post provided any information that would allow them to pay Doe. The only entity that could have earned money from Doe's post is Watch Tower as Doe's post included text in the Ad directing people to www.jw.org and telling them how to donate to the organization online. Doe's use of the Ad could not possibly have profited Doe.

### c. Watch Tower's Chart Is Not Copyrighted or Copyrightable.

Watch Tower does not object to Judge Kim's conclusion that it failed to present a *prima facie* case of copyright infringement with respect to the chart, though it criticizes that finding. *See* Opp. at 21:26-22:1 (citing Order at 11:23-24). To the extent such criticism forms an objection, it should be rejected because nothing in Watch Tower's Opposition casts any doubt on Judge Kim's conclusion. Critically, Watch Tower did not present *any* evidence to support its claim of ownership: no registration certificate or other evidence (such as a declaration from whoever made the chart) supporting its assertions of originality and creativity. Thus, "[i]n the absence of any supporting evidence," the Court found no basis for copyright ownership. Order at 11:21-23. Judge Kim is correct: Watch Tower's assertions alone cannot support a cognizable claim. *See Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-JST, 2013 WL 6234628, at *3 (N.D. Cal. Dec. 2, 2013) (dismissing complaint where "it is undisputed that

Plaintiff did not possess a registered copyright—and had not even applied for a copyright registration—within three months after the time of alleged infringement").

### III. CONCLUSION

For the foregoing reasons and those raised in Doe's Motion for De Novo Redetermination and Doe's Motion to Quash, Doe respectfully requests that the Court quash Watch Tower's subpoena to Reddit in full.

Dated: June 21, 2019                    Respectfully submitted,

                                        By:     *Alexandra H. Moss*
                                                Alexandra H. Moss

                                                Alexandra H. Moss (SBN 302641)
                                                alex@eff.org
                                                David Greene (SBN 160107)
                                                davidg@eff.org
                                                ELECTRONIC FRONTIER
                                                FOUNDATION
                                                815 Eddy Street
                                                San Francisco, CA  94109
                                                Tel.:  (415) 436-9333
                                                Fax.: (415) 436-9993

                                                *Counsel for Movant John Doe*